**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

CAROLINE CLARK,

§
§

Plaintiff,

§
§
§

V..

§

C.A. NO. A-12-CV-007-SS

§
§

AUSTIN MONTESSORI SCHOOL, INC.,

§
§

Defendant.

§

## DEFENDANT'S DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS, AND PROPOSED EXHIBITS

**To:**    CAROLINE CLARK, PLAINTIFF
By and through her attorneys of record,
Russell Scott Cook
Melissa Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701

Defendant, Austin Montessori School, Inc., hereby submits its Designation of Potential

Witnesses, Testifying Experts, and Proposed Exhibits.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
210/293-8700
210/293-8733 (Fax Number)

By:   /s/ *Stephanie O'Rourke*
STEPHANIE O'ROURKE
State Bar No. 15310800

ATTORNEYS FOR DEFENDANT, AUSTIN MONTESSORI
SCHOOL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT'S DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS, AND PROPOSED EXHIBITS has been electronically filed and served via facsimile on this the 2nd day of May, 2012, to:

**ATTORNEYS FOR PLAINTIFF**
Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701

_/s/ Stephanie O'Rourke_
STEPHANIE O'ROURKE

Defendant's Designation of Witnesses, Experts & Proposed Exhibits
G:\WPDOCS\4087002\Austin Montessori - Clark\Pleadings\Federal Court\Defendant's Designation of Witnesses, Experts & Proposed Exhibits.wpd

2

## DEFENDANT'S DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS, AND PROPOSED EXHIBITS

### POTENTIAL WITNESSES

Defendant, Austin Montessori School, Inc. may call any or all of the following individuals to testify at trial:

1.    Austin Montessori School, Inc.
      And/or Its Representatives
      c/o Stephanie O'Rourke
      Cokinos, Bosien & Young
      10999 IH-10 West, Suite 800
      San Antonio, Texas 78230
      (210) 293-8700
      *Defendant.*

2.    Joseph Aken, Guide
      Kadie Beasley, Guide
      Lucinda Castillo, Shuttle Bus Driver
      Lori Friedman, Communications/Development
      Donald C. Goertz, Executive Director
      Donna Bryant Goertz, Founder
      Dawn Glasgow, Administrative Executive
      Leslie Grove, Counselor
      Charlotte Kroger, Children's House Mentor
      Amber Miller, Director of Admissions
      Lois O'Brien, Office Manager
      Patricia Oriti, Consultant
      Jerry Pippins, Construction/Maintenance
      Margarita Ruiz, Guide
      Elizabeth Suggs, Campus Coordinator
      Austin Montessori School, Inc.
      c/o Stephanie O'Rourke
      Cokinos, Bosien & Young
      10999 IH-10 West, Suite 800
      San Antonio, Texas 78230
      (210) 293-8700
      *Employees of Defendant, Austin Montessori School, Inc.*

3.      Caroline Clark
        c/o Russell Scott Cook
        Melissa A. Jacobs
        919 Congress Avenue, Suite 1145
        Austin, Texas 78701
        (512) 482-9556
        *Plaintiff.*

4.      Janna Banks
        Address and telephone number unknown
        *Former employee of Defendant, Austin Montessori School, Inc.*

5.      Tiffany Goodman Bilbe
        1401 Newning
        Austin, Texas 78704
        Telephone number unknown
        *Former employee of Defendant, Austin Montessori School, Inc.*

6.      Adam Clark
        11835 Leisure Drive
        Dallas, Texas 75243
        Telephone number unknown
        *Plaintiff's spouse.*

7.      Angela Eagle
        Address and telephone number unknown
        *Former employee of Defendant, Austin Montessori School, Inc.*

8.      Debbie Ebner
        4212 Wyldwood Rd.
        Austin, Texas 78739
        (512) 906-4754
        *Parent of student at Austin Montessori School, Inc.*

9.      Janice Kearly
        Address and telephone number unknown
        *Former employee of Defendant, Austin Montessori School, Inc.*

10.     Sue Kolbly
        Address and telephone number unknown
        *Parent of students at Austin Montessori School, Inc.*

Defendant's Designation of Witnesses, Experts & Proposed Exhibits
G:\WPDOCS\4087002\Austin Montessori - Clark\Pleadings\Federal Court\Defendant's Designation of Witnesses, Experts &
Proposed Exhibits.wpd

4

11.     Rachel Mast
        707 Windsong Trail
        Austin, Texas 78746
        (512) 571-5126
        *Parent of student at Austin Montessori School, Inc.*

12.     Sean Mast
        707 Windsong Trail
        Austin, Texas 78746
        (512) 571-5126
        *Parent of student at Austin Montessori School, Inc.*

13.     Maria Quiroga
        School Director
        East Dallas Community Schools
        And/or their Custodian of Records
        924 Wayne Street
        Dallas, Texas 75223-1675
        (214) 824-8950
        *Plaintiff's former and current employer.*

14.     Donna Romine
        Address and telephone number unknown
        *Former employee of Defendant, Austin Montessori School, Inc.*

15.     Sheilah Murphy
        4301 Sinclair
        Austin, Texas 78756
        (512) 302-4660
        *Former employee of Defendant, Austin Montessori School, Inc.*

16.     Calvin Carter
        6302 Waynesburgh Cove
        Austin, Texas 78723
        (512) 928-4032
        *Former employee of Defendant, Austin Montessori School, Inc.*

17.     Elizabeth Soto
        Address and telephone number unknown
        *Former employee of Defendant, Austin Montessori School, Inc.*

Defendant's Designation of Witnesses, Experts & Proposed Exhibits
G:\WPDOCS\4087002\Austin Montessori - Clark\Pleadings\Federal Court\Defendant's Designation of Witnesses, Experts &
Proposed Exhibits.wpd
5

18.    Jose Colon-Franqui, Supervisor
       Rebecca Davies, Investigator Support Assistant
       Pedro Esquivel, Director
       Robert Gomez
       Travis Hicks, Enforcement Manager
       Katherine S. Perez, ADR Coordinator
       Sheila Ward-Reyes, Investigator
       U.S. Equal Employment Opportunity Commission
       San Antonio Field Office
       And/or their Custodian of Records
       5410 Fredericksburg Road, Suite 200
       San Antonio, Texas 78229-3555
       (210) 281-7641
       *Employees and Entity that Investigated Plaintiff's EEOC Charge.*

19.    Texas Workforce Commission
       Civil Rights Division
       And/or its Custodian of Records
       101 East 15th Street
       Austin, Texas 78778
       (512) 463-2642
       *Entity that Investigated Plaintiff's EEOC Charge.*

## TESTIFYING EXPERTS

Defendant, Austin Montessori School, Inc., designates the following individuals as Testifying Experts to testify at trial:

1.    Stephanie O'Rourke
      Cokinos, Bosien & Young
      10999 West IH-10, Suite 800
      San Antonio, Texas 78230-1349
      (210) 293-8700

Ms. O'Rourke is a principal in the law firm of Cokinos, Bosien & Young, counsel of record for Defendant, Austin Montessori School, Inc., and will offer opinions as to the reasonableness and/or necessity of the attorneys' fees and/or litigation costs incurred by Austin Montessori School, Inc. in connection with this action. In addition, Ms. O'Rourke will testify as to whether the attorneys' fees of counsel for Plaintiff, Caroline Clark, are reasonable and/or necessary. Upon receipt of Plaintiff's attorneys' fees, Ms. O'Rourke will supplement her opinion as to the work performed and whether the fees meet the requirements set forth in the Fifth Circuit's opinion. Premised upon the facts known to date, $400.00 is not a reasonable fee in this matter. Further,

Plaintiff has failed to meet the lodestar requirements.

2.    Jose Colon-Franqui, Supervisor
      Rebecca Davies, Investigator Support Assistant
      Pedro Esquivel, Director
      Robert Gomez
      Travis Hicks, Enforcement Manager
      Katherine S. Perez, ADR Coordinator
      Sheila Ward-Reyes, Investigator
      U.S. Equal Employment Opportunity Commission
      San Antonio Field Office
      And/or their Custodian of Records
      5410 Fredericksburg Road, Suite 200
      San Antonio, Texas 78229-3555
      (210) 281-7641

These individuals will testify that the U.S. Equal Employment Opportunity Commission ("EEOC") was unable to conclude that violations of the statutes occurred. A copy of their Dismissal and Notice of Rights is attached hereto which this Defendant would incorporate as their report.

3.    Dawn Glasgow
      Administrative Executive
      Austin Montessori School, Inc.
      c/o Stephanie O'Rourke
      Cokinos, Bosien & Young
      10999 West IH-10, Suite 800
      San Antonio, Texas 78230-1349
      (210) 293-8700

Ms. Glasgow will testify that Defendant did not violate any statutes and did not discriminate against Ms. Clark. A copy of Ms. Glasgow's report is attached hereto.

## PROPOSED EXHIBITS

Defendant, Austin Montessori School, Inc. may offer as evidence at trial any or all of the following proposed exhibits:

1.    Austin Montessori School, Inc. Employee File of Plaintiff (AMS 177-198).
2.    U.S. Equal Employment Opportunity Commission ("EEOC") Investigative File.
3.    Pay Records of Plaintiff (P 001-002; P 007-008; P 081).
5.    Correspondence to Plaintiff from Ceridian Benefits Services (P 003-005).
6.    Correspondence to Plaintiff from East Dallas Community School (P 006).

Defendant's Designation of Witnesses, Experts & Proposed Exhibits
G:\WPDOCS\4087002\Austin Montessori - Clark\Pleadings\Federal Court\Defendant's Designation of Witnesses, Experts & Proposed Exhibits.wpd

7

7.   Plaintiff's diplomas and certification (P 009-010; 077).
8.   East Dallas Community School Offer of Employment (P 079; P 082).
9.   Primary Teacher's Consultation Report for Plaintiff (P 083-084).
10.  Emails sent and received during Plaintiff's employment (AMS 199-222; AMS 225-227).
11.  Austin Montessori School Staff Handbook (AMS 58-176).
12.  Correspondence to Families of Laurel Cottage (P 076; 085).
13.  Defendant's Letter of Appointment (AMS 228-229).
14.  Defendant's School Directory (P 013-075).
15.  Promissory Note (AMS 197-198).
16.  Correspondence from Plaintiff (AMS 177).
17.  Correspondence from Defendant pertaining to Plaintiff (AMS 195-196).

Defendant reserves the right to amend its list of Proposed Exhibits. Defendant further reserves the right to introduce at trial any documents produced by Plaintiff or Defendant in this matter.

Defendant may also call as expert witnesses any and all expert witnesses who have been, or may be designated, after this designation, by any party to this lawsuit and hereby cross-designates any such witness without admitting to the qualifications of said witness.

Certain individuals have been identified in the course of discovery in this lawsuit as persons with knowledge of relevant facts regarding the matters made the basis of this lawsuit. Should any of those individuals qualify as an expert or express opinions which may qualify as expert opinions, Defendant reserves the right to call those individuals as expert witnesses.

Defendant reserves the right to supplement this designation as allowed by the Court, by agreement of the parties, or pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Defendant reserves the right to cross-examine any other party's designated expert witnesses and to seek opinions from them without agreeing or vouching for any or all opinions such persons may have.

Defendant reserves the right to designate and file, with the Court's permission, any other expert(s) report(s) as they are made available.

Defendant reserves the right to elicit expert testimony from fact witnesses to the extent they are ruled to have relevant testimony to issues pertaining to this cause of action.

Defendant reserves the right to seek factual testimony from expert witnesses to the extent to which they may have any knowledge of relevant facts.

Defendant's Designation of Witnesses, Experts & Proposed Exhibits
G:\WPDOCS\4087002\Austin Montessori - Clark\Pleadings\Federal Court\Defendant's Designation of Witnesses, Experts & Proposed Exhibits.wpd

8

Defendant reserves the right to call un-designated, rebuttal expert witnesses whose testimony cannot reasonably be foreseen until the presentation of evidence at trial.

Defendant also reserves the right to withdraw the designation of any expert witness and to aver positively that any such previously designated expert witnesses will not be called as a witness at trial.

Defendant also designates as persons with knowledge of relevant facts, all those persons designated as an expert by any party to this cause of action.

Defendant hereby expressly designates as fact and expert witnesses all witnesses, both fact and expert, to be designated by other parties to this lawsuit. By designating as their own expert and fact witnesses those witnesses designated by other parties to this lawsuit, Defendant reserves, and does not waive its rights to challenge the qualifications or the relevance or reliability of those opinions or any other basis for objecting to the admissibility of those expert and fact witnesses.

Defendant reserves the right to amend and/or supplement its Designation of Potential Witnesses and Testifying Experts in the event it learns through discovery that additional witnesses and experts are necessary.

Defendant's Designation of Witnesses, Experts & Proposed Exhibits
G:\WPDOCS\4087002\Austin Montessori - Clark\Pleadings\Federal Court\Defendant's Designation of Witnesses, Experts & Proposed Exhibits.wpd

9

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Caroline Clark<br>c/o Scott Cook<br>The Cook Law Firm<br>919 Congress Ave., Suite 1220<br>Austin, Texas 78701 | From: San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No.<br>451-2010-01621 | EEOC Representative<br>Jose  Colon-Franqui, Supervisor | Telephone No.<br>(210) 281-7608 |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Pedro  Esquivel, Director**

December 8, 2010
*(Date Mailed)*

Enclosures(s)

cc:   **Stephanie O'Rourke**
**Cokinos, Bosien & Young**
**10999 IH-10 West, Suite 370**
**San Antonio, Texas 78230**



**COKINOS BOSIEN & YOUNG**
*Attorneys at Law*

STEPHANIE O'ROURKE
sorourke@cbylaw.com

10999 West IH-10
Suite 370
San Antonio, Texas 78230

210.293.8700
Fax: 210.699.1902
www.cbylaw.com

October 11, 2010

*Via Fax 210/281-2522*

Sheila Ward-Reyes
EEOC Investigator
U.S. Equal Employment Opportunity Commission
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

Re:   Caroline Clark v. Austin Montessori School
      EEOC #: 451-2010-01621

Dear Ms. Ward-Reyes:

Enclosed you will find **Respondent's Position Statement** regarding the above-referenced Charge of Discrimination filed by Caroline Clark.

Should you have any questions or require additional information, please do not hesitate to contact our office.

Sincerely,

COKINOS, BOSIEN & YOUNG

Stephanie O'Rourke

/sds
SOR\4087-087\Clark\Correspondence\Ward-Reyes 2.respondent's position statement

Enclosure

EEOC #:            451-2010-01621
Charging Party:    Caroline Clark
Responding Party:  Austin Montessori School
U.S. Equal Employment Opportunity Commission, San Antonio Field Office

## RESPONDENT'S POSITION STATEMENT

Respondent, Austin Montessori School (hereinafter "AMS"), submits this Position Statement in response to the Charge of Discrimination filed by Caroline Clark (hereinafter "Complainant"). AMS categorically denies discriminating against Complainant on the basis of her pregnancy or on any other basis. AMS took no adverse employment action against Complainant. Rather, Plaintiff chose not to return to AMS after her annual contract had expired.

## BACKGROUND INFORMATION

AMS is a private school established in 1967. It has three campus locations in Austin, Texas. AMS provides an integrated, inclusive, highly personalized educational environment for children from eighteen months to fifteen years of age. AMS employs approximately forty-seven employees, and three hundred children are enrolled. Typically, the school year at AMS is from August 1 through June 6. AMS offers contracts to its "Children's House Guides" (teachers) for one school year at a time. As such, no AMS "Children's House Guide" is guaranteed or assured a contract for that position for any subsequent year.

Complainant was employed as a "Children's House Guide" involved in the education and development of children enrolled at AMS during two different time periods.

## SUMMARY OF FACTS

Complainant was initially hired by AMS as a "Children's House Guide" in March 2003. Nearly two years later, on January 12, 2005, Complainant voluntarily resigned her position with

AMS due to an impending marriage and relocation to Dallas, Texas. *See* Exhibit "A."

On March 7, 2008, Complainant inquired into possible re-employment opportunities with AMS. *See* Exhibit "B." On April 24, 2008, AMS made and Complainant subsequently accepted an Offer of Employment as a "Children's House Guide" at AMS for the school year 2008-2009. *See* Exhibit "C".

Complainant missed work at AMS during the entire week of January 19, 2009, in order to care for her ill son. *See* Exhibit "D." Complainant then missed work on April 10 and 13, 2009, following the death of her father, and again beginning April 16, 2009, due to a trip to the Philippines. *See* Exhibits "E" and "F." AMS was at all times supportive and flexible with regard to Complainant's personal and family issues and needs. In fact, when Complainant informed AMS that she was having financial problems in August 2009, AMS lent her a substantial amount of money.

On or about April, 2009, AMS made and Complainant subsequently accepted an Offer of Employment as a "Children's House Guide" at AMS for the school year 2009-2010.

Between August 2009 and February 2010, Complainant had more absences from work at AMS than any other employee except for an employee on maternity leave.

On March 1, 2010, Complainant informed AMS that she was pregnant and due in October 2010, following speculation and inquiries by a number of parents of children in Complainant's classroom at AMS. At no time did AMS advise Complainant to conceal or be secretive regarding her pregnancy. Moreover, at no time did AMS attempt to conceal or be secretive regarding Complainant's pregnancy.

2

On March 26, 2010, AMS announced Complainant's pregnancy to parents of children in Complainant's classroom, and AMS advised that it was working on a plan for the following school year that would allow Complainant the opportunity to spend time with her new baby, as well as provide the best arrangement for the children in the classroom. AMS further advised that parents were welcome to share news of Complainant's pregnancy with the children, but not alert the children about potential classroom changes. *See* Exhibit "G."

AMS did work on that plan for the 2010-2011 school year in an effort to allow Complainant increased flexibility during her pregnancy, to care for her young son, to attend prenatal appointments, to take maternity leave, and to care for a new baby, while at the same time considering the best arrangement for and least disruption to the children in Complainant's classroom. At all times during the relevant period, AMS continued to be fully supportive of Complainant and her family.

In order to provide Complainant with more flexibility as a new mother and continuity to the children, on May 12, AMS offered Complainant a position as a "Campus Coordinator" for the school year 2010 to 2011, at no reduction in salary. *See* Exhibit "H."   Complainant refused to accept or even review the Offer of Employment. Moreover, when said Offer of Employment was provided to Complainant, Complainant said that she did not need to see it because she and her husband had already decided to move back to Dallas and their house was already on the market. Complainant acknowledged to AMS parents that AMS "graciously offered" her a non-teaching role, and that she declined same. *See* Exhibit "I." Complainant worked at AMS through the last day of the 2009-2010 school year and then voluntarily department to move to Dallas, Texas.

3

**ARGUMENT**

Because, AMS offers contracts to its "Children's House Guides" for one school year at a time, no such contract or position is guaranteed for any subsequent year. AMS is under no obligation, by law or contract, to continue to re-offer such contracts or such positions to the same individuals year after year. AMS may also increase or decrease the number of "Children's House Guides" it hires from year to year, depending on enrollment, finances, and other considerations. Complainant's contract for the position of "Children's House Guide" expired in June 2010.

Although AMS did not offer Complainant a new "Children's House Guide" contract, AMS did offer Complainant a contract for a "Campus Coordinator" position for the 2010-2011 school year, which she voluntarily declined. Such contract and position offered Complainant the same financial compensation as her prior contracts.

Complainant has proffered no evidence to show or indicate any discrimination by AMS, its employees or officers, on the basis of her pregnancy. Complainant's Charge points to no evidence of an intent on the part of AMS to discriminate against pregnant employees. Further, Complainant made no complaints to any officer or employee at AMS regarding alleged pregnancy-related or other discrimination during her employment. Accordingly, there is no basis to conclude AMS engaged in any adverse behavior that was related to her pregnancy.

**CONCLUSION**

There is no evidence to support a conclusion that AMS engaged in any pregnancy-related discriminatory conduct. AMS took no adverse employment action against Complainant. AMS respectfully requests the Commission issue a "no cause" determination and close this matter as expeditiously as possible.

4

Oct. 11. 2010 4:54PM

No. 8761   P. 7/7

Respectfully submitted:

COKINOS, BOSIEN & YOUNG

By: _____

Stephanie O'Rourke
State Bar No.: 15310800
10999 IH-10 West, Suite 370
San Antonio, Texas 78230
(210) 293-8700
(210) 293-8733  Facsimile

/sds
SOR\4087-002\Respondent's Position Statement

5