IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK,

    PLAINTIFF,

V.

                                                   C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.,

    DEFENDANT.

### DEFENDANT'S OBJECTIONS AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant AUSTIN MONTESSORI SCHOOL, INC. ("Austin Montessori"), and files

this its Objections and Reply to Plaintiff's Response to Austin Montessori's Motion for Summary

Judgment, and respectfully shows the Court as follows:

**I.**    *Objection to Plaintiff's Response to Austin Montessori's Motion for Summary Judgment.*

Plaintiff failed to timely file her response to Austin Montessori's motion for summary

judgment. According to the Court's scheduling order, responses to dispositive motions were to be

filed within 11 days of the service of the motion. (Doc. 9). Austin Montessori filed and served its

motion for summary judgment pursuant to Fed. R. Civ. P. 5 (a)(2)(E) on May 17, 2012. Thus,

pursuant to the Court's scheduling order, Plaintiff's deadline to file her response was May 28.

However, Plaintiff did not file her response until May 31—3 days past the Court's deadline.

Notably, Plaintiff never requested leave of Court to file her response after May 28. Accordingly,

Austin Montessori hereby objects to Plaintiff's untimely-filed response to its motion for summary

judgment and respectfully asks the Court to strike the response in its entirety.

## II.    *Plaintiff's Affidavit Consists Mostly of Inadmissible Hearsay.*

Plaintiff attaches her own affidavit as Exhibit 1 to her response to Austin Montessori's motion for summary judgment. Clark's affidavit consists largely of assertions regarding what other people – some identified, some unidentified – purportedly relayed to Clark. Such statements are hearsay and are inadmissible as summary judgment evidence. *See* Fed. R. Evid. 801.[1] Specifically, the following statements within Plaintiff's affidavit are hearsay:

1. The second and third sentences of Paragraph 4.
2. The first and second sentences of Paragraph 5.
3. All of Paragraph 6.
4. All of Paragraph 8.
5. The first sentence of Paragraph 9. The portion of the second sentence of Paragraph 9 that begins, "…Dawn told me."
6. The last sentence of Paragraph 11.
7. All of Paragraph 12.
8. All of Paragraph 13.
9. All of Paragraph 14.
10. The first sentenced of Paragraph 15.
11. All of Paragraph 16.
12. The second, third, fourth, and fifth sentences of Paragraph 17.

Each of the referenced sections of Plaintiff's affidavit are hearsay and, therefore, are inadmissible as summary judgment proof.[2]

In addition to being inadmissible pursuant to Rules 801 and 802, the statements are inadmissible as summary judgment evidence under Federal Rule of Civil Procedure 56(c)(4), which pertains specifically to motions for summary judgment. "Rule 56 expressly prescribes that a summary judgment affidavit must 'be made on personal knowledge, set forth facts that would be

---

1 Federal Rule of Evidence 801 defines "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801.

2 Federal Rule of Evidence 802 provides that "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802.

admissible in evidence, and show that the affiant is competent to testify on the matters stated.'"

*Johnson v. Weld County*, 594 F.3d 1202, 1210 (10th Cir. 2010) (citing Fed. R. Civ. P. 56(c)(4)).

Hearsay contained in a summary judgment affidavit is not admissible and, therefore, is beyond the

bounds of the court's consideration. *Johnson*, 594 F.3d at 1210. Accordingly, Austin Montessori

hereby objects to the identified portions of Plaintiff's affidavit and respectfully asks the Court to

strike them and not consider them during its deliberations of Austin Montessori's motion for

summary judgment.

### III.    *Austin Montessori's Reply to Plaintiff's Response Austin Montessori's Motion for Summary Judgment.*

In moving for summary judgment, Defendant established that everyone, including Plaintiff,

agreed that it would not be in the best interest of the children if a house guide were to take an

extended leave.[3]  There was also evidence that a house guide's extended absence can, and does,

significantly impact the children.[4]  Defendant also established that because of the negative impact

that extended leave has on children, it is the policy of Defendant to offer an alternate position[5] to

any house guide planning an extended leave for any reason.[6]

Not only did Defendant establish that Plaintiff's proposed extended leave would be harmful

to the children and against policy, Defendant also established that such an extended leave was not

---

3 (Exhibit B to Austin Montessori's MSJ - Depo. of Clark p. 49) (Exhibit D to Austin Montessori's MSJ - Depo of Goertz p. 8) (Exhibit C to Austin Montessori's MSJ - Depo. of Glasgow p. 5) (Exhibit A to Austin Montessori's MSJ - Depo of Miller p. 59).

4 (Exhibit A to Austin Montessori's MSJ - Depo of Miller pp. 60,68) (Exhibit E to Austin Montessori's MSJ- Depo. of Kroger pp. 26-27).

5 Austin Montessori maintains that the position that it offered to Plaintiff was comparable, if not superior, to the position of house guide. The offer made by Austin Montessori was not an adverse employment decision. *Smith v. East Baton Rough Parish School Bd.*, 453F.3d 650, 652 (5th Cir, 2006) (position with equal pay but which did not allow for travel was equivalent position).

6 (Exhibit D to Austin Montessori's MSJ - Depo. of Goertz p. 28) (Exhibit A to Austin Montessori's MSJ - Depo of Miller p. 52).

feasible.[7]   No one was available at Austin Montessori to take over and substitute for such an extended period of time as a house guide.[8]   Plaintiff confirms in her affidavit that no one was available to fill in for her in her absence.   Plaintiff does not provide a shred of evidence that a substitute was available or that the grant of extended leave was, in any manner, feasible.   Simply put, Plaintiff does not offer evidence of a reasonable alternative.

Instead of creating a fact issue as to the feasibility of her leave request, Plaintiff merely argues that "business sense" does not justify an employer's employment decisions.   However, the fact that the leave policy is applied equally regardless of gender or the cause of the leave, and the fact that the policy is based on a business necessity, are issues to be considered in response to claims of discrimination.   By way of example, in Title VII cases, the statute specifically provides that: "Where the termination of an employee who is temporarily disabled is caused by an employment policy under which insufficient or no leave is available, such a termination violates the Act if *it has a disparate impact on employees of one sex and is not justified by business necessity.*"   29 C.F.R. § 1604.10(c) (West 2000) (emphasis added); *see also Levin v. Delta Air Lines, Inc.*, 730 F.2d 994, 996 (5th Cir. 1984)   (holding that airline's discriminatory policy of removing pregnant flight attendants from flight duty as soon as their pregnancy was discovered was justified by business necessity in that policy was neither unrelated to airline's safety concerns nor a manifestly unreasonable response to such concerns).   Evidence of business necessity has also been considered in the evaluation of FMLA cases. *See Texas Dept. of Protective & Regulatory Services v. Lynn*, 03-04-00635-CV, 2005 WL 1991809 (Tex. App.—Austin Aug. 16, 2005, pet. denied).   Plaintiff has failed to produce any evidence to rebut Austin Montessori's evidence that its decision to not renew

---

7 (Exhibit A to Austin Montessori's MSJ - Depo. of Miller p. 14).
8 (Exhibit B to Austin Montessori's MSJ - Depo of Clark p. 104).

Plaintiff's house guide contract was necessary for a legitimate, non-discriminatory business purpose. During her deposition, Plaintiff conceded that Austin Montessori focuses on what is in the best interest of its students.[9] Plaintiff also conceded that the alternate position was given to her based on the clear belief by Austin Montessori that it was the position that Plaintiff wanted.[10] Moreover, the offer of a position of campus coordinator was not a permanent change in position. Plaintiff was told that she could return as house guide the following year.[11] This evidence establishes, instead of disproves, any theory of discriminatory intent.

Under Plaintiff's theory, Austin Montessori had no choice but to leave an entire class of young children without a teacher (not providing the services which form the basis of Austin Montessori's business operations) from October until January. If forced to take this action, Plaintiff would not have had any job at the conclusion of her leave because, obviously, the parents would have removed their children from the empty classroom. Clearly, business necessity or "business sense" and undue hardship are factors that must be considered in determining the reasonableness of the offered accommodation and the underlying motive of Austin Montessori. Plaintiff has not rebutted or created a fact issue regarding these issues.

WHEREFORE PREMISES CONSIDERED, Austin Montessori respectfully asks the Court to sustain each of the objections set forth in this reply, grant its motion for summary judgment, and order Plaintiff takes nothing against Austin Montessori. Austin Montessori requests any further relief, whether at law or equity, to which it may show itself justly entitled.

---

9 (Exhibit B to Austin Montessori's MSJ - Depo. of Clark p. 50.)
10 (Exhibit B to Austin Montessori's MSJ - Depo. of Clark p. 131.)
11 (Exhibit C to Austin Montessori's MSJ - Depo. of Glasgow p. 77.)

Respectfully submitted,


/s/ Bryan P. Marshall
BRYAN P. MARSHALL
State Bar No. 24034552
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas 78230
(210) 293-8700 (Office)
(210) 293-8733 (Fax)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2012, a true and correct copy of the foregoing *Defendant's Objections And Reply To Plaintiff's Response To Defendant's Motion For Summary Judgment* was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*ATTORNEYS FOR PLAINTIFF*
Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701


/s/ Bryan P. Marshall
BRYAN P. MARSHALL