IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS &
SURREPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**[1]

TO THE HONORABLE JUDGE OF SAID COURT:

## I.  Introduction

In its Objections and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Defendant objects that Plaintiff's response was not timely filed, and that portions of Plaintiff's affidavit are inadmissible hearsay.  As shown below, Defendant's objections are properly overruled.

In replying, Defendant does not address or counter the direct and circumstantial evidence of discrimination and pretext Plaintiff cites in her response, or attempt to resolve the problems she pointed out with respect to Defendant's proffered reasons for its actions.  Instead, Defendant tries to recast its actions as justified under various business-related defenses.  But as discussed below, those defenses do not apply legally or factually, and have not been properly pled or established.  In short, Defendant has failed to show that it is entitled to summary judgment on Plaintiff's claims.

---

[1] Plaintiff has not moved for leave to file a surreply based on her reading of Paragraph 32 of this Court's Fact Sheet, found on the website for the Western District of Texas.  However, if Plaintiff has erred in failing to file a motion for leave, she will file such a motion immediately.

1

## II.  Plaintiff's Response to Defendant's Objections

### A.      Plaintiff Timely Filed Her Response

Defendant asserts that Plaintiff did not timely file her response because she filed it three days after the 11 day deadline set forth in the Court's scheduling order.[2]  However, Local Rule CV-6 of the Western District of Texas provides that "[i]n computing any time period in any civil case, the provisions of Federal Rule of Civil Procedure 6, as amended, shall be applied."[3] Federal Rule of Civil Procedure 6(d) adds three days to a party's deadline where service is effected by means other than hand delivery.[4]   Defendant served its motion for summary judgment on Plaintiff electronically, through the Court's CM/ECF system, on May 17, 2012.[5] Accordingly, Plaintiff's response, filed fourteen days thereafter on May 31, 2012, was timely.

### B.      Defendant's Objections to Portions of Plaintiff's Affidavit

Defendant objects to numerous portions of Plaintiff's affidavit as hearsay and thus inadmissible summary judgment evidence.[6]  Defendant provides little explanation as to the basis for its hearsay objections, other than to assert that they consist of what others "relayed" to Plaintiff.[7]   However, a brief examination of these objections reveals that they should be

---

[2] *See* Defendant's Objections and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Objections and Reply"), p.1.

[3] Local Civil Rules for the Western District of Texas, CV-6.

[4] Federal Rule of Civil Procedure 6(d) states that:

> Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

FED. R. CIV. P. 6(d). *See also* FED. R. CIV. P. 5(b)(2)-(3).

[5] *See* Defendant's Motion for Summary Judgment, p.21.  While Defendant's certificate of service is vague as to the precise form in which service was effected on Plaintiff, Defendant neither asserts nor establishes that it served its motion by hand delivery, and Plaintiff did not receive a hand-delivered copy of the motion.

[6] *See* Defendant's Objections and Reply, p.2-3.

[7] Defendant's only specific ground for objecting to portions of Plaintiff's affidavit as hearsay is that the affidavit includes "assertions regarding what other people—some identified, some unidentified—purportedly relayed to Clark."  *See* Defendant's Objections and Reply, p.2.  For this reason, it is not clear that Defendant is actually objecting to what Plaintiff states she did or said in those portions of her affidavit.  In any event, Plaintiff's own statements are not inadmissible for a number of reasons.  For example, many of Plaintiff's statements fall under the state of mind or physical condition exception to the hearsay rule, Federal Rule of Evidence 803(3). *See, e.g.,* ¶¶ 5, 8, 12.  Other objected-to portions of the affidavit relate questions asked by Plaintiff in conversations with Glasgow and

2

overruled.  Most of the portions of the affidavit that Defendant objected to are statements made to Plaintiff by Dawn Glasgow and Amber Miller, Defendant's employees, in the context of their communicating to Plaintiff their decision to refuse to renew her teaching contract and offer her the campus coordinator position, or discussing related aspects of Plaintiff's employment.  To the extent that these portions of the affidavit contain out of court statements offered to prove the truth of the matter asserted, those out of court statements are not hearsay, as they were made by Defendant's "employee[s] on a matter within the scope of that relationship and while it existed[.]"[8]  These statements by Glasgow and Miller, as well as the statements of Charlotte Kroger, are also not hearsay pursuant to Federal Rule of Evidence 801(d)(2)(A).[9]  Additionally, because these statements reflect Glasgow, Miller, and Kroger's motive and intent, the statements fall under the state of mind exception to the hearsay rule.[10]  The state of mind exception to the hearsay rule also covers the portions of the affidavit to which Defendant objected regarding statements by two parents.[11]  Defendant's objections to portions of Plaintiff's affidavit therefore should be overruled.[12]

---

Miller which are not hearsay.  *See, e.g.,* ¶¶ 12, 14, 17.

[8] FED. R. EVID. 801(d)(2)(D).  This exclusion to the hearsay rule addresses all of the objected-to portions of ¶¶ 4, 9, and 11, as well as Glasgow and Miller's statements in the objected-to portions of parts of ¶¶ 6, 8, 12, 14, 16, and 17.  Notably, while objecting to the admissibility of ¶ 12, Defendant appears to rely on that paragraph later in its reply.  However, Plaintiff strongly disputes Defendant's claim that she "confirms in her affidavit that no one was available to fill in for her in her absence."  Defendant's Objections and Reply, p.4.

[9] Kroger's statements in ¶ 8 of Plaintiff's affidavit also appear to fall under the exception to the hearsay rule for present sense impressions.  *See* FED. R. EVID. 803(1).

[10] *See* FED. R. EVID. 803(3).

[11] *See* Plaintiff's MSJ Response Exhibit 1, ¶¶ 5, 6.

[12] *See Corley v. Burger King*, 56 F.3d 709, 710 (5th Cir. 1995); *Lott v. Kenedy Indep. Sch. Dist.,* 2010 WL 1544503, at *7, *7, n.16, n.19 (W.D. Tex. Apr. 16, 2010) (overruling defendants' objection to testimony regarding a statement made to a third party by an individual with authority over employment decision at issue, finding that the "testimony sheds light on [the individual's] motive, relates to the issue before this Court, and is admissible testimony pursuant to Federal Rule of Evidence 801(d), which states that the admission of a party opponent does not constitute inadmissible hearsay."); *Gaudet v. Bollinger Shipyards*, 2010 WL 2594870, at *1 (E.D. La. June 23, 2010) ("It appears that the recited statements were made by defendant's agents or servants concerning matters within the scope of their employment during the employment relationship. Therefore, the statements are not hearsay.") (citing FED. R. EVID. 801(d)(2); *Corley*, 56 F.3d at 710); *Alba v. Loncar*, 2004 WL 1144052, at *3-5 (N.D. Tex. 2004) (discussing the scope of Rule 801(d)(2)(D)).  *See also Johnson v. Saks Fifth Ave. TX, LP*, 2007 WL 781946, at *12 (S.D. Tex. Mar. 9, 2007) (stating that statements by employees describing what the general manager said to them are

### III.  Plaintiff's Surreply to Defendant's Reply

In replying, Defendant attempts to reframe the reasons it has proffered for its refusal to renew Plaintiff's teaching contract.[13]  Specifically, Defendant asserts that "business necessity or 'business sense' and undue hardship are factors that must be considered in determining the reasonableness of the offered accommodation and the underlying motive of Austin Montessori."[14]

In regard to business necessity, Defendant argues that "the fact that the leave policy is applied equally regardless of gender or the cause of the leave, and the fact that the policy is based on a business necessity, are issues to be considered in response to claims of discrimination."[15]  For support, Defendant cites *Levin v. Delta Air Lines, Inc.*, 730 F.2d 994, 996 (5th Cir. 1984).  As stated by the Fifth Circuit in *Levin*, an employer can justify a discriminatory practice or policy by showing that if it has a discriminatory impact, it is justified by business necessity, and that if it results in disparate treatment, it is based on a bona fide occupational qualification.[16]  Plaintiff's pregnancy discrimination claim is one of intentional discrimination (or disparate treatment), rather than disparate impact.  Texas Labor Code § 21.123 specifically prohibits the use of the business necessity defense in cases involving claims of intentional

---

admissible as a party admission under Rule 801(d)(2)(A), as well as a statement by a supervisor about a matter within the scope of his agency under Rule 801(d)(2)(D)" and noting that "[a] statement by a supervisory official who plays a role in the decisionmaking process is generally admissible.") (citing *Miles v. M.N.C. Corp.*, 750 F.2d 867, 873-75 (11th Cir. 1985)).

[13] In a footnote, Defendant also reiterates its contention that there was no adverse employment action, pointing to one new case in support.  *See* Defendant's Objections and Reply, p.3, n.5.  That case, *Smith v. East Baton Rouge Parish School Board*, 453 F.3d 650, 652 (5th Cir. 2006), does not address the issue of whether a transfer to a different position can constitute an adverse employment action in the context of a pregnancy discrimination or FMLA retaliation claim.  Rather, in *Smith*, the Fifth Circuit addressed whether the employer had restored the employee to an equivalent position upon her return from FMLA leave.  *Id.* at 651. The defendant had reorganized the plaintiff's department during her maternity leave.  *Id.* at 650. As a result, the plaintiff's job description was revised, with the only cited change a requirement that she audit schools' books from a central office rather than doing so by traveling to the schools to work directly with principals and their staff.  *Id.* at 650-651.

[14] Defendant's Objections and Reply, p.5.

[15] Defendant's Objections and Reply, p.4.

[16] 730 F.2d at 997.

discrimination.[17]   Therefore even if Defendant had pled and established a business necessity defense, it is not available in this case.

A bona fide occupational qualification ("BFOQ") defense is also unavailable to Defendant.  Defendant did not plead a BFOQ defense, and does not specifically address such a defense.  Even if Defendant had done so, it is not clear how Defendant could establish that a BFOQ justifies its actions here, given the narrow interpretation courts have applied to the defense.[18]   Moreover, as Plaintiff stated in her response, Defendant did not establish the existence of a strict policy on reassigning guides who plan leave beyond the seven days allotted in Defendant's written policy, and in replying Defendant does not address the record evidence Plaintiff pointed to disputing the existence of such a policy.[19]  Plaintiff also disputed Defendant's largely vague claims about the adverse impact on the children of leave.[20]   And although Defendant's witnesses acknowledged situations in which guides had taken weeks of leave during the school year, Defendant points to no evidence that classrooms became empty as a result.[21] Defendant therefore not only fails to establish a BFOQ defense, but also does not appear to be able to do so under the circumstances here.

Defendant next asserts that "[e]vidence of business necessity has also been considered in

---

[17] *See* TEX. LABOR CODE § 21.123 ("A demonstration that an employment practice is consistent with business necessity may not be used as a defense under this chapter against a complaint of intentional discrimination.").  The corresponding federal statute is 42 U.S.C.A. § 2000e-2(k)(2).  In *Gordon v. JKP Enterprises Inc.*, 35 Fed.Appx. 386, at *3 (5th Cir. 2002), the Fifth Circuit explained that "[b]usiness necessity is a defense to disparate impact analysis, and not to cases of overt discrimination or disparate treatment."  *Id*. (citing 42 U.S.C.A. § 2000e-2(k)(2); other citations omitted).  For this reason, Defendant's reliance on 29 CFR § 1604.10(c) is also misplaced.

[18] *See, e.g., UAW v. Johnson Controls*, 499 U.S. 187, 200 (1991) ("The BFOQ defense is written narrowly, and this Court has read it narrowly. . . Our emphasis on the restrictive scope of the BFOQ defense is grounded on both the language and the legislative history of § 703.") (citing *Dothard v. Rawlinson*, 433 U.S. 321, 332-337 (1977); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 122-125 (1985)).

[19] *See* Plaintiff's Response to Defendant's MSJ, p.16, n.99.

[20] *See* Plaintiff's Response to Defendant's MSJ, p.16, n.101.

[21] *See* Plaintiff's Response to Defendant's MSJ, Exhibit 4, Deposition of Dawn Glasgow, p.66:12-67:25; p.95:7-97:16; Exhibit 5, Deposition of Amber Miller, p.55:16-18.

5

the evaluation of FMLA cases."[22]   The only case Defendant cites in support of this assertion is *Texas Department of Protective & Regulatory Services v. Lynn*, 2005 WL 1991809 (Tex. App.— Austin, 2005, pet. denied).[23]   However, *Lynn* is not an FMLA case.   In *Lynn*, the plaintiff brought suit for race discrimination under Chapter 21 of the Texas Labor Code, alleging that the defendant forced her to take FMLA leave, refused to accommodate her medical condition, and terminated her on account of her race.[24]   She alleged that she suffered from carpal tunnel syndrome that limited her ability to keyboard, which she was required to do as part of her job for eight hours each day, but that two Anglo individuals in the same job position were neither forced to take FMLA leave nor terminated, but offered non-keyboarding jobs.[25]   The defendant began taking steps to terminate the plaintiff after her FMLA leave expired.[26]   In the Background section of the opinion, the Court of Appeals refers to the defendant's policy providing that if an employee exhausts all of her available leave without pay, she may be terminated if a business necessity exists to fill her position.[27]   For reasons unrelated to this policy, the Court of Appeals determined that the defendant's plea to the jurisdiction should have been granted based on the plaintiff's failure to timely file the charge of discrimination and the absence of any basis to toll that deadline.[28]   The Court of Appeals concluded by stating "[w]e express no opinion regarding the merits of Lynn's discrimination claim, much less condone the type of conduct she alleges."[29]

Finally, Defendant has referred vaguely to undue hardship as a factor to consider.  Under the Texas Labor Code, undue hardship is a defense applicable to disability and religious

---

[22] Defendant's Objections and Reply, p.4.
[23] *Id.*
[24] 2005 WL 1991809, at *3.
[25] *Id.* at *1-3.
[26] *Id.* at *2-3.
[27] *Id.* at *2, *2, n.4.
[28] *Id.* at *3-7.
[29] *Id.* at *7.

6

accommodation claims.[30]   But Defendant cites no statutory basis or precedent for applying an undue hardship defense in the context of the pregnancy discrimination and FMLA retaliation claims at issue here.   Also, to the extent that Defendant has suggested that its actions were justified as a nonpermanent change in position for Plaintiff, Defendant has failed to establish that.[31]   The only support Defendant cites is testimony of Glasgow that does not actually show that Plaintiff was told that she could return the following year as a house guide.[32]

In sum, Defendant has failed to establish that any of these business-related theories are proper defenses to Plaintiff's pregnancy discrimination and FMLA retaliation claims. Defendant's reply does not challenge the evidence set forth in Plaintiff's response of direct and circumstantial discrimination or pretext, or address the problems Plaintiff pointed out with respect to Defendant's proffered reasons for its discriminatory and retaliatory actions. Defendant's reply thus fails to show that summary judgment is appropriate on Plaintiff's claims.

### IV.   <u>Conclusion</u>

For the reasons stated above, Defendant's objections to Plaintiff's summary judgment response and evidence should be overruled.   For the reasons stated above and in Plaintiff's Response to Defendant's Motion for Summary Judgment, Defendant's Motion for Summary Judgment should be denied in its entirety.

---

[30] *See, e.g.,* Tex. Labor Code §§ 21.108; 21.128; 21.260.
[31] *See* Defendant's Objections and Reply, p.5
[32] *See* Defendant's Objections and Reply, p.5 (citing Deposition of Dawn Glasgow, p.77).

7

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs

_____

Russell Scott Cook
State Bar No. 24040724
Melissa A. Jacobs
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

_____

Melissa A. Jacobs

8