IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLINE CLARK<br><br>PLAINTIFF<br><br>V.<br><br>AUSTIN MONTESSORI SCHOOL, INC.<br><br>DEFENDANT | C.A. NO. A-12-CV-007-SS |

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Austin Montessori School, Inc. ("AMS"), respectfully asks the Court to render partial summary judgment against plaintiff Caroline Clark ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 56.

## I.

### Introduction

1. This is a pregnancy discrimination case. In her pleadings, Plaintiff alleges AMS violated section 21.051 of the Texas Labor Code, as well as the Family Medical Leave Act ("FMLA") (29 U.S.C § 2611, *et seq.*). In this motion, AMS seeks summary judgment as to Plaintiff's claim under the FMLA, only.

2. Plaintiff was a house guide (a teacher in the Montessori system) of 3 to 6 year-old students at AMS. Plaintiff's employment was governed by a one-year teaching contract that covered the 2009-2010 school year. She did not have a teaching contract with AMS, nor did AMS offer her a teaching contract, for the 2010-2011 school year.

1

3.      In the spring of 2010, Plaintiff announced that she was due to give birth to a child in October, and that she planned on taking leave until January, 2011. In an effort to minimize disruption to the classroom that Plaintiff's leave would cause, and based on Plaintiff's inquiries regarding a different position, AMS offered Plaintiff a position as a campus coordinator for the 2010-2011 school year. The position was not a demotion[1] and provided the same pay and benefits, but also provided flexibility for extended leave and the care of a newborn. In fact, AMS offered to arrange for Plaintiff to bring her newborn to work with her when she returned. Plaintiff rejected the offer, however, and announced she was moving to Dallas with her husband so that she could be a stay-at-home mom.

4.      Following her move to Dallas, Plaintiff filed suit claiming that AMS discriminated against her because she was pregnant. Specifically, Plaintiff asserts that AMS's decision to not renew her teaching contract was a violation of section 21.051 of the Texas Labor Code. On December 8, 2011, Plaintiff filed an amended petition asserting AMS violated the FMLA. Plaintiff seeks economic, compensatory, equitable and punitive damages. Plaintiff additionally seeks liquidated damages as allowed under the FMLA.

5.      In this motion, AMS seeks summary judgment as to Plaintiff's claim under the FMLA.

---

[1] The person holding the position at the time was an AMI-trained children's house guide with more classroom experience than Plaintiff.

2

## II.

### The Parties' Live Pleadings

Plaintiff's First Amended Petition (state court) ........................ Exhibit A

Defendant Austin Montessori School, Inc.'s First
Amended Answer ............................................................... Docket #14

## III.

### Summary Judgment Evidence

Affidavit of Dawn Glasgow (with attachments) ........................ Exhibit B

## IV.

### Standard of Review

6.  Summary judgment is proper in any case where there is no genuine issue of material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of the plaintiff's claim, or (2) showing there is no evidence to support an essential element of the plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322–23.

## V.

## Argument

7. To make a prima facie case of retaliation under the FMLA, a plaintiff must show that: (1) she was protected under the FMLA, (2) she suffered an "adverse employment action," and (3) either (a) she was treated less favorably than an employee who had not taken FMLA leave, or (b) the adverse decision was made because she took FMLA leave. *Hunt v. Rapides Healthcare Sys.*, LLC, 277 F.3d 757, 768 (5th Cir. 2001). Plaintiff cannot produce any evidence to raise a genuine issue of material fact with regard to the first element of her FMLA claim.

8. To prove the first element, Plaintiff must prove (1) she was an "eligible employee" and (2) AMS was an "employer," as defined by the act. *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 353 (5th Cir. 2006). The act defines eligible employee as "an employee who has been employed (i) for at least 12 months by the employer ... and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2). The act defines employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees [within 75 miles of the worksite] for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4).

9. Whether an individual is an independent contractor or an employee sufficient to count toward the required number of employees under the statutory definition of "employer" under the FMLA is a question of law. *See Solis v.*

4

*Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 521-22 (6th Cir. 2011); *Nichols v. All Points Transp. Corp. of Michigan, Inc.*, 364 F. Supp. 2d 621, 631 (E.D. Mich. 2005) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1132 (6th Cir.1994)).

10. In determining whether employer status exists, the Fifth Circuit has "underscored the importance of 'the economic realities' of employment and affirmed a finding of employer status where there was evidence that the alleged employer 'independently exercised control over the work situation.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194–195 (5th Cir. 1983)). "The right to control, although the most significant factor, is not alone determinative." *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). Additional factors include: (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision, (2) the skill required in the particular occupation, (3) whether the employer or the individual in question furnishes the equipment used and the place of work, (4) the length of time during which the individual has worked, (5) the method of payment, whether by time or by the job, (6) the manner in which the work relationship is terminated; i.e. by one or both parties, with or without notice and explanation, (7) whether annual leave is afforded, (8) whether the work is an integral part of the business of the employer, (9) whether the worker accumulates retirement benefits, (10) whether the employer pays social security taxes, and (11) the intention of the parties. *Id.*

11.  Here, Plaintiff cannot prove the first element of her FMLA claim because AMS was not an employer, as defined by the act. Plaintiff alleges she was denied her rights under the FMLA in or around March 2010. *See* Exhibit A, p. 2. Thus, the analysis under section 2611(4) focuses on the period between January 1, 2009 and approximately March 2010, which is the preceding year (2009) and the current year (2010) up to the date on which Plaintiff allegedly requested leave. 29 U.S.C. § 2611(4). "Whether 50 employees are employed within 75 miles to ascertain an employee's eligibility for FMLA benefits is determined when the employee gives notice of the need for leave." *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 726 (10th Cir. 2006) (quoting 29 C.F.R. § 825.110(f)). During that time period, using the analyses set forth in *Grim Hotel* and *Broussard*, *supra*, AMS did not employ 50 or more employees during *any* workweek, much less during each of 20 or more workweeks. *See* Exhibit B (Affidavit of Dawn Glasgow). Therefore, AMS was not an employer, as defined by the FMLA and relevant case law, and, as a result, Plaintiff was not entitled to the protections afforded by the FMLA. Consequently, no fact issue exists with regard to the first element of Plaintiff's FMLA claim, i.e. whether Plaintiff was protected by the FMLA. For these reasons, AMS is entitled to judgment as a matter of law as to Plaintiff's claim against it under the FMLA.

## VI.

### Prayer

12.  WHEREFORE, PREMISES CONSIDERED, AMS respectfully asks the Court to grant this motion and order that Plaintiff takes nothing against AMS

under her FMLA claim. AMS requests any further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Bryan P. Marshall
Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas 78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

### Certificate of Service

I hereby certify that on July 31, 2012, the foregoing document was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
The Cook Law Firm
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

/s/ Bryan P. Marshall
Bryan P. Marshall