# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK

    PLAINTIFF

V.                                            C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.

    DEFENDANT

## DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

TO:   Caroline Clark
       Plaintiff, by and through her attorneys of record
       Russell Scott Cook/Melissa A. Jacobs
       THE COOK LAW FIRM
       919 Congress Avenue, Suite 1145
       Austin, Texas 78701

COMES NOW Defendant, AUSTIN MONTESSORI SCHOOL, INC., and files

this, its first supplemental objections and answers to Plaintiff's Second Set of

Interrogatories.

                                 Respectfully submitted,

                                 Stephanie O'Rourke
                                 State Bar No. 15310800
                                 Bryan P. Marshall
                                 State Bar No. 24034552
                                 COKINOS, BOSIEN & YOUNG
                                 10999 IH 10 West, Suite 800
                                 San Antonio, Texas 78230
                                 T 210-293-8700
                                 F 210-293-8733

                          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on the following counsel by certified U.S. mail, return receipt requested, on the 20th day of July, 2012 to the following counsel of record:

*Attorneys for Plaintiff*
Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701
*Via Certified Mail #7011 1570 0001 4884 3862*

Bryan P. Marshall

## DEFENDANT'S FIRST SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

14.    Identify all individuals classified by Defendant as employees in 2009 and 2010, and the basis for such classification.

ANSWER:

See staff listings, which were previously produced and are Bates-labeled AMS 000230 through AMS 000239.  On the staff listings, with the exception of Calvin Carter, Leslie Grove, Charlotte Kroger, Patricia Oriti, Lucinda Castillo, Sheilah Murphy, Stephanie Hunt, Leah Zeger, Brooks Whitmore, Jenny Chang, Debra Groves, Lani Hamilton, Megan Canney, and Brooks Whitmore, everyone in the staff listings is or was employed by Defendant. Calvin Carter, Leslie Grove, Charlotte Kroger, Patricia Oriti, Lucinda Castillo, and Sheilah Murphy are independent contractors, not employees. Stephanie Hunt, Leah Zeger, Brooks Whitmore, Jenny Chang, Debra Groves, Lani Hamilton, Megan Canney, and Brooks Whitmore are neither employees nor independent contractors.

For further response, Defendant classifies the persons listed in the staff listings based on Internal Revenue Service (IRS) guidelines and as advised by its Certified Public Accountant.

15.    Identify all individuals classified by Defendant as independent contractors in 2009 and 2010, and the basis for such classification.

ANSWER:

2009:  Andrew Glasgow, Barbara Weiss, Calvin Carter, Charlotte Kroger, Cleotilde Maldonado, Donald Porter, Francisca Tejeda, Jerry Pippins, Leslie Grove, Miguel Reyes, Patricia Oriti, Paula McDermott

2010:  Andrew Glasgow, Barbara Weiss, Calvin Carter, Charlotte Kroger, Cleotilde Maldonado, Donald Porter, Francisca Tejeda, Jerry Pippins, Jerry Pippins General Co, Leslie Grove, Lucinda Castillo, Miguel Reyes, Patricia Oriti, Paula McDermott, Sheilah Murphy

These individuals are not employed by Defendant.  Per the Internal Revenue Service (IRS) guidelines, they are independent contractors.

17.    Identify the individuals included on any payroll report of the School for 2009 and 2010, the classification of those individuals by the School as

employees or independent contractors, and the facts on which those classifications were based.

ANSWER:

Defendant refers you to the payroll reports Bates Labeled AMS 000370 through AMS 000459, which were previously produced. Each person listed on these documents were employees, as defined by the Internal Revenue Service (IRS) guidelines and as advised by Defendant's Certified Public Accountant.

19.    Identify any individual or entity who received compensation for services performed for Defendant in 2009 and 2010 and the services performed for such compensation.

ANSWER:

Defendant refers you to its response to Request No. 14. Defendant also refers you to the Expenses by Vendor Summaries which are Bates Labeled 000483 through AMS 000500 and were previously produced.

20.    For each individual identified in response to Interrogatory No. 19, identify the location of Defendant at which that individual performed services for Defendant, the number of hours that individual performed services for Defendant during 2009 and 2010, and that individual's job duties and/or job requirements during 2009 and 2010.

ANSWER:

Objection is made as said interrogatory is overly broad, general and vague, and fails to define "job duties and/or job requirements" which are subject to various interpretations. Subject to the foregoing objection and without waiving same, (a) Defendant refers you to its responses to Request Nos. 14 and 17, and (b) the descriptions of various jobs at AMS are as follows:

Executive Director - Founder and Director
- Spokesperson for the school.
- Lead the school at the direction of the board of directors in attaining strategic goals.
- Communicate goals, policies, operating procedures and "state of school" through new parent orientation, Back-to-School Nights and auction speeches.

- Assist staff recruit staff and assist with negotiating salaries.
- Coordinate communication among staff through staff meetings and memos.

- Attend all staff meetings, oversee agenda.
- Participate in planning of special events.
- Liaison to board of directors.
- Implement policies and procedures as determined by the board.
- Assists in preparing annual budget.
- Oversees school's contractual relationships.
- Facilitates communications between all parts of the school community.
- Maintain contact and relationships with alumni students and their families.

Administrative Executive
- Day-to-day operation of school:  greet cars, presence at arrival and dismissals.
- Oversee bookkeeping, personnel services, and office services
- Order and purchase classroom materials, supplies and consumables.
- Edit all communications to parents (class notes, letters from the administrator, etc.)
- Computer network administration, technology assistance
- Taxes:  Prepare quarterly taxes, W-2 forms, annual reports for fairness, worker's compensation, safety, etc.
- Budgeting:  Work with head and business manager to prepare and present annual budget and cash flow projections.
- Serve as chief safety officer of the school with regard to occupational and health safety, emergency preparedness, etc.
- Plan and coordinate summer programs
- Plan and coordinate before- and after-school programs
- Health management for student body.
- Supervise Austin Montessori School guides and before- and after-school leaders
- Oversee facilities development and maintenance.
- Serve as manager overseeing any capital improvements or construction projects
- Support all fund-raising; oversee the annual fund drive.
- Support the annual auction
- Maintain contact and relationships with alumni students and their families

- Plan and manage school annual events and functions (fall festival, etc)
- Assist with internal and external communications
- Assist with weekly newsletter and other parent communications as needed.

- Update databases for current students, alumni, annual fund.
- Attend all school functions.

Office Manager

- Greet people and direct requests at the front desk.
- Respond to and redirect e-mail and phone calls
- Facilitate communication and a sense of community among families and staff.
- Maintain and manage student files.
- Oversee state immunization records and emergency treatment forms.
- Update the AMI student tracking databases.
- Organize and manage the distribution of all school communications.
- Organize, print and distribute the school directory.
- Produce monthly activity calendars for parents and staff.
- Secretarial support.
- Bookkeeping
- Telephone system; update phone messages, extension and voice mail addresses
- Manage the copier; the administration, auction and classroom printers

Admissions Director

- Manage student enrollment.
- Meet with prospective parents to facilitate their observation, explain Montessori philosophy, and describe the program.
- Meet with current parents as needed to facilitate their observation, explain Montessori philosophy and practices
- Maintain contact and relationships with alumni students and their families

- General assistance with day-to-day operations
- Attend all school functions
- Prepare and facilitate non-fund-raising, non-social school events (new parent orientation, vision & hearing screening, parent nights, parenting workshops, conferences, etc.)

Elementary Coordinator
- Classroom observation, teacher evaluations, and staff training. Serve as observation/feedback resource for teachers in terms of individual students and general Montessori practice.
- Plan and implement ongoing professional development.
- Plan and implement parent education series.
- Manage professional memberships.

Maintenance Director
- All facilities maintenance, repair and improvements

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

CAROLINE CLARK,                          §
                                         §
        Plaintiff,                       §
                                         §
V..                                      §        C.A. NO. A-12-CV-007-SS
                                         §
AUSTIN MONTESSORI SCHOOL, INC.,          §
                                         §
        Defendant.                       §

### DEFENDANT'S OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S THIRD SET OF INTERROGATORIES

TO:    CAROLINE CLARK
       Plaintiff, by and through her attorneys of record
       Russell Scott Cook/Melissa A. Jacobs
       THE COOK LAW FIRM
       919 Congress Avenue, Suite 1145
       Austin, Texas 78701

COMES NOW Defendant, AUSTIN MONTESSORI SCHOOL, INC.

("Defendant"), and files this, its Objections and Answers to Plaintiff's Third Set of

Interrogatories, which are attached hereto.

Respectfully submitted,

Stephanie O'Rourke
State Bar No. 15310800
Bryan P. Marshall
State Bar No. 24034552
COKINOS, BOSIEN & YOUNG
10999 IH 10 West, Suite 800
San Antonio, Texas 78230
T 210-293-8700
F 210-293-8733

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on the following counsel by facsimile, on the 16th day of July, 2012 to the following counsel of record:

*Attorneys for Plaintiff*
Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701
*Via Fax (512) 597-3172*

Bryan Marshall

DEFENDANT'S OBJECTIONS/ANSWERS TO PLAINTIFF'S 3RD SET OF INTERROGATORIES
SOR/SDS/4087-002/CLARK/DISCOVERY/DEF - ANSWERS PLT 3RD SET ROGS
PAGE 2 OF 4

## DEFENDANT'S OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S THIRD SET OF INTERROGATORIES

**Interrogatory No. 21**: Identify the legal and factual basis for your contention in ¶ 15 of Defendant's First Amended Answer that "Defendant denies that Plaintiff has met all conditions precedent; Plaintiff has failed to exhaust all administrative procedural requirements."

**ANSWER**:     Defendant objects that this interrogatory is overbroad, vague, and calls for a legal conclusion. Without waiving these objections and subject thereto, Defendant is unable to determine whether Plaintiff has satisfied all procedural prerequisites because Plaintiff has not set forth what they are. Defendant does admit Plaintiff filed her charge with the Texas Workforce Commission within 180 days after the date the alleged unlawful employment practice occurred. Defendant also admits Plaintiff filed this lawsuit within 90 days of receiving from the EEOC her notice of suit rights.

**Interrogatory No. 22**: Identify the legal and factual basis for your contention in ¶ 16 of Defendant's First Amended Answer that "Defendant denies that the Family Medical Leave Act is applicable to this Defendant."

**ANSWER**:     Defendant is not an "employer," as that term is defined by the Family Medical Leave Act.

**Interrogatory No. 23**: Identify the legal and factual basis for your contention in ¶ 18 of Defendant's First Amended Answer that "Defendant would also assert that Plaintiff is not an eligible employee. Plaintiff was not eligible for Family Medical Leave Act."

**ANSWER**:     Defendant objects that this interrogatory is vague, ambiguous, and calls for a legal conclusion. Without waiving these objections and subject thereto, Plaintiff is not entitled to any benefits under the Family Medical Leave Act because Defendant is not an "employer," as that term is defined by that law.

**Interrogatory No. 24**: For any admission which was denied in response to Plaintiff's Second Request for Admissions, please list in detail why it was denied.

**ANSWER**:     Defendant objects that this interrogatory is overbroad, unduly burdensome, and harassing. Without waiving these objections and

subject thereto, Defendant is not an "employer," as that term is defined by the Family Medical Leave Act, because it did not have 50 or more employees in each of 20 or more calendar weeks in 2009 or 2010.

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF TRAVIS                        §


Before me, the undersigned notary public, on this day personally appeared Dawn Glasgow, who being by me duly sworn under oath, deposed and said that she is the representative of the Defendant collecting information gathered by her officers, agents and/or employees, has compiled this information as a result of the investigation of her officers, agents and/or employees; that she has read the questions contained in the foregoing instrument and that the statements contained therein are true and correct and that to the best of her knowledge, information and belief, formed after reasonable inquiry, the statements contained therein are true and correct and are based upon the information that is available and has been gathered by her officers, agents and/or employees.

_____
Dawn Glasgow
Austin Montessori School, Inc.


Sworn to and subscribed before me by Dawn Glasgow on this **13rd** day of July, 2012.

_____
Notary Public In And For
The State Of Texas

Steven D Settles
Notary Public, State of Texas
My Commission Expires:
November 4, 2013

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK,                          §
Plaintiff,                               §
                                         §
V.                                       §      CIVIL ACTION NO. A-12-CA-007-SS
                                         §
AUSTIN MONTESSORI SCHOOL, INC.,          §
Defendant.                               §      JURY TRIAL DEMANDED
                                         §

## PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF
## THE CORPORATE REPRESENTATIVE OF AUSTIN MONTESSORI SCHOOL, INC.

To:    Defendant Austin Montessori School, Inc., by and through its attorneys of record,
       Stephanie O'Rourke and Bryan P. Marshall, Cokinos Bosien & Young, 10999 IH 10 West,
       Ste. 800, San Antonio, TX 78230.

       Please take notice that pursuant to Federal Rule of Civil Procedure 30, Plaintiff will take

the deposition of the following:

       **Witness:**              Corporate Representative of Austin Montessori School, Inc.
       **Time of Deposition:**   10:00 am
       **Date of Deposition:**   July 26, 2012
       **Location of Deposition:** The Cook Law Firm
                                  919 Congress Avenue, Ste. 1145
                                  Austin, TX 78701

       Plaintiff intends to depose Austin Montessori School, Inc. ("Defendant"), pursuant to

Federal Rule of Procedure 30(b)(6), through one or more representatives testifying on behalf of

Defendant, on the following matters:

1.     Defendant's policies, guidelines, and procedures for classifying individuals who received
       any compensation from Defendant as employees or independent contractors in 2009 and
       2010;

2.     The names of each individual on Defendant's payroll in each week of 2009, the
       classification of those individuals by Defendant as employees or independent contractors,
       and the facts on which those classifications were based;

3.     The names of each individual on Defendant's payroll in each week of 2010, the

1

classification of those individuals by Defendant as employees or independent contractors, and the facts on which those classifications were based;

4.  For each of the following individuals, state which, if any weeks of 2009 and 2010 that he or she was on Defendant's payroll:

| | | | | |
|---|---|---|---|---|
| a) | Socorro Aguilar | | oo) | E.B. Larson |
| b) | Adam Aguirre | | pp) | Gwen Logan |
| c) | Joseph Aken | | qq) | Thomas Logan |
| d) | Janna Banks | | rr) | Natalie London |
| e) | Kadie Beasley | | ss) | Amy Mahnken |
| f) | Sonal Bowness | | tt) | Cleotilde Maldonado |
| g) | Erin Boardman | | uu) | Sasha Marble |
| h) | Margie Breckwoldt | | vv) | Veronique Mareen |
| i) | Eric Breeding | | ww) | Melanie Matkin |
| j) | Amanda Brown | | xx) | Paula J. McDermott |
| k) | Naomi Caballero | | yy) | Cheryl McGee |
| l) | Calvin Carter | | zz) | Amber Miller |
| m) | Lucinda Castillo | | aaa) | Gilberto F. Miranda |
| n) | Caroline Clark | | bbb) | Valerie Monda |
| o) | Mary Ann Collins | | ccc) | Daniel Murphy |
| p) | Rachel Davison | | ddd) | Sheilah Murphy |
| q) | Erin Dean | | eee) | Lois O'Brien |
| r) | Johnnie Denton | | fff) | Patricia Oriti |
| s) | Angela Eagle | | ggg) | Callie Osborne |
| t) | Brandi Fischer | | hhh) | Elizabeth Padron |
| u) | Lori Friedman | | iii) | Jerry Pippins |
| v) | Mary Long Geil | | jjj) | Nick Pippins |
| w) | Jesse Gevirtz | | kkk) | Donald E. Porter |
| x) | Dawn Glasgow | | lll) | Lindsay Porter |
| y) | Donald Goertz | | mmm) | Miguel Reyes |
| z) | Donna Goertz | | nnn) | Erik Rivas-Rivas |
| aa) | Caroline Golden | | ooo) | Donna Romine |
| bb) | Leslie Grove | | ppp) | Margarita Ruiz |
| cc) | Megan Haley | | qqq) | Francois Sansoni |
| dd) | Alexis Harper | | rrr) | Jennifer Schiller |
| ee) | Kate Hearne | | sss) | Nancy Scott |
| ff) | Jackie Howard | | ttt) | Bill Sneed |
| gg) | Lynn Hunt | | uuu) | John Snyder |
| hh) | Jesse Jahnke | | vvv) | Yvonne Solorio |
| ii) | Kelly Jarrell | | www) | Jennifer Suarez |
| jj) | Judy Johnson | | xxx) | Elizabeth Suggs |
| kk) | Rebecca Kaiser | | yyy) | Kate Swope |
| ll) | Jancie Kearley | | zzz) | Francisca Tejeda |
| mmm) | Mandy Klein | | aaaa) | Juan Tejeda |
| nn) | Charlotte Kroger | | bbbb) | Amanda E. Weeks |

cccc)  Kjersti Wheeler                          dddd)  Barbara Weis

5.  The job title, duties and responsibilities, schedule, if any, or days and hours worked, supervisor, location(s) for performing work, and compensation, for each of the individuals listed in Number 4;

6.  The names of the individuals paid by Defendant as independent contractors in 2009 and 2010; their job title, duties and responsibilities, schedule or days and hours worked in 2009 and 2010, supervisor, location(s) for performing work, and compensation;

7.  For all individuals to whom Defendant issued Internal Revenue Service ("IRS") Form W-2s for tax years 2009 and 2010, the schedule or days and hours worked in 2009 and 2010, the location(s) at which those individuals performed work for Defendant, the job title, supervisor, and job duties and responsibilities of those individuals, and compensation;

8.  For all individuals to whom Defendant issued IRS Form 1099s for tax years 2009 and 2010, the schedule or days and hours worked in 2009 and 2010, the location(s) at which those individuals performed work for Defendant, the job title, supervisor, and job duties and responsibilities of those individuals, and compensation;

9.  The number listed by Defendant in its Texas Workforce Commission ("TWC") Quarterly Reports regarding the number of employees for each quarter of 2009 and 2010;

10.  The names of the individuals included in the number listed by Defendant in its TWC Quarterly Report (regarding the number of employees) for each quarter of 2009 and 2010, and the reasons for including each of those individuals in that number;

11.  The number listed by Defendant in response to Item No. 1 of Part 1 of IRS Form 941 (regarding the number of employees) for each quarter of 2009 and 2010;

12.  The names of the individuals included in the number listed by the School in response to Item No. 1 of Part 1 of IRS Form 941 (regarding the number of employees) for each quarter of 2009 and 2010, and the reasons for including each of those individuals in that number;

13.  If any individuals for any quarter of 2009 and 2010 were included in Defendant's report on IRS Form 941 but excluded from the TWC Quarterly Report for the corresponding quarter, the names of said individuals and the reason for including them in the IRS Form 941 but not the TWC Quarterly Report;

14.  If any individuals for any quarter of 2009 and 2010 were included in the TWC Quarterly Report but excluded from the report on IRS Form 941 for the corresponding quarter, the names of said individuals and the reason for including them in the TWC Quarterly Report but not the IRS Form 941;

15.  The names of individuals included on any staff list issued by Defendant in 2009 and

3

2010, the classification of those individuals by Defendant as employees or independent contractors, and the facts on which those classifications were based;

16. The names of any individual or entity who received compensation for services performed in 2009 and 2010 and the services performed for such compensation;

17. The number of hours Plaintiff worked for Defendant in 2009 and 2010 and the manner of calculating that number;

18. Defendant's policies, procedures, and training related to preventing discrimination against employees on the basis of sex, including pregnancy, from 2005 to the present;

19. Defendant's policies and procedures related to requests, and Defendant's decision-making with respect to such requests, for maternity leave and leave for medical treatment, from 2005 to the present;

20. Facts supporting Defendant's asserted defense in ¶ 15 of Defendant's First Amended Answer that "Defendant denies that Plaintiff has met all conditions precedent; Plaintiff has failed to exhaust all administrative procedural requirements.";

21. Facts supporting Defendant's asserted defense in ¶ 16 of Defendant's First Amended Answer that "Defendant denies that Plaintiff is a qualified employee under the Family Medical Leave Act.";

22. Facts supporting Defendant's asserted defense in ¶ 16 of Defendant's First Amended Answer that "Defendant denies that the Family Medical Leave Act is applicable to this Defendant.";

23. Facts supporting Defendant's asserted defense in ¶ 17 of Defendant's First Amended Answer that "Defendant denies that Plaintiff ever requested the benefits under Family Medical Leave Act.";

24. Facts supporting Defendant's asserted defense in ¶ 18 of Defendant's First Amended Answer that "This Defendant would also assert that Plaintiff is not an eligible employee.";

25. Facts supporting Defendant's asserted defense in ¶ 18 of Defendant's First Amended Answer that "Plaintiff was not eligible for Family Medical Leave Act.";

26. Facts supporting Defendant's asserted defense in ¶ 19 of Defendant's First Amended Answer that "Plaintiff suffered no adverse employment decision as a result of her pregnancy.";

27. Facts supporting Defendant's asserted defense in ¶ 20 of Defendant's First Amended Answer that "Plaintiff was offered a comparable position to accommodate her leave request.";

4

28. Facts supporting Defendant's asserted defense in ¶ 21 of Defendant's First Amended Answer that "Plaintiff did not suffer from an adverse employment decision as a result of her pregnancy.";

29. Facts supporting Defendant's asserted defense in ¶ 22 of Defendant's First Amended Answer that "Defendant's actions were not adverse employment actions.";

30. Facts supporting Defendant's asserted defense in ¶ 23 of Defendant's First Amended Answer that "Defendant's acts of offering plaintiff an alternative placement to accommodate her pregnancy and extended leave did not constitute an unlawful employment practice because it did not constitute an 'ultimate employment decision'.";

31. Facts supporting Defendant's asserted defense in ¶ 24 of Defendant's First Amended Answer that "Plaintiff was treated the same as any teacher planning to take an extended leave of absence for any purpose.";

32. Facts supporting Defendant's asserted defense in ¶ 25 of Defendant's First Amended Answer that "Plaintiff was not treated any differently than any other similarly situated employee.";

33. Facts supporting Defendant's asserted defense in ¶ 26 of Defendant's First Amended Answer that "Austin Montessori had a legitimate non-discriminatory reason for offering Plaintiff a contract or the position of campus coordinator.";

34. Complaints, comments, and/or questions of Defendant's employees to Dawn Glasgow related to the compliance or alleged non-compliance of Defendant with the FMLA;

35. Questions and/or comments of Defendant's employees to Dawn Glasgow regarding the applicability of the FMLA to Defendant;

36. Promises and offers to parents by Defendant concerning any of Plaintiff's claims and Defendant's defenses in this action, from 2007 through the present;

37. For the period of 2005 through the present, the name of each employee of Defendant who took more than seven days of leave during a school year, whether the need for such leave was known at the time the employee's contract was renewed, and the number of days of leave the employee took;

38. If any of the employees listed in response to Number 37 were guides, any concerns, questions, or comments about such leave expressed by any parent of a student in that classroom of which Defendant is aware, the names of such parents, whether the comment, question, or concern occurred prior to, during, or after the leave, and the employee of Defendant to whom such concern, question or comment was expressed, action taken by Defendant in response to the concern, question, or comment, and whether the parent removed his or her child from Defendant as a result of the leave;

5

39. Prior lawsuits filed against Defendant under the FMLA, from 2006 through the present, including cause number, court (including district and division for federal cases and city or county and state for state cases), and outcome;

40. Prior lawsuits filed against Defendant involving sex discrimination claims, including but not limited to pregnancy-related claims, under the Texas Commission on Human Rights Act, from 2006 through the present, including cause number, court (including district and division for federal cases and city or county and state for state cases), and outcome;

41. Names of individuals with Defendant with knowledge of facts relevant to the claims and defenses asserted in this case;

42. With respect to the individual(s) testifying on behalf of Defendant, their current and former positions with Defendant, their job duties performed for Defendant, and the preparation undertaken for the deposition;

43. With respect to any individual identified in response to the topics mentioned herein, their current and former positions with Defendant, and their current address;

44. Defendant's document retention policy; and

45. The existence, identity, location, and description of any documents concerning the matters Nos. 1 through 44 listed above.

The deposition will be recorded by stenographic means by Integrity Legal Support Solutions, Austin, Texas (512) 320-8690, or some other officer duly authorized by law to take depositions. The deposition may also be videotaped.

Respectfully Submitted,

THE COOK LAW FIRM

Russell Scott Cook
State Bar No. 24040724
Melissa A. Jacobs
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFFS

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2012, I sent a true and correct copy of the above and foregoing to counsel of record as follows:

Stephanie O'Rourke
Bryan P. Marshall
Cokinos Bosien & Young
10999 IH 10 West, Suite 800
San Antonio, TX 78230

*Via Certified Mail, RRR*

_____
Melissa A. Jacobs