IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

**PLAINTIFF'S MOTION TO COMPEL**

TO THE HONORABLE SAM SPARKS:

Defendant agreed, on the record at the deposition of its corporate representative, to produce bimonthly payroll registers to supplement incomplete payroll records previously produced without objection in this case. Defendant has not done so. Plaintiff therefore respectfully requests that the Court compel Defendant to produce them.

**I.
Introduction & Background**

Defendant denies that it is an employer subject to the requirements of the Family and Medical Leave Act ("FMLA"), based on Defendant's claim that it has fewer than 50 employees. The issue of the number of Defendant's employees is the subject of cross-motions for partial summary judgment currently pending before this Court.

Payroll records play an important role in the process of determining an entity's number of employees, because the FMLA uses the payroll method to determine the number of employees.[1] The records Defendant has produced to date show at least 48 or 49 employees for at least 20

---

[1] As discussed in Plaintiff's Motion for Partial Summary Judgment, the payroll method is not the exclusive method for determining the number of employees, as an employer may also have "independent contractors" who are properly considered "employees" under the FMLA.

1

weeks of 2009 and 2010; thus, the payroll records Plaintiff seeks by this motion are not essential to a determination on her summary judgment motion.[2]  However, for the reasons below, Plaintiff is nonetheless entitled to all the promised payroll records.

Plaintiff initially requested Defendant's 2009 and 2010 payroll reports while her pregnancy discrimination case was pending in state court.[3]  Defendant produced, without objection, its fourth quarter payroll report for 2009 and end of year report for 2010, as well as a number of other documents related to the number of employees.[4]  Plaintiff amended her petition to add FMLA claims, and Defendant removed the case.[5]  Plaintiff subsequently sought more complete payroll records from Defendant through correspondence and efforts to confer with opposing counsel.

In a parallel effort to obtain complete information regarding the number of employees on Defendant's payroll for each calendar week of 2009 and 2010, Plaintiff noticed the deposition of Defendant's corporate representative.[6]  The Notice for that deposition sought testimony, *inter alia*, on the name of each employee on the payroll for each week of 2009 and 2010.[7]  Defendant did not serve objections to the Notice.

---

[2] Also, under the payroll method, the determination of who is on the payroll does not depend exclusively on who receives a paycheck for a particular pay period.  For example, employees on leave, and employees of educational institutions while school is not in session, are counted even during pay periods in which they perform no compensable work.  *See* Plaintiff's Motion for Partial Summary Judgment, § II.

[3] *See* Exhibit A, Plaintiff's Second Request for Production of Documents to Defendant.

[4] *See* Exhibit B, Defendant's Objections and Responses to Plaintiff's Second Request for Production (Request No. 8 seeks "[a]ny and all payroll reports of Defendant for 2009 and 2010.").

[5] *See* Docket Entry No. 1.

[6] *See* Exhibit C, Plaintiff's Notice of Intention to Take Oral Deposition of the Corporate Representative of Defendant Austin Montessori School, Inc. (served July 3, 2012, but first provided as a draft to Defendant on June 19, 2012).

[7] The names of each individual on Defendant's payroll in each week of 2009 and 2010 is a matter addressed by Items Nos. 2, 3 and 4 in Plaintiff's Notice of Intention to Take Oral

**II.**
**Defendant Produces Incomplete Payroll Registers During Corporate Representative**
**Deposition But Agrees to Fill in Gaps on the Record**

Defendant's corporate representative was deposed on July 26, 2012.[8]  She was not able to testify as to the name of each employee on the payroll for each week of 2009 and 2010, despite Defendant's obligation to prepare her to be able to do so.[9]  However, Defendant did reveal for the first time during the deposition that it had additional payroll records that it had not previously produced, and produced them.[10]  Specifically, Defendant produced a list of all individuals who had received checks for the pay periods spanning July through December 2010, generated by the payroll company Defendant currently uses, AmCheck.[11]  Defendant also produced bimonthly payroll registers for 10 of 38 pay periods between January 2009 and July 31, 2010, generated by its former payroll company ADP.[12]  Those bimonthly payroll registers helpfully conclude with statistics showing the numbers of employees paid, active employees not paid, and terminated employees paid; many show a total of 50 employees.[13]

In an effort to obtain the missing bimonthly payroll registers and resolve the issue without the need for court intervention, counsel agreed on the record to the following:

---

Deposition of the Corporate Representative of Defendant Austin Montessori School, Inc.  *See* Exhibit C.

[8] *See* Exhibit D, Corporate Representative Deposition.

[9] *Id.* at p.31:8-38:6.  Rule 30(b)(6) depositions streamline the discovery process; they require that a corporation identify and prepare witnesses to testify on the corporation's behalf on the matters identified in the deposition notice.  *See, e.g.*, FED. R. CIV. P. 30(b)(6); *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197-98 (5th Cir. 1993).

[10] *Id.* at 32:19-33:25.

[11] *See* Exhibit 31 to Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 29 (AMS 823-834).  Defendant explained through its corporate representative that Defendant had used ADP throughout 2009 and in 2010 before switching to AmCheck in July 2010.  *See* Exhibit D, Corporate Representative Deposition, p.9:6-10:1.

[12] *See* Exhibit 30 to Plaintiff's Motion for Summary Judgment, Docket Entry No. 29 (AMS 766-822).

[13] *See* Exhibit E.  [AMS 770, 775, 780, 786, 792, 799, 807 and 812].

MR. COOK:   Counsel for the defendant and plaintiff just spoke about an agreement on the record as far as production. Given the importance of these documents, defendants are going to agree to produce all remaining ADP payroll reports exhibited by Exhibit No. 3 for the years 2009 and 2010 as soon as possible, no later than two weeks. If you can't do it in two weeks, counsel will revisit over telephone and find another deadline in the near future, given the importance of these documents. Is that agreed?

MR. MARSHALL: That is agreed with the understanding that we are, like I said, at the mercy of ADP and AmCheck, but I certainly agree to produce those documents as soon as we get them.

MR. COOK: Okay. And on AmCheck, defendant will agree to produce the payroll report, bimonthly payroll report, for all periods when you were using AmCheck within 2009 and 2010, which I think is actually just limited to 2010.

THE WITNESS: Yes.

MR. COOK: And we can do that within the next few days?

THE WITNESS: Yes.

MR. MARSHALL: Agreed.

MR. COOK: Agreed by Monday?

MR. MARSHALL: Yeah, I would think so, absolutely.[14]

Counsel for Defendant in fact received additional payroll records from ADP and AmCheck no later than Monday, July 30, 2012, but did not produce them until the next day.[15] Moreover, those additional records were not the ADP bimonthly payroll registers promised, but earnings records. Those records, produced for the time period spanning January 2009 through August 2010, are grouped by quarter, with each page containing information regarding a single employee, showing the dates within that quarter in which he or she received a check.[16] They are not alphabetical,

---

[14] Exhibit D, Corporate Representative Deposition, p.205:15-206:16.

[15] *See* Exhibit F, Correspondence from counsel for Defendant to counsel for Plaintiff, July 31, 2012.

[16] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Exhibit A to Affidavit of Dawn Glasgow (AMS 766-1200).

4

and some include only employee numbers rather than names.[17]  In light of the state of the records

produced, it is not surprising that Defendant's summary of the earnings records (attached to

Defendant's summary judgment motion) contains errors.  For example, employee Erin Dean is

omitted from Defendant's summary for August 2009 through January 1, 2010, even though the

earnings records show that she received paychecks throughout that time period.[18]  Also,

employee Gilberto Miranda was omitted from November 30, 2009 through the end of December

2009.[19]  If Dean and Miranda had been included in Defendant's summary, Defendant's tally for

some of those time periods would have been 50 employees, despite the assertion otherwise in the

affidavit supporting Defendant's summary judgment motion.[20]

### III.
### Defendant's Belated Objection to Producing Complete Records is Factually and Legally Unfounded

In light of the fact that counsel for the Defendant agreed on the record to produce the

missing bimonthly payroll registers, and never objected to the production of payroll records,

Defendant has no legal grounds now on which to base its opposition to their production.

Defendant asserted in correspondence dated July 31, 2012, that "because our client did not have

possession, custody, or control of the documents until yesterday, it has never had any duty to

produce them to you.  *See* FRCP 34."[21]  Even if this objection had been timely made, Defendant

misreads the meaning of "possession, custody, or control" under Federal Rule of Civil Procedure

---

[17] *See* Exhibit G.

[18] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Exhibit B (Defendant's Summary) to Affidavit of Dawn Glasgow, p.6-7; Exhibit H.

[19] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Exhibit B (Defendant's Summary) to Affidavit of Dawn Glasgow, p.6-7; Exhibit H.

[20] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Affidavit of Dawn Glasgow, ¶ 4.

[21] *See* Exhibit F, Correspondence from counsel for Defendant to counsel for Plaintiff, July 31, 2012.

34. "Rule 34's definition of 'possession, custody, or control,' includes not only actual possession or control of the materials, but also the legal right or practical ability to obtain the materials from a nonparty to the action."[22]   Defendant clearly had both the legal right and practical ability to obtain such records, as demonstrated by the fact that Defendant in fact obtained them. Defendant's corporate representative also testified that their former payroll company sent written reports with payroll each pay period.[23]   Moreover, Defendant attached payroll reports to its motion for summary judgment and asserted in an affidavit that they are "kept by AMS in the regular course of business[.]"[24]   Defendant therefore should be ordered to produce, as soon as possible, complete bimonthly payroll registers for 2009 and 2010.[25]

## IV.
### Conclusion

For the reasons stated above, Plaintiff respectfully requests that the Court grant her motion and compel Defendant to produce complete bimonthly payroll registers for 2009 and 2010, as soon as possible.

---

[22] *White v. State Farm Mut. Auto. Ins. Co*., 2011 WL 3423388, at *2 (M.D. La. Aug. 4, 2011) (citing *In re Katrina Canal Breaches*, 2007 WL 1852184 (E.D. La. June 27, 2007); *U.S. v. Allstate Ins. Co*., 2010 WL 3522958 (E.D. La. August 31, 2010); *Keybank Nat. Ass'n v. Perkins Rowe Assocs.*, 2011 WL 765925 (M.D. La. Feb. 25, 2011)).

[23] Exhibit D, Corporate Representative Deposition, p.8:6-23; 10:2-19.  *See also id*. at p.34:2-37:4.

[24] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Affidavit of Dawn Glasgow, ¶ 3.

[25] *See, e.g.*, *White*, 2011 WL 3423388, at *2 (stating that payroll records generated by third party payroll company were "documents which ordinarily would be in plaintiff's possession, custody or control, especially where plaintiff has testified previously that he had the documents.").

6

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs

_____

Russell Scott Cook
scook@rcooklaw.com
State Bar No. 24040724
Melissa A. Jacobs
mjacobs@rcooklaw.com
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

_____

Melissa A. Jacobs

**CERTIFICATE OF CONFERENCE**

Plaintiff's counsel discussed this Motion with Defendant's counsel by telephone on August 2, 2012. Defendant's counsel subsequently indicated by email that they had requested the missing reports from ADP and indicated by phone and email today that Defendant is still working to obtain those reports. However, because the records have not been produced to date, Plaintiff must file this motion or will be unable to do so later per Local Rule CV 16(d). Should Defendant produce the records, Plaintiff will notify the Court.

/s/ Melissa A. Jacobs

_____

Melissa A. Jacobs