IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK

    PLAINTIFF

V.

    C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.

    DEFENDANT

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Austin Montessori School, Inc. ("AMS"), files this response to plaintiff Caroline Clark's motion for partial summary judgment.

### I.  Introduction

1.    AMS is not an "employer" under the FMLA because it did not employee 50 or more employees for 20 or more workweeks in 2009 or 2010. Additionally, Plaintiff is not an eligible employee under the FMLA for the same reason.

2.    Plaintiff seeks partial summary judgment on the issue of whether AMS was an employer under the FMLA. For the reasons set forth below, Plaintiff's motion should be denied.

### II. Summary Judgment Evidence

Amended Affidavit of Dawn Glasgow (with attachments) ...................... Exhibit A

Affidavit of Lucinda Castillo ................................................................ Exhibit B

Affidavit of Calvin Carter ...................................................................... Exhibit C

Excerpt of Dawn Glasgow's Deposition as Corporate
Representative of AMS ............................................................................ Exhibit D

Excerpt of Lucinda Castillo's Deposition ................................................ Exhibit E

Excerpt of Calvin Carter's Deposition ..................................................... Exhibit F

Excerpt of Sheilah Murphy's Deposition ................................................. Exhibit G

### III. Argument

**A.    AMS is not an "employer" under the FMLA.**

3.    AMS is not an "employer" under the FMLA's definition of employer. The FMLA defines employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees [within 75 miles of the worksite] for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4). According to Plaintiff's First Amended Petition, Plaintiff requested leave at the end of February or early March 2010, so the relevant time frame for determining the number of employees is 2009 and 2010.

#### 1.   The number of employees is determined by the payroll method.

4.    As Plaintiff correctly states in her motion for summary judgment, the FMLA regulations provide that the payroll method should be used to determine the number of employees employed.[1] FMLA regulation 29 C.F.R. 826.111(c) states:   "The determination of how many employees are employed within 75 miles of the worksite of an employee is based on the number of employees maintained on the payroll." AMS's payroll records conclusively establish that AMS never employed 50 employees or more.[2]

5.    Because AMS did not have 50 employees on its payroll, AMS is not a covered employer under the FMLA. *See McFadden v. Seagoville State Bank*, CIV.A. 308-CV-0467-B, 2009 WL 37596, at *5 (N.D. Tex. Jan. 6, 2009) (holding that, where the employer presented evidence that it had fewer than fifty employees on its payroll, the employer made a prima facie showing that it was not a covered employer and the employee was not an eligible employee

---

[1] *See* Plaintiff's Motion for Partial Summary Judgment, p. 2.

[2] *See* Exhibit A (Affidavit of Dawn Glasgow, ¶5) ("Based on my recollection, as well as the reports and spreadsheets, AMS did not employ 50 or more employees for each working day during each of 20 or more calendar workweeks in either 2009 or 2010.  In fact, as reflected in the reports and spreadsheets, AMS did not employ 50 or more employees for each working day during *any* workweek in either 2009 or 2010.").

under the FMLA); *see also Nichols v. All Points Transp. Corp. of Michigan, Inc.*, 364 F. Supp. 2d 621, 627 (E.D. Mich. 2005) (holding that affidavit of employer's accounting supervisor stating that employer never employed 50 employees, along with attached pay spreadsheet, established that employer did not employ the requisite number of employees to be covered under the FMLA).

      6.     Therefore, using the method specifically provided in the FMLA regulations, AMS did not employ the required 50 employees during the relevant time period to make it a covered employer under the FMLA.

**B.**     **The other individuals mentioned by Plaintiff were independent contractors.**

      7.     Notwithstanding the fact that the payroll method establishes that AMS employed fewer than 50 employees, Plaintiff argues that AMS had additional employees that should be counted toward the total number of employees.[3] Notably, Plaintiff cites no authority for the proposition that individuals not on the employer's payroll should nonetheless be counted as employees for purposes of determining FMLA application. Further, the aforementioned FMLA regulations and relevant case law directly contradict this proposition.

      8.     Further, even if individuals not on the payroll could be considered in determining the number of employees for coverage, the individuals mentioned by Plaintiff were independent contractors of AMS.[4] AMS treated these individuals as independent contractors, not employees.[5] AMS did not control or have the right to control the details of these individuals' work.[6] Also, AMS reported their earnings to the IRS using 1099 tax forms, which traditionally reflect independent contractor status.[7] *See Gazda v. Pioneer Chlor Alkali Co., Inc.*, 10 F. Supp.2d 656,

---

[3] *See* Plaintiff's Motion for Partial Summary Judgment, p. 6.
[4] *See* Exhibits A ¶¶6-7, B ¶2, C ¶3, and G, 54:17-55:4.
[5] *See* Exhibits A ¶7, B ¶3, C ¶2, and G, 54:17-55:4.
[6] *See* Exhibits A ¶7 and B ¶2.
[7] *See* Exhibits A ¶7, B ¶4, and C ¶4.

675 n. 44 (S.D. Tex. 1997) ("Nothing indicates that the individuals who received payments were anything other than independent contractors, as 1099 Forms typically indicate.").

9.      Plaintiff argues that these individuals were employees, stating that the FMLA defines "employee" based on the definition of employee under the FLSA.[8] Plaintiff is correct that the FMLA states:  The terms "employ", "employee", and "State" have the same meanings given such terms in subsections (c), (e), and (g) of section 203 of this title. 29 U.S.C. § 2611(3). In turn, section 203, which is part of the FLSA, states:  Except as provided in paragraphs (2), (3), and (4), the term "employee" means any individual employed by an employer. 29 U.S.C. § 203(e)(1). The FLSA also states:  "Employ" includes to suffer or permit to work. 29 U.S.C. § 203(g). However, the case cited by Plaintiff—an unpublished Louisiana federal district court case—applies the FLSA definition of employee in an altogether different context than the one in the instant case. *See Lumar v. St. John the Baptist Parish*, CIV.A. 01-1709, 2002 WL 500477 (E.D. La. Apr. 2, 2002). In that case, the issue was whether the plaintiff was considered an employee of the defendant based on the personal staff exemption in the FLSA. *Id.* The case did not explore whether the FLSA definition of employee also applied in terms of distinguishing between an employee and an independent contractor for purposes of determining whether an employer employed 50 employees. While the FLSA may sometimes guide the analysis of whether an individual was an employee in the FMLA context, it is not determinative in this case.

10.      Instead, the analysis of whether the individuals were independent contractors or employees should turn on the relevant FMLA regulations, which specifically deal with how to distinguish an employee from an independent contractor. The regulations recognize that the definition of "employ" in the FMLA is taken from the FLSA and that the employment relationship is broader than the traditional concept of master and servant. 29 C.F.R. § 825.105(a).

---

[8] See Plaintiff's Motion for Partial Summary Judgment, p. 6.

However, the regulations go on to emphasize that "determination of the relation cannot be based on 'isolated factors' or upon a single characteristic or 'technical concepts,' but depends 'upon the circumstances of the whole activity' including the underlying 'economic reality.'" *Id.* The FMLA regulations state: In general an employee, as distinguished from an independent contractor who is engaged in a business of his/her own, is one who "follows the usual path of an employee" and is dependent on the business which he/she serves. *Id.* The Southern District of Texas has adopted this regulation and emphasized that, under Texas law, when determining whether a party is an employee or an independent contractor, the focus is on the right of control over the details of the work to be performed. *Gazda v. Pioneer Chlor Alkali Co., Inc.*, 10 F. Supp.2d 656, 675 n. 44 (S.D. Tex. 1997) (citing *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993)).

11.     In determining whether employer status exists, the Fifth Circuit has "underscored the importance of 'the economic realities' of employment and affirmed a finding of employer status where there was evidence that the alleged employer 'independently exercised control over the work situation.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-195 (5th Cir. 1983)). "The right to control, although the most significant factor, is not alone determinative." *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). Additional factors include:  (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated, i.e. by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether

the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties. *Id.*

12.    Based on these factors, all of the individuals mentioned by Plaintiff are independent contractors. Additionally, even if Plaintiff's factors under the FLSA analysis were applied, the individuals are still independent contractors, based on the attached summary judgment evidence.

### 1. Lucinda Castillo

13.    Lucinda Castillo was considered by AMS to be an independent contractor because she decided how she was going to drive the bus.[9] Ms. Castillo also considered herself to be an independent contractor, not an employee.[10] Ms. Castillo had the freedom to control how she drove the bus.[11] Ms. Castillo could take different routes if she wanted to.[12] The school did not tell her when she had to show up for work,[13] and the schedule she had to follow was by virtue of the bus route itself.[14] She had control over her work because no supervisor was there and she was doing it by herself.[15] She did not have much supervision because she was self-sufficient and just drove the bus.[16] Ms. Castillo had no contract for her job[17] and never talked to AMS about how

---

[9] *See* Exhibit D, 134:2-5.
[10] *See* Exhibit B, ¶2.
[11] *See* Exhibit D, 134:8; Exhibit B, ¶2.
[12] *See* Exhibit D, 130:1-3.
[13] *See* Exhibit E, 28:17-19.
[14] *See* Exhibit E, 29:3-9.
[15] *See* Exhibit D, 135:12-17.
[16] *See* Exhibit E, 20:6-10.
[17] *See* Exhibit E, 8:2-3; Exhibit B, ¶3.

long she would work there.[18] She had other odd jobs at the same time[19] and could have driven buses for other schools.[20]

### 2.  Calvin Carter

14.     Calvin Carter, who worked as a janitor at AMS, was also an independent contractor. In *Cobb v. Sun Papers, Inc.*, the court looked at several factors to conclude that a janitor was an independent contractor. 673 F.2d 337, 341 (11th Cir. 1982). The court noted that the janitor was not given exact hours to work but rather was told what cleaning tasks should be accomplished. *Id.* The janitor was not told the details of how to perform the job or by whom it was to be performed, and the janitor had other individuals help him clean. *Id.* The court emphasized that the employer treated the janitor as an independent contractor in its accounting materials, not paying him the same way as actual employees and not withholding any taxes. *Id.* The court also noted that the janitor, after this relationship ended, provided janitorial services to other companies. *Id.* at 342. The court concluded that there was no supervision of how the work was to be done, and the direction given was a typical way of dealing with an independent contractor. *Id.*

15.     Applying the *Cobb* court's analysis to the facts of this case proves Calvin Carter was an independent contractor. AMS considered Calvin Carter to be an independent contractor because he controlled his own work and was an expert in cleaning.[21] Mr. Carter also considered himself to be an independent contractor, not an employee.[22] Just as the janitor in *Cobb* was not told the details of how to perform the job, Mr. Carter decided how he was going to go about

---

[18] *See* Exhibit E, 8:4-9; Exhibit B, ¶3.
[19] *See* Exhibit E, 23:12-13; Exhibit B, ¶5.
[20] *See* Exhibit E, 26:21-23; Exhibit B, ¶5.
[21] *See* Exhibit D, 92:24-25.
[22] *See* Exhibit C, ¶3.

cleaning,[23] and no one from the school trained him.[24] He was given discretion like the janitor in *Cobb* because AMS approved materials for him to use but he sometimes used his own.[25] Just as the janitor in *Cobb* was not given exact hours to work, Mr. Carter could work at the school anytime after 5:30 and before the morning[26] and did not have set hours.[27] The school contracted with Mr. Carter, but he could have other people helping him if he wanted, like the janitor in *Cobb* who had other individuals help him clean.[28] The fact that Mr. Carter provided services to other companies *during* the time he worked for AMS is an even stronger factor in favor of independent contractor status than the janitor in *Cobb*, who provided janitorial services to other companies *after* he worked for the employer at issue. During some of the time he worked at AMS, Mr. Carter had his regular full-time job at the University of Texas[29] and also had a business mowing lawns.[30] If Mr. Carter had wanted to clean other schools at the same time, he had that option.[31]

### 3.  Sheilah Murphy

16.      Sheilah Murphy was a parent at AMS who also did some occupation work at the adolescent community.[32] She was contracted to teach humanity or occupation units during a year that AMS had a need for her.[33] Ms. Murphy was considered a specialist[34] and nobody had to stand over her.[35] She had a lot of freedom to design the courses she wanted.[36] She was in control

---

[23] *See* Exhibit D, 96:13-17; Exhibit C, ¶2.
[24] *See* Exhibit F, 27:17-19; Exhibit C, ¶2.
[25] *See* Exhibit D, 85:3-6; Exhibit C, ¶2.
[26] *See* Exhibit D, 92:2-4.
[27] *See* Exhibit F, 8:25; Exhibit C, ¶2.
[28] *See* Exhibit D, 75:4-5.
[29] *See* Exhibit F, 7:22-25; Exhibit C, ¶5.
[30] *See* Exhibit D, 83:3-4;.Exhibit C, ¶3.
[31] *See* Exhibit F, 35:14-17; Exhibit C, ¶6.
[32] *See* Exhibit D, 138:21-22.
[33] *See* Exhibit D, 139:5-8.
[34] *See* Exhibit D, 139:19-20.
[35] *See* Exhibit D 142:20-21.

of her own schedule[37] and no one observed her teaching.[38] It was her choice how to spend her prep time,[39] and it was also up to her what she did during the time after she taught the unit.[40] She could have taken on other work if she wanted to.[41]

**C.    Plaintiff is not an eligible employee under the FMLA.**

17.    Additionally, Plaintiff is not an "eligible employee" under the FMLA for these same reasons. The Fifth Circuit has specifically stated that, in order to be an eligible employee under the FMLA, an individual must be employed at a worksite at which, or within 75 miles of which, the employer employs more than 50 employees. *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 353 (5th Cir. 2006) ("The Act defines 'eligible employee' as 'an employee who has been employed (i) for at least 12 months by the employer ... and; (ii) for at least 1,250 hours of service with such employer during the previous 12-month period,' *excluding any employee* who is employed at a worksite at which, or within 75 miles of which, the employer employs less than 50 employees."). The statutory language is: "The term 'eligible employee' does not include...any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii).

18.    The relevant time frame for determining whether Plaintiff was an eligible employee is when she actually requested leave. *See* 29 C.F.R. § 825.110(e) ("Whether 50 employees are employed within 75 miles to ascertain an employee's eligibility for FMLA benefits is determined when the employee gives notice of the need for leave."). She requested

---

[36] *See* Exhibit G, 10:15-18.
[37] *See* Exhibit G, 59:3-10.
[38] *See* Exhibit G, 38:4-12.
[39] *See* Exhibit G, 22:4-9.
[40] *See* Exhibit G, 20:21-25.
[41] *See* Exhibit G, 50:6-14.

leave at the end of February or beginning of March 2010, at which time AMS employed 47 employees.[42] Because AMS did not employ 50 or more employees at the time Plaintiff requested leave, she is not an eligible employee under the FMLA.

**D.    Conclusion**

19.    AMS is not a covered employer under the FMLA.  As evidenced in the payroll records, AMS did not employ the required 50 employees. Even if the court were to look beyond the payroll records, which Plaintiff cites no authority to support, the individuals in question were independent contractors rather than employees. Additionally, Plaintiff is not an eligible employee under the FMLA for the same reasons.

**VI.    Prayer**

20.    WHEREFORE, PREMISES CONSIDERED, AMS respectfully asks the Court to deny Plaintiff's motion for partial summary judgment and grant such other and further relief which AMS may show itself justly entitled.

Respectfully submitted,

_/s/  Bryan P. Marshall_
Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

---

[42] *See* Plaintiff's First Amended Petition, p. 11 (docket no. 28-7); *see* Exhibit A.

## Certificate of Service

I hereby certify that on August 10, 2012, the foregoing document was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
The Cook Law Firm
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

_/s/   Bryan P. Marshall_
Bryan P. Marshall