IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

### PLAINTIFF'S MOTION TO STRIKE PORTIONS OF
### THE AFFIDAVIT OF DAWN GLASGOW

## I.  Introduction

In support of Defendant's Motion for Partial Summary Judgment, Defendant has submitted the affidavit of Dawn Glasgow.  Plaintiff now moves to strike portions of that affidavit on grounds that they improperly state legal conclusions and address matters on which Glasgow was unprepared to testify to at her corporate representative deposition.

## II.
## Legal Conclusions in Glasgow's Affidavit Should be Stricken

Affidavits that state "ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary-judgment motion."[1]  The ultimate conclusion that an individual is an employee within the meaning of the FLSA is a legal, and not a factual, determination.[2]  The following statements from paragraph 4 of Glasgow's affidavit improperly state legal conclusions:

---

[1] *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (quoting Wright & Miller, supra, § 2738; citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985)).

[2] *See Cromwell v. Driftwood Elec. Contractors, Inc.*, 348 F. App'x 57, 59 (5th Cir. 2009) (citing *Mr. W Fireworks, Inc.*, 814 F.2d at 1045; *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327 & n. 24 (5th Cir. 1985)).

1

> AMS did not employ 50 or more employees for each working day during each of 20 or more calendar workweeks in either 2009 or 2010. In fact, as reflected in the reports and spreadsheets, AMS did not employ 50 or more employees for each working day during *any* workweek in either 2009 or 2010.[3]

These statements relate to the legal issue at the heart of both parties' cross-motions for summary judgment: whether Defendant had 50 employees for at least 20 weeks of 2009 and 2010. As discussed in Plaintiff's motion and in response to Defendant's motion, the payroll method of counting employees does not rely exclusively on the number of individuals paid during a given pay period, and payroll is not the exclusive source for determining who is an employee under the FLSA. Glasgow's statements are based only on records reflecting Defendant's issuance of paychecks, and an erroneous summary of such records.[4] Those statements thus do not provide a full picture as to the number of Defendant's employees as a matter of law.

Additionally, the following two sentences in paragraphs 5 and 7 state legal conclusions related to Defendant's proposed legal analysis for determining whether an individual is an employee:

> The individuals listed in Paragraph 6 were not AMS's employees because AMS did not control, nor did it have the right to control, the details of their work.[5]

---

[3] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Exhibit B Affidavit of Dawn Glasgow (hereinafter referred to as "Affidavit of Dawn Glasgow"), ¶ 4.

[4] *See* Defendant's Motion for Partial Summary Judgment, Docket Entry No. 28, Exhibit B (Defendant's Summary) to Affidavit of Dawn Glasgow, p.6-7. For example, employee Erin Dean is omitted from Defendant's summary for August 2009 through January 1, 2010, even though the earnings records show that she received paychecks throughout that time period. Exhibit A. Also, employee Gilberto Miranda was omitted from November 30, 2009 through the end of December 2009. *Id.* If Dean and Miranda had been properly included in Defendant's summary, Defendant's tally for some of those time periods would have been 50 employees, despite the assertion otherwise in the affidavit supporting Defendant's summary judgment motion.

[5] Affidavit of Dawn Glasgow, ¶ 7

> With regard to each individual listed in the attached reports and spreadsheets, with the exception of Kjersti Wheeler and Judy Johnson, AMS exercised control over the details of their work.[6]

> The individuals listed in Paragraph 8 were neither AMS employees nor independent contractors.  AMS did not control, nor did it have the right to control, the details of their work.[7]

These statements do not reflect facts showing that Defendant did not control or have the right to control the details of certain individual's work, but simply impermissibly state that as legal conclusions.

In sum, the number of Defendant's employees, and whether or not Defendant controlled or had the right to control the details of the work performed by those providing services for the Defendant, are legal conclusions reserved for the Court.  These statements should therefore be stricken from Glasgow's affidavit.[8]

**III.**
**Glasgow Should Not Be Permitted to Offer Evidence On Matters**
**She Was Not Prepared to Testify to at the Rule 30(b)(6) Deposition**

The statements from paragraph 4 of Glasgow's affidavit discussed above are objectionable for another reason: they reflect knowledge on which she should have been prepared to testify at her corporate representative deposition but was not.  Plaintiff noticed the deposition of Defendant's corporate representative on July 3, 2012.[9]  The Notice for that deposition sought testimony, *inter alia*, on the name of each employee on the payroll for each week of 2009 and 2010.[10]  Defendant did not serve objections to the Notice.

---

[6] *Id.* at ¶ 5.

[7] *Id*. at ¶ 9. *See also* Exhibit D (excerpts from Defendant's Parent Community Handbook related to music lessons).

[8] *See Cutting Underwater Technologies USA, Inc.*, 671 F.3d at 516.

[9] *See* Exhibit B, Plaintiff's Notice of Intention to Take Oral Deposition of the Corporate Representative of Defendant Austin Montessori School, Inc. (served July 3, 2012).

[10] The names of each individual on Defendant's payroll in each week of 2009 and 2010 is a

3

At the corporate representative deposition on July 26, 2012, Glasgow testified that she could not recall the name of each employee on the payroll for each week of 2009 and 2010.[11] She also agreed that she was unable to testify as to which employees were paid as employees for every work week in 2009 and 2010.[12]  She testified that she reviewed some payroll reports in preparation for her deposition, but that she did not have complete payroll reports available.[13] With respect to some additional reports she obtained prior to the deposition, she testified that she had looked briefly at them but not reviewed them.[14]  Glasgow's affidavit, signed five days later on July 31, 2012, points to her recollection, payroll reports, and a spreadsheet summarizing those reports as support for her conclusion that Defendant did not employ 50 or more employees during 2009 or 2010.[15]

Rule 30(b)(6) depositions require that a corporation identify and prepare witnesses to testify on the corporation's behalf on the matters identified in the deposition notice.[16]  Rule 30(b)(6) explicitly requires that a person designated by the corporation "must testify about information known or reasonably available to the organization."[17]  Federal courts have interpreted Rule 30(b)(6) as prohibiting a corporate representative from disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that

---

matter addressed by Items Nos. 2, 3 and 4 in Plaintiff's Notice of Intention to Take Oral Deposition of the Corporate Representative of Defendant Austin Montessori School, Inc.  *See* Exhibit B.

[11] *See* Exhibit C, Corporate Representative Deposition, p.31:8-38:6.

[12] *See* Exhibit C, Corporate Representative Deposition, p.38:12-16.

[13] *Id*. at p.7:18-11:8.  Plaintiff first requested all of Defendant's 2009 and 2010 payroll reports last fall.  *See* Exhibit E, Plaintiff's Second Request for Production of Documents to Defendant.

[14] *Id*. at 35:22-38:6.

[15] Affidavit of Dawn Glasgow, ¶ 4.

[16] *See, e.g.*, FED. R. CIV. P. 30(b)(6); *Resolution Trust Corp. v. Southern Union Co., Inc*., 985 F.2d 196, 197-98 (5th Cir. 1993).

[17] FED. R. CIV. P. 30(b)(6).

subject.[18]  "This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial."[19]

For example, in *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 92 (D.D.C. 1998), the defendant's 30(b)(6) corporate representative stated that he did not know what percentage of the plaintiff's time was spent on exempt functions. In response to the plaintiff's motion for summary judgment, the defendant filed an affidavit of a former employee quantifying the plaintiff's work on those functions.[20]  The district court excluded this affidavit, finding that Rule 30(b)(6) required exclusion of that affidavit from consideration of the motion for summary judgment where defendant made no showing that the affidavit's particular allegations were not "reasonably available" at the time of the depositions.[21]

Defendant here will be unable to show that the earnings records it obtained after the corporate representative deposition were not "reasonably available" prior to that deposition. Defendant obtained them within 3 business days of the corporate representative deposition, Glasgow refers to those records as its business records, and Glasgow testified that Defendant receives payroll reports with payroll each pay period.[22]  Accordingly, Glasgow's affidavit testimony related to the number of Defendant's employees should be stricken.[23]

---

[18] *See, e.g., Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991).

[19] *United States v. J.M. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.1996).  *See also Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D.D.C. 1998) ("Rule 30(b)(6) 'aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case.'"); *Ierardi*, 1991 WL 158911, at *3 (quoting *Fed. Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 201 (E.D. Tenn. 1986)).

[20] *See, e.g., Rainey*, 26 F.Supp.2d at 93-94.

[21] *Id*. at 94.

[22] *See* Exhibit F, Correspondence from counsel for Defendant to counsel for Plaintiff, July 31, 2012; Affidavit of Dawn Glasgow, ¶ 3; Exhibit C, Corp. Rep. Depo., p.8:6-23; 10:2-19.

[23] *See, e.g., Rainey*, 26 F.Supp.2d at 95-96.

**IV.**
**Conclusion**

For the reasons stated above, Plaintiff respectfully requests that the Court grant her

motion, and strike the following statements from Glasgow's affidavit:

Paragraph 4:
AMS did not employ 50 or more employees for each working day during each of
20 or more calendar workweeks in either 2009 or 2010.  In fact, as reflected in the
reports and spreadsheets, AMS did not employ 50 or more employees for each
working day during *any* workweek in either 2009 or 2010.

Paragraph 5:
With regard to each individual listed in the attached reports and spreadsheets,
with the exception of Kjersti Wheeler and Judy Johnson, AMS exercised control
over the details of their work.

Paragraph 7:
The individuals listed in Paragraph 6 were not AMS's employees because AMS
did not control, nor did it have the right to control, the details of their work.

Paragraph 9
The individuals listed in Paragraph 8 were neither AMS employees nor
independent contractors.  AMS did not control, nor did it have the right to control,
the details of their work.

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs
_____

Russell Scott Cook
scook@rcooklaw.com
State Bar No. 24040724
Melissa A. Jacobs
mjacobs@rcooklaw.com
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

Melissa A. Jacobs

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel has conferred with counsel for Defendant regarding this motion. Defendant is opposed.

/s/ Melissa A. Jacobs

Melissa A. Jacobs