IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

**PLAINTIFF'S OBJECTIONS & REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    Objections to Glasgow's Amended Affidavit**

In responding to Plaintiff's motion for partial summary judgment on the number of employees, Defendant relies in part on the Amended Affidavit of Dawn Glasgow.[1]  Specifically, Defendant points to paragraphs 5, 6, and 7.[2]   Plaintiff objects to Defendant's reliance on those portions of Glasgow's Amended Affidavit, to the extent that they state legal conclusions and thus are not suitable summary judgment evidence.[3]  Plaintiff also objects to Defendant's reliance on paragraph 5 of the Amended Affidavit, which addresses a matter on which Glasgow was unprepared to testify to at her corporate representative deposition.  For the reasons and authority cited in Plaintiff's motion to strike portions of the original version of Glasgow's affidavit, such statements should be stricken from her affidavit.[4]

---

[1] Defendant filed an affidavit of Dawn Glasgow in support of its cross-motion on the number of employees.  The Amended Affidavit, filed with Defendant's response to Plaintiff's motion, is substantively the same as the original affidavit, except to note that new spreadsheets have been attached to correct inaccuracies in the prior spreadsheets.

[2] *See* Defendant's Response, p.2, n.2 (citing ¶ 5 of the Amended Affidavit; p.3 n.4-7 (citing to ¶¶ 6 and 7 of the Amended Affidavit).

[3] Specifically, Plaintiff challenges the portion of ¶ 7 asserting that individuals whose status is at issue in her partial summary judgment motion—Calvin Carter, Cleotilde Maldonado, Francisca Tejeda, Miguel Reyes, Lucinda Castillo, and Sheilah Murphy—are independent contractors.

[4] Plaintiff incorporates by reference herein her Motion to Strike Portions of the Affidavit of

1

## II. Reply

**A.    The Payroll Records and Authority Cited by Defendant Do Not Conclusively Establish that Defendant is Not a Covered Employer Under the FMLA**

Contrary to Defendant's claim otherwise, the payroll records Defendant has submitted in support of its response simply do not conclusively establish that Defendant is not an employer. Notably, while Defendant acknowledges the applicability of the payroll method, which counts not just paid but also both active employees, Defendant has chosen to submit only its earnings records. Defendant also tellingly omits mention of its reports to the IRS, generated on the basis of Defendant's payroll, showing 50 or more employees for three quarters in 2009.[5]

In light of this evidence and other circumstances present in this case, Defendant's reliance on *Nichols v. All Points Transp. Corp. of Michigan, Inc*. and *McFadden v. Seagoville State Bank,* 2009 WL 37596 (N.D. Tex. Jan. 6, 2009) is misplaced. First, Defendant misleadingly cites *Nichols* as "holding that the affidavit of employer's accounting supervisor stating that employer never employed 50 employees, along with attached pay spreadsheet, established that employer did not employ the requisite number of employees to be covered under the FMLA."[6] In *Nichols*, the defendant was a shipping company that admitted that it had 11 employees.[7] The dispute over the number of employees focused primarily on whether a number of drivers who also worked for the company were correctly classified as independent contractors. The *Nichols* court agreed that the appropriate test for making that determination was the FLSA economic realities test, because the FMLA incorporates the definition of employee under the

---

Dawn Glasgow, Docket Entry No. 39.
[5] *See* Plaintiff's Motion, § III.
[6] Defendant's Response, at p.3.
[7] 364 F. Supp.2d at 623.

FLSA.[8]   Another issue in *Nichols* was the absence of evidence showing the time periods each driver worked, whereas Plaintiff has presented evidence showing that the individuals whose classification is in dispute worked throughout the applicable school year.[9]

In *McFadden*, the court did find that where the defendant presented evidence that it had fewer than 50 employees at all applicable times, and the plaintiff did not dispute those facts, the defendant had made a prima facie showing that it was not a covered employer, nor the plaintiff an eligible employee.[10]   But the court nevertheless found that summary judgment for the defendant on that issue was precluded, based on the plaintiff's evidence favoring application of the doctrine of equitable estoppel.[11]   Also, in contrast to the plaintiff in *McFadden*, Plaintiff here has presented substantial evidence disputing Defendant's claims on the number of employees.

**B.    Defendant Has Failed to Rebut the Substantial Evidence that Castillo, Carter, and Murphy Are Properly Classified as "Employees" Under the FMLA**

Defendant has likewise failed to create a genuine issue of material fact regarding the employee status of Lucinda Castillo and Calvin Carter (and others in those positions), as well as Sheilah Murphy.  First, Defendant asserts that the FMLA regulation on distinguishing employees from independent contractors should apply, and notes that the regulation recognizes that the FMLA utilizes the FLSA's definition of employee.[12]   But Defendant then cites the inapplicable

---

[8] *Id*. at 629-631.

[9] *Id*. at 628; Plaintiff's Motion, § IV.  This evidence also supports the rejection of Defendant's argument that Plaintiff is not an "eligible employee." Of note, Defendant inaccurately states the relevant time frame for determining whether Plaintiff is an eligible employee.

[10] 2009 WL 37596, at *5.

[11] *Id*. at *5-7.

[12] Defendant's Response, p.4-5 (citing 29 C.F.R. § 825.105(a)).  Defendant also cites *Gazda v. Pioneer Chlor Alkali Co.*, 10 F Supp.2d 656, 675 n.44 (S.D. Tex. 1997), asserting that "[t]he Southern District of Texas has adopted this regulation and emphasized that, under Texas law, when determining whether a party is an employee or an independent contractor, the focus is on the right of control over the details of the work to be performed." Defendant's Response, p.5.  In *Gazda*, the court observed in a footnote that the plaintiff "vaguely referenced" six individuals

3

Title VII economic realities test for distinguishing employees from independent contractors in *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). Regardless, Defendant ignores most of the *Broussard* factors with respect to Castillo, Carter, and Murphy.

With respect to the applicable FLSA economic realities factors related to Castillo's work, Defendant makes absolutely no mention of any facts relevant to the factors of the relative investment of the worker and Defendant, the degree to which opportunity for profit or loss is controlled by Defendant, or skill and initiative. Defendant does not offer any facts suggesting that Castillo has control indicating that she "stands as a separate business entity." The fact related to permanency mentioned by Defendant—that she has no contract—shows that she is more like an at-will employee rather than an independent contractor.

With respect to Carter, Defendant cites *Cobb v. Sun Papers, Inc.*, 673 F.2d 337 (11th Cir. 1982), a Title VII case which actually supports finding that Carter is an employee. Significantly, as the *Cobb* court observed, the use of the narrower Title VII definition of employee there versus the broader FLSA economic realities test was outcome determinative.[13] Also, the "most critical fact" in *Cobb* was that the plaintiff had the work performed by others in addition to himself, and the company "had nothing to do" with having others do the work.[14] Defendant now attempts to assert that, like the plaintiff in *Cobb*, Carter could have had others help him.[15] But not only did Carter testify that it was not economically feasible to hire help, Glasgow also testified that "to

---

who received 1099s from the defendant, but did not submit any additional evidence regarding those individuals or when they had worked. In that footnote, the *Gazda* court cites the FMLA regulation discussing the FLSA economic realities test, but also *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993), which involves the distinct analysis of employee status under agency law. *Gazda*, 10 F Supp.2d at 675 n.44. However, in light of the fact that the *Gazda* court had no evidence regarding the individuals who received 1099s, this is dicta; thus, the apparent contradiction in the appropriate authority to apply need not be resolved.

[13] 673 F.2d at 341.

[14] *Id*. at 342.

[15] Defendant's Response, p.8; Exhibit 4 to Plaintiff's Motion, Corp. Rep. Depo., p.92:21-93:3.

4

appease the parents" Defendant started performing background checks on everyone who did any work for Defendant.[16]   Carter thus lacked unfettered control over whom he could bring to clean.[17]   Also, while Defendant points to other jobs Carter held, that fact does not help Defendant, as none involved custodial work, or otherwise demonstrate that he was in business for himself rather than dependent on Defendant.

Finally, with respect to Murphy, Defendant again makes absolutely no mention of any facts relevant to the factors of the relative investment of the worker and Defendant, the degree to which opportunity for profit or loss is controlled by Defendant, or initiative.  Defendant mentions the points already acknowledged by Plaintiff regarding the discretion Murphy had over the curriculum she taught, but does not distinguish that discretion from that exercised by the other instructors in the Adolescent Community.  And Defendant does not point to any facts showing that Murphy had control indicating that she "stands as a separate business entity."  Also, to the extent that Defendant's allegation that Murphy "was a specialist" may relate to the factor of skill, Glasgow's testimony actually suggests that the idea originally was to hire specialists to teach the units, but that Murphy was ultimately hired for her broad knowledge.[18]  And Defendant does not dispute Plaintiff's evidence that Murphy's teaching included subject matters outside of her education and experience.

### III. Conclusion

For the reasons stated above, Defendant has failed to establish that a genuine issue of material fact exists with respect to whether Defendant is an employer under the FMLA. Plaintiff thus respectfully requests that her motion for partial summary judgment on this issue be granted.

---

[16] *Id*. at p.110:10-111:14; Exhibit 7 to Plaintiff's Motion, Carter Deposition, p.28:8-14.
[17] *See Lang v. DirecTV*, 801 F.Supp.2d 532, 539 (E.D. La. 2011).
[18] *See* Exhibit 4 to Plaintiff's Motion, Corp. Rep. Depo., p.138:19-141:16.

5

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs

_____

Russell Scott Cook
scook@rcooklaw.com
State Bar No. 24040724
Melissa A. Jacobs
mjacobs@rcooklaw.com
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

_____

Melissa A. Jacobs

6