IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLINE CLARK<br><br>PLAINTIFF<br><br>V.<br><br>AUSTIN MONTESSORI SCHOOL, INC.<br><br>DEFENDANT | C.A. NO. A-12-CV-007-SS |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE PORTIONS OF THE
AFFIDAVIT OF DAWN GLASGOW**

Defendant, Austin Montessori School, Inc. ("AMS"), files this response to plaintiff Caroline Clark's motion to strike portions of the Affidavit of Dawn Glasgow.

**A.   The statements in Glasgow's affidavit are not legal conclusions.**

In her motion to strike, plaintiff Caroline Clark ("Plaintiff") asserts the following statements contained in Dawn Glasgow's affidavit are legal conclusions:

> AMS did not employ 50 or more employees for each working day during each of 20 or more calendar workweeks in either 2009 or 2010. In fact, as reflected in the reports and spreadsheets, AMS did not employ 50 or more employees for each working day during any workweek in either 2009 or 2010.[1]
>
> The individuals listed in Paragraph 6 were not AMS's employees because AMS did not control, nor did it have the right to control, the details of their work.[2]
>
> With regard to each individual listed in the attached reports and spreadsheets, with the exception of Kjersti Wheeler and Judy Johnson, AMS exercised control over the details of their work.[3]

---

[1] Docket No. 39, p.2.
[2] Docket No. 39, p. 2.

1

> The individuals listed in Paragraph 8 were neither AMS employees nor independent contractors. AMS did not control, nor did it have the right to control, the details of their work.[4]

These statements reflect Glasgow's understanding of the facts and are not impermissible legal conclusions. *See Tremont LLC v. Halliburton Energy Services, Inc.*, 696 F.Supp.2d 741, 760 n. 17 (S.D. Tex. 2010) ("These paragraphs reflect Martin's understanding about liability transferred under the restructurings and are not simply legal conclusions."); *see McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 467 (D. Or. 2002). Further, as Plaintiff recognizes in her motion to strike, these statements are based on the payroll records themselves and represent a summary of the records.[5]

Notably, in her motion for partial summary judgment, Plaintiff herself argues that the individuals listed in AMS's payroll records for 2009 and 2010 are employees.[6] It is disingenuous for her to now contend that Glasgow's assertion—which is identical to her own—is improper.

**B.    During her deposition as AMS's corporate representative, Glasgow testified about AMS's employees in 2009 and 2010.**

In her motion to strike, Plaintiff argues that Glasgow testified during her deposition as AMS's corporate representative that she could not testify *at all* about the names of the individuals on AMS's payroll in 2009 and 2010.[7] Such an assertion is not only misleading, it misconstrues Glasgow's testimony. In reality, Glasgow

---

[3] Docket No. 39, p. 3.
[4] Docket No. 39, p. 3.
[5] Docket No. 39, p. 2.
[6] Docket No. 29, pp. 2–4.
[7] Docket No. 39, p. 4.

2

testified that she was prepared and able to testify about the names of the individuals on AMS's payroll.[8] However, as she explained to Plaintiff's counsel, she simply had not committed the names of all the individuals on AMS's payrolls to memory.[9] Plaintiff's complaint, essentially, is that Glasgow did not memorize the names of over 40 AMS employees in 2009 and 2010. While Federal Rule of Civil Procedure 30(b)(6) imposes an obligation for a corporate designee to engage in a good faith effort to prepare for a 30(b)(6) deposition, it does not force a designee to undergo an outrageous memory test.[10]

Notably, on three different occasions during Glasgow's deposition, Plaintiff's counsel named each individual, one by one, on AMS's payrolls for 2009 and 2010 and asked Glasgow if the individuals were AMS's employees.[11] Glasgow testified about each and every individual listed in the payrolls. Her testimony not only proves that she was indeed prepared and able to testify about the names of the individuals on AMS's payroll in 2009 and 2010, it also disproves Plaintiff's assertion that Glasgow "disclaimed" AMS's knowledge about its employees or that AMS engaged in "sandbagging."

C. **Whether the AMS's payroll records for 2009 and 2010 were reasonably available prior to Dawn Glasgow's deposition is irrelevant because she was not only prepared and able to testify about AMS's employees in 2009 and 2010, she did in fact testify about AMS's employees.**

In her motion to strike, Plaintiff asserts that "Defendant will be unable to show that the earnings records it obtained after the corporate representative

---

[8] *See* Exhibit A (Glasgow Depo.), 31:17-19.
[9] *See* Exhibit A, 32:12–18.
[10] FED. R. CIV. P. 30(b)(6).
[11] *See* Exhibit A, 42:6–46:9; 55:24–59:22; 64:10–68:12.

deposition were not 'reasonably available' prior to that deposition."[12] However, whether the records were available prior to the deposition is irrelevant because, as stated above, Glasgow was not only prepared and able to testify about AMS's employees in 2009 and 2010, she did in fact testify about AMS's employees.

Alternatively, AMS can prove that a complete set of its payroll records were not reasonably available prior to Glasgow's deposition. Prior to her deposition, Glasgow made a diligent effort to obtain AMS's 2009 and 2010 payroll records from its former third party payroll service, ADP.[13] However, ADP was not only delayed in providing Glasgow with the records she requested, the records it provided were incomplete.[14] AMS's counsel produced the incomplete records to Plaintiff's counsel during Glasgow's deposition.[15] AMS's counsel explained to Plaintiff's counsel that the records were incomplete.[16] Despite Glasgow's diligent effort to obtain a complete copy of AMS's 2009 and 2010 payroll records from ADP prior to her deposition, due to errors and delay by ADP, Glasgow was unable to obtain a complete copy of the records. Thus, they were not reasonably available. Nevertheless, Glasgow was prepared and able to testify about the names of the individuals on AMS's payroll in 2009 and 2010.

For these reasons, Plaintiff's motion to strike should be denied.

---

[12] Docket No. 39, p. 5.
[13] *See* Exhibit B (Affidavit of Dawn Glasgow).
[14] *See* Exhibit B, ¶3.
[15] *See* Exhibit B, ¶4.
[16] See Exhibit B, ¶4.

4

WHEREFORE, PREMISES CONSIDERED, AMS respectfully asks the Court to deny Plaintiff's motion to strike and grant such other and further relief which AMS may show itself justly entitled.

Respectfully submitted,

/s/ *Bryan P. Marshall*
Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I hereby certify that on August 21st, 2012, the foregoing document was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
The Cook Law Firm
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

                                            */s/ Bryan P. Marshall*
                                            Bryan P. Marshall