IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK

    PLAINTIFF

V.                                      C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.

    DEFENDANT

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Austin Montessori School, Inc. ("AMS"), files this reply to plaintiff Caroline Clark's response to its motion for partial summary judgment.

## I.  Introduction

AMS is entitled to partial summary judgment because it did not employ 50 or more employees for 20 or more workweeks in 2009 or 2010, and, therefore, AMS is not subject to the FMLA.

## II.  Argument

**A.**    **Plaintiff concedes that, under the payroll method, AMS did not have enough employees to invoke the application of the FMLA.**

Both AMS *and* plaintiff Caroline Clark ("Plaintiff") have concluded that, based on AMS's payroll records for 2009 and 2010, AMS did not employ 50 or more employees for 20 or more workweeks in 2009 or 2010.[1] Consequently, under 29 U.S.C. § 2611(4), AMS is not an "employer," and the FMLA does not apply to it.

---

[1] Exhibit B to Docket No. 28; Exhibit B to Docket No. 38.

**B.      Individuals who are not on AMS's payroll cannot count toward the number of employees AMS had during the relevant time period.**

Plaintiff asserts that individuals who are not on AMS's payroll can count toward the number of employees AMS had during the relevant time period.[2] Instead of citing case law for this proposition, Plaintiff focuses on the definition of "employee" under the FLSA.[3] However, the applicable federal regulation makes clear:  "The determination of how many employees are employed within 75 miles of the worksite of an employee is based on the number of employees maintained on the *payroll*."[4] This regulation does not allow for individuals who are not on the payroll to be counted as employees.

Plaintiff cites to the Seventh Circuit case of *Craig v. FedEx Ground Package System, Inc.* to support its argument that this Court may count individuals who are not on AMS's payroll as employees.[5] However, *Craig* is inapposite because it does not adjudicate the issue of whether a plaintiff who relies on the payroll method to determine the number of employees employed by the employer may also count individuals who are not on the payroll.[6] In fact, neither the FMLA nor the payroll method are even at issue in *Craig*.[7] Thus, it gives no guidance on this issue.

**C.      AMS properly classified its independent contractors as such.**

Even if individuals who are not on AMS's payroll could count toward the number of employees in determining whether the FMLA applies, the evidence establishes that AMS properly classified its independent contractors as such. AMS treated these individuals as independent contractors, not employees.[8] AMS did not control or have the right to control the details of these

---

[2] Docket No. 38, p. 3.
[3] Docket No. 38, pp. 3–4.
[4] 29 C.F.R. § 825.111(c) (emphasis added).
[5] 686 F.3d 423 (2012).
[6] *Id.*
[7] *Id.*
[8] *See* Exhibits A ¶7, B ¶3, C ¶2, and G, 54:17-55:4.

individuals' work.[9] Also, AMS reported their earnings to the IRS using 1099 tax forms, which traditionally reflect independent contractor status.[10]

Lucinda Castillo was considered by AMS to be an independent contractor because she decided how she was going to drive the bus.[11] Castillo also considered herself to be an independent contractor, not an employee.[12] She had the freedom to control how she drove the bus.[13] She could take different routes if she wanted to.[14] The school did not tell her when she had to show up for work,[15] and the schedule she had to follow was by virtue of the bus route itself.[16] She had control over her work because no supervisor was there and she was doing it by herself.[17] She did not have much supervision because she was self-sufficient and just drove the bus.[18] She had no contract for her job[19] and never talked to AMS about how long she would work there.[20] She had other odd jobs at the same time[21] and could have driven buses for other schools.[22]

Calvin Carter, who worked as a janitor at AMS, was also an independent contractor. In *Cobb v. Sun Papers, Inc.*, the court looked at several factors to conclude that a janitor was an independent contractor.[23] The court noted that the janitor was not given exact hours to work but

---

[9] *See* Exhibits A ¶7 and B ¶2.

[10] *See* Exhibits A ¶7, B ¶4, and C ¶4. *See Gazda v. Pioneer Chlor Alkali Co., Inc.*, 10 F. Supp.2d 656, 675 n. 44 (S.D. Tex. 1997) ("Nothing indicates that the individuals who received payments were anything other than independent contractors, as 1099 Forms typically indicate.").

[11] *See* Exhibit D, 134:2-5.

[12] *See* Exhibit B, ¶2.

[13] *See* Exhibit D, 134:8; Exhibit B, ¶2.

[14] *See* Exhibit D, 130:1-3.

[15] *See* Exhibit E, 28:17-19.

[16] *See* Exhibit E, 29:3-9.

[17] *See* Exhibit D, 135:12-17.

[18] *See* Exhibit E, 20:6-10.

[19] *See* Exhibit E, 8:2-3; Exhibit B, ¶3.

[20] *See* Exhibit E, 8:4-9; Exhibit B, ¶3.

[21] *See* Exhibit E, 23:12-13; Exhibit B, ¶5.

[22] *See* Exhibit E, 26:21-23; Exhibit B, ¶5.

[23] 673 F.2d 337, 341 (11th Cir. 1982).

rather was told what cleaning tasks should be accomplished.[24] The janitor was not told the details of how to perform the job or by whom it was to be performed, and the janitor had other individuals help him clean.[25] The court emphasized that the employer treated the janitor as an independent contractor in its accounting materials, not paying him the same way as actual employees and not withholding any taxes.[26] The court also noted that the janitor, after this relationship ended, provided janitorial services to other companies.[27] The court concluded that there was no supervision of how the work was to be done, and the direction given was a typical way of dealing with an independent contractor.[28]

Applying the *Cobb* court's analysis to the facts of this case proves Calvin Carter was an independent contractor. Carter controlled his own work and was an expert in cleaning.[29] He also considered himself to be an independent contractor, not an employee.[30] Just as the janitor in *Cobb* was not told the details of how to perform the job, Carter decided how he was going to go about cleaning,[31] and no one from the school trained him.[32] He was given discretion like the janitor in *Cobb* because AMS approved materials for him to use but he sometimes used his own.[33] Just as the janitor in *Cobb* was not given exact hours to work, Carter could work at the school anytime after 5:30 and before the morning[34] and did not have set hours.[35] The school contracted with Carter, but he could have other people helping him if he wanted, like the janitor in *Cobb* who had other

---

[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.* at 342.
[28] *Id.*
[29] *See* Exhibit D, 92:24-25.
[30] *See* Exhibit C, ¶3.
[31] *See* Exhibit D, 96:13-17; Exhibit C, ¶2.
[32] *See* Exhibit F, 27:17-19; Exhibit C, ¶2.
[33] *See* Exhibit D, 85:3-6; Exhibit C, ¶2.
[34] *See* Exhibit D, 92:2-4.
[35] *See* Exhibit F, 8:25; Exhibit C, ¶2.

individuals help him clean.[36] The fact that Carter provided services to other companies during the time he worked for AMS is an even stronger factor in favor of independent contractor status than the janitor in *Cobb*, who provided janitorial services to other companies after he worked for the employer at issue. During some of the time he worked at AMS, Carter had his regular full-time job at the University of Texas[37] and also had a business mowing lawns.[38] If Carter had wanted to clean other schools at the same time, he had that option.[39]

Sheilah Murphy was a parent at AMS who also did some occupation work at the adolescent community.[40] She was contracted to teach humanity or occupation units during a year that AMS had a need for her.[41] Murphy was considered a specialist[42] and nobody had to stand over her.[43] She had a lot of freedom to design the courses she wanted.[44] She was in control of her own schedule[45] and no one observed her teaching.[46] It was her choice how to spend her prep time,[47] and it was also up to her what she did during the time after she taught the unit.[48] She could have taken on other work if she wanted to.[49]

### III.    Conclusion

AMS is not a covered employer under the FMLA.  As evidenced in the payroll records, AMS did not employ the required 50 employees. Even if the court were to look beyond the payroll

---

[36] *See* Exhibit D, 75:4-5.
[37] *See* Exhibit F, 7:22-25; Exhibit C, ¶5.
[38] *See* Exhibit D, 83:3-4; Exhibit C, ¶3.
[39] *See* Exhibit F, 35:14-17; Exhibit C, ¶6.
[40] *See* Exhibit D, 138:21-22.
[41] *See* Exhibit D, 139:5-8.
[42] *See* Exhibit D, 139:19-20.
[43] *See* Exhibit D 142:20-21.
[44] *See* Exhibit G, 10:15-18.
[45] *See* Exhibit G, 59:3-10.
[46] *See* Exhibit G, 38:4-12.
[47] *See* Exhibit G, 22:4-9.
[48] *See* Exhibit G, 20:21-25.
[49] *See* Exhibit G, 50:6-14.

records, which Plaintiff cites no authority to support, the individuals in question were independent contractors rather than employees.

## IV.    Prayer

WHEREFORE, PREMISES CONSIDERED, AMS respectfully asks the Court to grant its motion for partial summary judgment and order that Plaintiff takes nothing against AMS under her FMLA claim.  AMS requests any further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ *Bryan Marshall*

Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

## Certificate of Service

I hereby certify that on August 24th, 2012, the foregoing document was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court.  I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
The Cook Law Firm
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

/s/ *Bryan Marshall*
Bryan P. Marshall