IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REPLY AND SURREPLY TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**[1]

TO THE HONORABLE JUDGE OF SAID COURT:

## I.  Introduction

In Defendant's cross-motion for partial summary judgment on the number of employees,

Defendant did not discuss misclassified independent contractors.  However, in replying to that

cross-motion, Defendant now argues that it correctly classified three individuals—Lucinda

Castillo, Calvin Carter, and Sheilah Murphy—as independent contractors.  Defendant also

attaches the same evidence filed in support of Defendant's response to Plaintiff's cross-motion

on the number of employees issue.  Plaintiff therefore files this surreply to respond to that new

evidence.  Plaintiff also addresses Defendant's misrepresentation of Plaintiff's position and

Defendant's new claim that an FMLA regulation prohibits counting independent contractors as

employees, even if they fit the FMLA's statutory definition of that term.

## II.  Argument & Authorities

First, Plaintiff strongly disputes Defendant's assertion that Plaintiff has concluded, based

on Defendant's payroll records for 2009 and 2010, that Defendant did not employ 50 or more

---

[1] Plaintiff has not moved for leave to file a surreply based on her reading of Paragraph 32 of this
Court's Fact Sheet, found on the website for the Western District of Texas.  However, if Plaintiff
has erred in failing to file a motion for leave, she will file such a motion immediately.

1

employees for 20 or more workweeks in 2009 or 2010.[2]  This misrepresents Plaintiff's position

on that issue; her response actually states that:

> Defendant supports its motion by pointing to earnings records that show when its admitted employees received paychecks.  These records do show that Defendant had *at least* 49 employees for at least 20 weeks in 2009, and *at least* 48 employees for at least 20 weeks of 2010.  But these records do not prove that those are the only employees Defendant had on its payroll during that time.[3]

Plaintiff then proceeded to address a number of reasons why Defendant's earnings records do not

capture all of the employees on Defendant's payroll.[4]  Notably, Defendant chose in its reply not

to address any of those issues, including:

(1)    Defendant's reports to the IRS, generated from Defendant's payroll, showing 50 or more employees in three quarters of 2009;[5]

(2)    Defendant's reports to the TWC, generated from Defendant's payroll, showing 50 employees in four separate months of 2009;[6]

(3)    Payroll registers showing tallies of 50 employees in 8 of the 10 pay periods for which such records were produced;[7]

(4)    Defendant's failure to include active employees who did not receive paychecks in its employee count, as the payroll method requires.[8]

Defendant next argues that the FMLA regulation that discusses the manner of

determining whether 50 employees are employed within 75 miles "does not allow for individuals

---

[2] *See* Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (Docket Entry No. 45) ("Defendant's Reply"), p.1.

[3] Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (Docket Entry No. 38), p.6 (emphasis in original; footnotes from original omitted).

[4] *Id*. at p.6-7.

[5] *Id*. at p.7.

[6] *Id*.

[7] *Id*. at p.6-7.

[8] *Id*. at p.6.

who are not on the payroll to be counted as employees."[9]   That regulation actually does not apply

to the determination of whether an entity is a covered employer under the FMLA.[10]   And neither

that regulation, nor the regulation that in fact provides guidance on counting employees to

determine employer coverage, requires that a court disregard the statutory definition of the term

"employee" and ignore misclassified independent contractors who fit that definition, even if they

are not on the employer's payroll.[11]   Otherwise, employers could avoid the FMLA by

misclassifying employees as independent contractors in order to stay below the 50-employee

threshold.

Finally, Defendant asserts that even if misclassified independent contractors could be

counted as employees, Castillo, Carter, and Murphy were properly classified as independent

contractors.[12]   In support of this assertion, Defendant relies on the same discussion, authority,

and evidence included in Defendant's response to Plaintiff's cross-motion for partial summary

judgment.[13]   In Plaintiff's reply to that response, she addressed how Defendant had failed to

rebut the substantial evidence set forth in her cross-motion showing that those individuals, and

others in those positions, are properly classified as "employees" under the FMLA.   Rather than

recite that discussion again, Plaintiff incorporates by reference herein her reply.[14]   She also

incorporates herein her objections to Defendant's evidence, as discussed in that reply.[15]

---

[9] Defendant's Reply, p.2.

[10] *See* 29 C.F.R. § 825.111.  This regulation relates only to the "eligible employee" analysis, as the FMLA's definition of employer does not require that the 50 employees work within 75 miles. *See* 29 U.S.C. § 2611(2)(B)(ii); § 2611(4).

[11] *See* 29 C.F.R. § 825.105.

[12] Defendant's Reply, at p.2.

[13] *See* Defendant's Response, p.3-4, ¶ 8; p.6-9, ¶ 13-16.

[14] *See* Plaintiff's Reply to Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 42), p.3-5.

[15] *See* Objections in Plaintiff's Reply to Plaintiff's Motion for Partial Summary Judgment, p.1 (incorporating by reference Plaintiff's Motion to Strike Portions of the Affidavit of Dawn

While Defendant's reply does briefly discuss Castillo, Carter, and Murphy, it makes no mention at all of Charlotte Kroger.  In Plaintiff's response to Defendant's cross-motion, she discussed the evidence showing that Kroger is properly classified as an "employee" under the FMLA, or at the very least a genuine issue of material fact exists with regard to whether she should be classified as such.[16]  Defendant therefore has wholly failed to dispute Plaintiff's showing in this regard.

### III.  Conclusion

For the reasons stated above, and in Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Plaintiff respectfully requests that Defendant's Motion for Partial Summary Judgment be denied in its entirety.

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs

Russell Scott Cook
scook@rcooklaw.com
State Bar No. 24040724
Melissa A. Jacobs
mjacobs@rcooklaw.com
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

---

Glasgow, Docket Entry No. 39).

[16] *See* Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (Docket Entry No. 38), p.19-20.

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of September, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
J. Michael Ezzell
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

Melissa A. Jacobs