IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## <u>PLAINTIFF'S SUPPLEMENTARY BRIEFING</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff respectfully submits this briefing to address the issue raised during the Court's hearing in this matter on Friday, September 7, 2012, regarding whether a private school may permissibly make employment decisions based on parents' preferences not to have their children placed in the classrooms of pregnant teachers.

Generally, Title VII does not allow private employers—including private schools—to discriminate even if it makes business sense to do so.[1]  The <u>only</u> defense the Defendant could have raised with regard to parents' preferences is the bona fide occupational qualification ("BFOQ") defense.[2]  Defendant did not plead this defense.

---

[1] *See, e.g., Williams v. G4S Secure Solutions (USA), Inc.,* 2012 WL 1698282, at *22 (D. Md. May 11, 2012) ("Courts have repeatedly held employers responsible for discrimination against their employees, even when the employer itself claimed to be free of bias. For example, in the context of the BFOQ, courts have repeatedly held that 'customer preference' does not excuse an employer's intentional discrimination against its employees.") (citing *Hylind v. Xerox Corp.*, 380 F.Supp.2d 705, 713 (D. Md. 2005); *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 913 (7th Cir. 2010)); *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000) (citing *Boyd v. Harding Academy of Memphis, Inc.*, 88 F.3d 410, 413 (6th Cir. 1996); *Ganzy v. Allen Christian Sch.*, 995 F.Supp. 340, 349 (E.D.N.Y. 1998); *Dolter v. Wahlert High Sch.*, 483 F.Supp. 266, 270 (N.D. Iowa 1980)).

[2] As discussed in Plaintiff's previous briefing, the business necessity defense is statutorily unavailable to Defendant.  *See* Plaintiff's Response to Defendant's Objections & Surreply to Defendant's Motion for Summary Judgment (Docket Entry No. 24), p.5.

1

The BFOQ defense provides that it is not an unlawful employment practice to make hiring and employment decisions on the basis of sex if sex "is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business or enterprise,"[3]  The BFOQ defense has been interpreted narrowly, to prevent the exception from swallowing the rule.[4]  The burden to establish the BFOQ defense is squarely on the employer.[5]

The Fifth Circuit has explicitly addressed the role that customer preference may play in the BFOQ analysis:

> While we recognize that the public's expectation of finding one sex in a particular role may cause some initial difficulty, it would be totally anomalous if we were to allow the preferences and prejudices of the customers to determine whether the sex discrimination was valid. Indeed, it was, to a large extent, these very prejudices the Act was meant to overcome. Thus, we feel that customer preference may be taken into account only when it is based on the company's inability to perform the primary function or service it offers.[6]

The BFOQ bar is high, and will not justify discrimination even if it bears a rational relationship to an employer's "production, profit, or business reputation."[7]

The BFOQ defense, even if it had been pleaded, is unavailable to Defendant here because Defendant cannot prove that pregnant guides render Defendant unable to perform its primary function.  Put simply, pregnant guides remain able to guide children during their pregnancy. Likewise, Defendant cannot show that leave necessitated by pregnancy will shut down its

---

[3] TEX. LABOR CODE § 21.119.

[4] *Weeks v. S. Bell Tel. & Tel. Co*., 467 F.2d 95, 99 (5th Cir. 1972) (Wisdom, J., dissenting) ("A broad construction of the term "bona fide occupational qualification" could nullify Title VII"); *Wilson v. Sw. Airlines Co*., 517 F.Supp. 292, 304 (N.D. Tex. 1981) (Higginbotham, J.) ("In rejecting Southwest's BFOQ defense, this court follows Justice Marshall's admonition that the BFOQ exception should not be permitted to 'swallow the rule.'") (citing *Phillips v. Martin Marietta Corp*., 400 U.S. 542, 545 (1971) (Marshall, J. concurring)).

[5] *Wilson,* 517 F.Supp. at 304 (citing *Weeks v. S. Bell Tel. & Tel. Co*., 408 F.2d 228, 232 (5th Cir. 1969)).

[6] *Diaz v. Pan Am. World Airways, Inc*., 442 F.2d 385, 389 (5th Cir. 1971), *cert. denied*, 404 U.S. 950 (1971)).

[7] *Wilson,* 517 F.Supp. at 301 (citing *Weeks v. S. Bell Tel. & Tel. Co*., 408 F.2d at 234-35).

business.  To the contrary, some amount of leave is allowed by the Defendant.[8]    Moreover, Defendant decided to take Plaintiff out of the classroom before discussing her plans for leave, foreclosing the possibility that she might have been willing to take an amount of leave that would have had no effect on the Defendant's business, let alone an effect that would have prevented the Defendant's business from functioning.  Defendant's assumption that her pregnancy would necessitate a longer leave that would harm its business is a stereotyped and unlawful assumption about the leave that a woman requires after giving birth.[9]

Even if customer preference were an available defense to Plaintiff's pregnancy discrimination claims, Defendant has failed to prove as a matter of law that customer preferences guided the decision to terminate Plaintiff's employment.  Initially, when asked to identify parents who had expressed concern over a guide's pregnancy, the Defendant answered "None."[10]    In moving for summary judgment, Defendant has provided only vague evidence as to customer preference, identifying three parents who Defendant asserts expressed concerns about what would happen with the classroom as a consequence of Plaintiff's pregnancy.  But there is no evidence that the parents indicated that they wanted to withdraw their children, or that Defendant's business would actually have been affected in any way.  In sum, Defendant cannot even show that customer preference would have had a significant and detrimental effect on its business.

---

[8] *See, e.g.,* Exhibits 25, 26, & 27 to Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket Entry No. 21).  Also, at the end of the discovery period, Defendant produced documents demonstrating that guides had taken periods of leave varying from approximately 3 weeks to 3 months during the school year.  Defendant has failed to show that any such leave prevented it from performing its primary function.

[9] *See, e.g., Laxton v. Gap*, 333 F.3d 572, 583-84 (5th Cir. 2003).

[10] *See* Exhibit 14 to Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket Entry No. 21), Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories, No. 11.

Finally, business necessity and BFOQ defenses are not available under the FMLA. Parent preferences for teachers who are not expected to take FMLA-protected leave are legally irrelevant to the analysis of FMLA claims.  Moreover, Defendant has not moved for summary judgment on Plaintiff's FMLA interference claims and summary judgment on those claims is precluded on that ground.[11]

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs

Russell Scott Cook
scook@rcooklaw.com
State Bar No. 24040724
Melissa A. Jacobs
mjacobs@rcooklaw.com
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

---

[11] *Ford-Evans v. Smith*, 206 Fed.Appx. 332, 335 (5th Cir. 2006)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of September, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
J. Michael Ezzell
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

Melissa A. Jacobs

5