IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK,<br>Plaintiff, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC.,<br>Defendant. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTARY BRIEFING[1]**

TO THE HONORABLE JUDGE OF SAID COURT:

**I.
Defendant's Response Acknowledges the Inapplicability
of the BFOQ Defense**

Defendant's Response to Plaintiff's Supplementary Briefing misses the point of

Plaintiff's Supplementary Briefing, which was to provide the Court with authority demonstrating

that customer preference and business sense generally do not allow employers to discriminate.

In a case such as this one, involving allegations of disparate treatment, the only available

exception to that rule is the very limited bona fide occupational qualification ("BFOQ") defense,

which Defendant did not plead.  Defendant's Response does not mention or otherwise address

the BFOQ defense.  In fact, by asserting that "Plaintiff's Supplemental Briefing is largely

unresponsive to the issues before the Court[,]" Plaintiff submits that it is fair to read Defendant's

response as an acknowledgment that the BFOQ defense does not apply.[2]

---

[1] Plaintiff did not move for leave to file her supplementary briefing based on her reading of Paragraph 32 of this Court's Fact Sheet, found on the website for the Western District of Texas.

[2] *See* Defendant's Response to Plaintiff's Supplementary Briefing (Docket Entry No. 50), p.2, ¶ 4.

1

**II.**
**Defendant's Response Highlights the Genuine Issues of Material Fact in this Case**

Defendant's Response to Plaintiff's Supplementary Briefing focuses on the evidence Plaintiff mentions therein.  In doing so, Defendant reinforces two points: (1) genuine issues of material fact preclude summary judgment on Plaintiff's pregnancy discrimination and FMLA retaliation claims, and (2) Defendant's actions with respect to Plaintiff were based on the very presumptions that pregnancy discrimination laws prohibit.

**A.    Defendant Misrepresents the Summary Judgment Evidence Regarding the Timing of Defendant's Decision to Take Plaintiff Out of the Classroom**

Plaintiff has detailed in her summary judgment response the evidence demonstrating that Defendant decided to move her out of the classroom (and offer her the campus coordinator position) <u>prior</u> to discussing leave with her.[3]  Plaintiff also included evidence in her summary judgment response demonstrating that Defendant was unwilling to negotiate a shorter amount of leave than Plaintiff's tentative proposal, based on Defendant's presumptions about how much leave Plaintiff would need because of her pregnancy and the expected birth of her child.[4]  It is thus wholly inaccurate to state that Glasgow's testimony (that Plaintiff's alleged intent to take leave until January prompted the decision to offer her the campus coordinator position) is not contradicted, or that Plaintiff's assertion that Defendant decided to take her out of the classroom before discussing her plans for leave is not supported by the summary judgment evidence.[5]  At best, there is a genuine issue of material fact on this key point.

---

[3] *See* Plaintiff's MSJ Response (Docket Entry No. 21), p.3-4; p.16-17.
[4] *Id*. at p.5; 16-17.
[5] *See* Defendant's Response to Plaintiff's Supplementary Briefing, p.2-3, ¶¶ 5-6.

**B.    Defendant Historically Has Managed to Perform Its Primary Function Even While Allowing Leave**

In light of Plaintiff's evidence that Defendant made the decision to take her out of the classroom prior to discussing her plans for leave, and would not negotiate leave with her, Defendant's asserted excuses regarding the impact of leave on Defendant's ability to perform its primary function simply cannot be relied on as a legitimate nondiscriminatory reason for its actions.[6]

This excuse fails for a number of other reasons as well.  First, Defendant cites to what it refers to as "significant evidence" that guides' leave "is disruptive and harmful to the interests of the children."[7]  A review of the deposition testimony Defendant refers to shows that it is largely vague, except for the single specific example of a worry expressed by a child that he or she could no longer go into the closet to get a pencil.[8]  Defendant also asserts in its Response, again with only vague deposition testimony in support, that "even short absences are very disruptive to the development of the children."[9]  The absence of specific evidence of disruption is glaring in light of the fact that Defendant's written policy specifically allows some leave for guides, and there is evidence that guides have taken leave beyond that allowed by the written policy in the past.[10]  In fact, while Defendant's Motion for Summary Judgment refers to a prior guide's "maternity leave for a four to five week period[,]" documents produced on the last day of discovery indicate that that particular guide had actually taken three months of leave.[11]  Those documents also show that another guide had taken at least 7 weeks of leave after having a baby over the summer, although

---

[6] *See* Plaintiff's MSJ Response, p.16.
[7] Defendant's Response to Plaintiff's Supplementary Briefing, p.3, ¶ 8.
[8] *See* Plaintiff's MSJ Response, Exhibit 4, Deposition of Dawn Glasgow, p.66:12-67:25.
[9] Defendant's Response to Plaintiff's Supplementary Briefing, p 3-4, ¶ 8.
[10] *See, e.g.,* Plaintiff's MSJ Response, Exhibits 25, 26, & 27.
[11] Defendant's MSJ (Docket Entry No. 18), p.4, ¶ 11; Exhibit A.

Glasgow had testified that the guide had taken off only ten days at the beginning of the school year.[12]  Glasgow also admitted that a month's leave would have been acceptable.[13]  In sum, it is clear that Defendant's claim that leave prevents Defendant from performing its primary function is wholly without merit.

**C.    Defendant's Choice to Ignore Evidence Does Not Render It Uncontroverted**

Defendant continues to assert incorrectly that the "uncontroverted summary judgment evidence shows that there was no available substitute to cover Plaintiff's classroom during the time that she wanted to take leave."[14]  The only evidence Defendant cites in support is a single page of Plaintiff's testimony, which when read in conjunction with her testimony on the previous page shows that there in fact was an individual who, while in training in the spring of 2010, would have returned before the next school year fully trained.[15]  Dawn Glasgow also testified that a month of leave would have been acceptable to the school, but could not explain why she never gave Plaintiff that option.[16]  At her corporate representative deposition, Glasgow also listed the names of many individuals Defendant relies on as substitutes, and acknowledged that while she never spoke to the person who would be returning fully trained about substituting for Plaintiff, the individual had expressed a willingness to serve as a substitute for Defendant.[17]  It is simply inconceivable that Defendant, with months of advance notice, could not have found a substitute, as it always had in the past.  In any event, Defendant points to no legal authority that requires Plaintiff to show that a substitute was available.  Also, Defendant cannot rely on this as a legitimate nondiscriminatory reason for its actions when the evidence shows that Defendant

---

[12] *See* Defendant's MSJ, Exhibit C, Deposition of Dawn Glasgow, p.64:25-65:9; Exhibit A.
[13] *See* Plaintiff's MSJ Response, Exhibit 4, Deposition of Dawn Glasgow, p.83:4-85:13.
[14] Defendant's Response to Plaintiff's Supplementary Briefing, p.4, ¶ 8.
[15] *See* Plaintiff's MSJ Response, Exhibit 3, Deposition of Caroline Clark, p.103:22-25.
[16] *See* Plaintiff's MSJ Response, Exhibit 4, Deposition of Dawn Glasgow, p.83:4-85:13.
[17] *See* Exhibit B, Deposition of Dawn Glasgow as Corporate Representative, p.153:17-162:12.

made the decision to take Plaintiff out of the classroom prior to discussing any plans for leave with her, and refused to give her the option to keep her job by taking a shorter leave than what she proposed.

**D.    Defendant's Reference to Parents' Concerns Reinforces the Fact that Discriminatory Motives Prompted Defendant's Decision**

Finally, Defendant asserts in its Response that parents expressed concerns "based on Plaintiff's anticipated leave[]" and "the obvious fact that Plaintiff would be out of the class."[18] The record reflects that these concerns were expressed after finding out about Plaintiff's pregnancy, but in the absence of any information about her potential maternity leave.[19]  This evidence does not indicate that parents wished to withdraw their children from the school.  In fact, Defendant's corporate representative specifically testified that she was not aware of any families ever leaving the school because guides went on leave.[20]  This evidence simply reinforces the fact that Defendant's actions were based on unlawful presumptions about Plaintiff's pregnancy and the leave she would require after giving birth.[21]  And it illustrates why Defendant's Motion for Summary Judgment is properly denied.

**III.**
**Conclusion**

In conclusion, Defendant's Response, in light of the evidence discussed above and in the record, underscores the inappropriateness of granting summary judgment on Plaintiff's pregnancy discrimination and FMLA retaliation claims.

---

[18] Defendant's Response, p.3, ¶ 7.

[19] *See* Defendant's MSJ, Exhibit A, Deposition of Amber Miller, p.8:11-17; 31:22-24.

[20] *See* Exhibit B, Deposition of Defendant's Corporate Representative, p.166:8:11.  This deposition occurred on July 26, 2012, after Plaintiff had filed her response and surreply to Defendant's summary judgment motion.

[21] *See, e.g., Laxton v. Gap*, 333 F.3d 572, 583-84 (5th Cir. 2003).

Respectfully Submitted,

**THE COOK LAW FIRM**

/s/ Melissa A. Jacobs

_____

Russell Scott Cook
scook@rcooklaw.com
State Bar No. 24040724
Melissa A. Jacobs
mjacobs@rcooklaw.com
State Bar No. 24046144
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
J. Michael Ezzell
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

/s/ Melissa A. Jacobs

_____

Melissa A. Jacobs

6