IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | C.A. NO. A-12-CV-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| DEFENDANT. | § | |

**DEFENDANT AUSTIN MONTESSORI SCHOOL, INC.'S**
**RESPONSE TO SUPPLEMENTAL BRIEFING**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant AUSTIN MONTESSORI SCHOOL, INC. ("Austin Montessori"), and files this, its Response to Supplemental Briefing, and respectfully shows the Court as follows:

**I.**
**INTRODUCTION**

1.      Both parties to this action filed competing motions for summary judgment. (Docs. 18, 28, 29).  The parties' motions were heard on September 7, 2012. (Doc. 48).  All of the motions, except for Austin Montessori's Motion for Summary Judgment filed May 17, 2012, were denied at that time.  (Doc. 48).

2.      On September 11, 2012, Plaintiff filed Supplemental Briefing addressing the May 17th Motion for Summary Judgment without leave of court.  (Doc. 49).  Plaintiff's supplemental legal arguments are not responsive or outcome determinative.  Plaintiff's factual assertions are not supported by the record.  Austin Montessori hereby files its objections to the factual assertions contained in Plaintiff's Supplemental Briefing.  Austin Montessori also renews its request for a final ruling in its favor.

## II.
### OBJECTION TO PLAINTIFF'S SUPPLEMENTAL BRIEFING

3.      Local Rule CV-7 permits post-reply submissions only on leave of court. LR.CV-7(f). Plaintiff did not seek, or obtain leave of court before filing its post-hearing briefing.  Therefore, Defendant requests that Plaintiff's Supplemental Briefing be stricken.

## III.
### OBJECTION TO PLAINTIFF'S CHARACTERIZATION OF THE SUMMARY JUDGMENT EVIDENCE

4.      Plaintiff's Supplemental Briefing is largely unresponsive to the issues before the Court.  Therefore, Austin Montessori rests on the arguments and authorities properly presented to this Court.  However, a number of factual assertions contained in Plaintiff's Supplemental Briefing require correction.

5.      On page 3 of  her Supplemental Briefing Plaintiff asserts that,  ". . . Defendant decided to take Plaintiff out of the classroom before discussing her plans for leave . . ." (Doc. 49, p. 3).  Plaintiff does not cite to any summary judgment evidence to support this assertion. (Doc. 49, p.3).  Moreover, this assertion is directly contracted by the testimony of Dawn Glasgow which establishes that it was Plaintiff's verbal communication to Austin Montessori regarding her intent to take leave until January that caused concern for Austin Montessori and initiated the decision process which ultimately led to the offer of the campus coordinator position. (Doc. 18-3: Exhibit C - Depo. of Glasgow p. 33, 43).  This testimony is not contradicted.

6.      Plaintiff's insinuation that she was informed that she would not be receiving a contract before being offered the position of campus coordinator is also directly contradicted by Glasgow's testimony which confirms that the offer of a new position was made in conjunction with the decision not to renew Plaintiff's contract as a house guide.  (Doc. 18-3: Exhibit C - Depo. of Glasgow p. 33, 43).  This testimony is consistent with Plaintiff's own testimony and the testimony

of Amber Miller.  (Doc. 18-2; Exhibit B, p. 130) (Doc 18-3: Exhibit A, p. 12).  Therefore, Plaintiff's assertion that Austin Montessori decided to take Plaintiff out of the classroom before discussing her plans for leave is not supported by the summary judgment evidence.

7.     Plaintiff also asserts on page 3 of her Supplemental Briefing that there is no evidence that the parents indicated that they wanted to withdraw their children or that Defendant's business would have been affected in any way.  (Doc. 49 p. 3).  This assertion is contrary to the considerable summary judgment evidence that the parents vocalized significant concern for the stability of the classroom based on Plaintiff's anticipated leave.  (Doc. 18-1; Exhibit A - Depo. of Miller pp. 8, 31, 32-35) (Doc 18-3; Exhibit C - Depo. of Glasgow pp. 10, 69).  In fact, the summary judgment evidence confirms that at least one parent instructed that she did not want her child in Plaintiff's classroom because they would not know who would substitute in Plaintiff's absence.  (Doc. 18-1; Exhibit A - Depo. of Miller p. 8).  Other parents also expressed concerns about the continuity of the class in light of the obvious fact that Plaintiff would be out of the class.  (Doc. 18-1; Exhibit A - Depo. of Miller pp. 8, 31, 32-35).  Therefore, Plaintiff's assertion that there is no evidence that the parents wanted to withdraw their children, or that Austin Montessori's business would have been affected, is contradicted by the summary judgment evidence.

8.     Similarly, in footnote 8, Plaintiff asserts that Austin Montessori has not shown that a guide's leave prevents it from performing its primary function.  This assertion is directly contradicted by significant evidence that a house guide's leave is disruptive and harmful to the interests of the children.  (Doc. 18-4; Exhibit D - Depo. of Goertz p. 8) (Doc. 18-3; Exhibit C - Depo. of Glasgow pp. 5, 62, 64, 67, 101) (Doc. 18-1; Exhibit A - Depo. of Miller pp. 52, 59, 60, 68, 71) (Doc 18-5; Exhibit E - Depo. of Kroger pp. 26-27) (Doc. 18-4; Exhibit D - Depo. of Goertz pp. 8, 28).  It has been established that even short absences are very disruptive to the development of the

children. (Doc. 18-1; <u>Exhibit A</u> - Depo. of Miller p. 71)  (Doc. 18-3; <u>Exhibit C</u> - Depo. of Glasgow pp. 64, 67).  Additionally, the uncontroverted summary judgment evidence shows that there was no available substitute to cover Plaintiff's classroom during the time that she wanted to take leave. (Doc. 18-2; <u>Exhibit B</u> - Depo. of Clark p. 104).  Clearly, Austin Montessori could not perform its primary function by leaving a class without a teacher from October to January.  Therefore, Plaintiff's assertion that Austin Montessori has not shown that a guide's leave prevents it from performing its primary function is contrary to the uncontroverted summary judgment evidence.

## IV.
### OBJECTIONS TO PLAINTIFF'S UNSUPPORTED ASSERTIONS OF FACT

9.   In footnote 8 of Plaintiff's Supplemental Briefing, she asserts that Defendant produced documents demonstrating that guides had taken periods of leave varying from approximately three weeks to three months during the school year.  (Doc. 49, p. 3).  Plaintiff does not cite to any summary judgment evidence to support this assertion.  (Doc. 49, p. 3).  To the extent that Plaintiff is referencing payroll documents which are not a part of this summary judgment record, Plaintiff has not accurately represented the content of those records.  Those records do not reflect that a house guide took three months leave during the school year.  Therefore, Austin Montessori objects to Plaintiff's failure to cite to summary judgment evidence and to Plaintiff's characterization of the facts.

WHEREFORE, PREMISES CONSIDERED, Austin Montessori respectfully requests that this Court grant its objections to Plaintiff's Supplemental Briefing and strike the Supplemental Briefing from the Record.  Additionally, Austin Montessori respectfully requests that this Court grant its traditional and no-evidence motions for summary judgment.  In the alternative, Austin Montessori requests partial summary judgment on any claims that are barred as a matter of law or for which Plaintiff fails

to produce admissible summary judgment evidence.  Austin Montessori seeks any further relief to which it may be entitled.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
(210) 293-8700 (Office)
(210) 293-8733 (Fax)

By: _____*/s/ Michael Ezzell*_____
        MICHAEL EZZELL
        State Bar No. 06767300
        BRYAN P. MARSHALL
        State Bar No. 24034552

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2012, a true and correct copy of the foregoing *Defendant Austin Montessori School, Inc.'s Response to Plaintiff's Supplemental Briefing* was filed (as Exhibit A to its Motion for Leave to file same) with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court.  I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

***ATTORNEYS FOR PLAINTIFF***
        Russell Scott Cook
        Melissa A. Jacobs
        THE COOK LAW FIRM
        919 Congress Avenue, Suite 1145
        Austin, Texas 78701

_____*/s/ Michael Ezzell*_____
        MICHAEL EZZELL