IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK

      PLAINTIFF

V.                                          C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.

      DEFENDANT

## DEFENDANT'S MOTION IN LIMINE

Defendant Austin Montessori School, Inc. ("AMS") presents this Motion in Limine before any proceedings were had before the jury and request that the Court enter an Order prior to voir dire questions, opening statement, reading of pleadings, interrogation of witnesses, reading of deposition testimony, offering of documentary evidence, argument, objections before the jury, or by any other means or manner inform the jury or bring to the jury's attention any of the matters enumerated in the paragraphs set forth below, unless and until such matters have been first called to the Court's attention out of the presence and/or hearing of all prospective jurors and all jurors ultimately selected in this case and a favorable ruling has been received as to the admissibility and relevance of such matters.

AMS further requests that Plaintiff and Plaintiff's attorneys be specifically ordered to inform and counsel with all witnesses called by Plaintiff, or parties in the courtroom at the request of Plaintiff, not to volunteer, inject, disclose, state or mention to the jury any of the matters enumerated below, unless specifically questioned thereon after a prior ruling by the Court.

1. **Testimony Regarding Plaintiff's Alleged Emotional Pain and Suffering, Mental Anguish, Loss of Enjoyment of Life, and Other Non-Specified Non-Pecuniary Losses.**

Defendants' First Request for Production of Documents to Plaintiff sought production of all invoices, bills and other written documents related to Plaintiff's alleged damages. Plaintiff objected to the request on grounds that the discovery sought is obtainable from another source, seeks documents that are not relevant, the request is premature as her damages and costs are ongoing and the documents sought are protected from discovery by privilege. Subject to her objection, Plaintiff produced documents but failed to produce any evidence, including, but not limited to, any medical records, that would support her claim of emotional pain and suffering, loss of

1

enjoyment of life, mental anguish, or any other non-specified non-pecuniary losses. Plaintiff also filed her Second Amended Initial Disclosures identifying all individuals likely to have discoverable information along with the subjects of that information, but failed to identify anyone to provide evidence about or address her mental anguish. Likewise, her Second Amended Designation of Proposed Exhibits failed to identify any exhibits supporting any of her non-economic claims. Further, Plaintiff has failed to supplement her discovery with any evidence, including, but not limited to, medical records that would support her damages claim for emotional pain and suffering, loss of enjoyment of life or mental anguish.

In addition to her failure to produce any evidence, including, but not limited to, medical records, which would support her claim for emotional pain and suffering, mental anguish, or loss of enjoyment of life, she was unable to respond to questions during her deposition that would allow her to recover such damages. When asked to explain what emotional pain and suffering she suffered as a result of her leaving AMS, she claims that she was "distraught" and "in shock that the teaching position was not offered to (her) again," but never sought any medical treatment and did not see any kind of psychologist or counselor. (Clark Deposition, pp. 193-195). She confirms that her "shock" did not prevent her from driving, taking care of her son, or being a wife and she did not take any medication or anything for the "shock" or emotional pain and suffering alleged. Although she claims she was "inconvenienced," this just means it was "stressful just to move back to Dallas and stressful trying to figure out where Austin would go to school and how to provide for (her) family," though she does not know if that is inconvenience or emotional suffering. (Clark Deposition, pp. 195-196). She guesses that her son's education concerns and moving back to Dallas would be contained within mental anguish, but never received any kind of counseling or medical treatment and has no documentation relating to her feelings during that time period. (Clark Deposition, p. 196). Although she "thinks" she told Janice Keerley that she felt she was being punished for being pregnant, she does not know when she did that or whether the message on Facebook is still there. (Clark Deposition, p. 197). She claims only that the incident with AMS was very stressful, very sad, that she was very tearful many times, and that she considered seeking medical treatment or seeing a counselor, but financially it was not feasible. (Clark Deposition, p. 199). Although she is Catholic, she never talked to a priest or any counselor about it. (Clark Deposition, pp. 199-200). She explains that her claims for loss of enjoyment of life included that she was very emotional and it was a very stressful period. (Clark Deposition, p. 201).

Plaintiff has failed to provide the medical documentation or any other evidence that bears directly on her claims for emotional pain and suffering or mental anguish. Federal Rule of Civil Procedure 26(a)(1)(D) requires that a party produce documents on which any category of damages is claimed "including materials bearing on the nature and extent of injuries suffered." Plaintiff has produced no evidence and no testimony that would provide a basis for Defendant to analyze Plaintiff's claims of emotional pain and suffering, loss of enjoyment of life or mental anguish. Defendant has had no ability to consult experts who could evaluate Plaintiff's claims and potentially provide

contradictory testimony due to Plaintiff's failure to provide evidence. Plaintiff should not be permitted to testify regarding alleged emotional pain and suffering, loss of enjoyment of life or mental anguish suffered as a result of AMS's offer of reassignment for her failure to comply with the discovery requests and disclosure requirements. FED. R. CIV. P. 37(c)(1).

## 2.    Evidence of Front Pay.

The jury does not determine issues of front pay under the FMLA. Accordingly, no evidence of future lost wages or benefits should be presented to the jury. Whether any such recovery is warranted, and the amount of such recovery, is an issue reserved for the Court's determination outside the presence of the jury.

## 3.    Non-Admission Statement By Employees of Defendant.

Any mention or reference by Plaintiff or the witnesses to statements made by employees of Defendant without the Court first making determination that the statements fall within some exception to the hearsay rule. Such statements may be incompetent hearsay and unreliable speculation.

In order for a statement by a co-worker to constitute an admission, the statement must concern a matter within the scope of his agency or employment. FED R. EVID. 801(d)(2)(D); *Campbell v. Fasco Indus., Inc.*, 861 F.Supp. 1385, 1392 (N.D. Ill. 1994). The proponent of the admission has the burden of establishing that the statement was made by an agent and that the statement concerned a matter within the scope of their agency. *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1440 (9th Cir. 1990). To be admissible, "the statement must *concern* matters within the scope of the declarant's employment, not just be made within the scope of his employment." *Campbell*, 861 F.Supp at 1392 (emphasis in original). Plaintiff should thus be precluded from quoting any employee or former employee statements, and from characterizing or commenting on personnel issues and determinations about which they lack personal knowledge. For example, in *Campbell,* an age discrimination case, the court excluded the plaintiff's testimony about statements of two managers of the defendant who allegedly said that older employees received raises every three years while younger employees received raises every year. The court excluded the statement on the ground that there was no showing that the managers "were involved in deciding when and to whom raises were to be given." *Id*. at 1392-93. In *Travis v. Board of Regents*, 122 F.3d 259 (5th Cir. 1997), the Court noted that a dean's statement that plaintiff was denied a promotion because plaintiff "hit them with a lawsuit" was speculation because the dean lacked first-hand knowledge of the reasons for the decision. *See also Cornelius v. Hondo, Inc.*, 843 F.Supp. 1243, 1246 (N.D. Ill. 1994) (plaintiff's testimony in wrongful discharge/race discrimination case that an employee of the defendant stated that there was favoritism towards whites in the application of the [Attendance Control] Program at Hondo_ inadmissible hearsay because employee was "in no way involved in the hiring or firing at Hondo, or with enforcement of the

Program."). In addition to being hearsay, the speculative nature of such comments creates prejudice that outweighs any alleged probative value. FED. R. EVID. 403.

**4.      Testimony from Plaintiff that Offer was an Adverse Employment Action.**

Any mention or reference by Plaintiff as to the terms of a campus coordinator position or that AMS's offer of a campus coordinator position to Plaintiff for the 2010-2011 school year instead of a guide position was an adverse employment action. Any such testimony would be based on pure speculation and constitute improper opinion testimony under Federal Rule of Evidence 701 and inadmissible as evidence. Further, assertions of subjective belief do not constitute facts and, therefore, are no evidence of the existence of an adverse employment action. *Arumburu v. Boeing Co.,* 112 F.3d 1398, 1408 n.7 (10th Cir. 1997); *Douglas v. United Services Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996). In addition, the speculative nature of such testimony creates prejudice that outweighs any alleged probative value. FED. R. EVID. 403.

Plaintiff testified that she did not know the duties or responsibilities of the campus coordinator position offered by AMS. (Clark Deposition, p. 118, 121)  She does not remember what anyone said about the campus coordinator position offered by AMS. (Clark Deposition, pp. 122-125, 130-131). At the May 14, 2010 meeting set up to discuss her options she told them she was going to move and would not be back for the next term.  (Clark Deposition, pp. 142-145) She does not recall ever hearing about the work, duties, responsibilities or benefits of the campus coordinator position offered to her upon her return before deciding to leave her employment with AMS and move to Dallas. (Clark Deposition, pp. 142-147, 151)  Given that she did not even know what her work, duties, responsibilities or benefits would be as a campus coordinator before deciding to leave her employment with AMS and move to Dallas, she is not in a position to testify whether such transfer from a guide position to campus coordinator would be an adverse employment action as such testimony would be speculation.

**5.      Motion in Limine.**

The Court should prohibit any references to the fact AMS has filed this Motion in Limine or to any ruling by the Court in response to this motion. Any references that AMS filed this Motion in Limine are inherently prejudicial, in that they suggest or infer that AMS sought to exclude proof of matters damaging to AMS's case, and are irrelevant. FED. R. EVID. 402, 403.

**6.      Wealth of AMS.**

Any reference to the financial condition, wealth or net worth of Ms. Clark or AMS produced solely to show the disparity of AMS and Ms. Clark in wealth or assets should be excluded. Any reference to such evidence is completely immaterial to the

issues involved and such evidence would be extremely prejudicial and harmful to AMS and is clearly improper. FED. R. EVID. 403.

## 7.   Claim of Privilege.

Ms. Clark and her counsel should be instructed that they are not permitted to inform the jury in any way or manner, either directly or indirectly, that AMS has objected to any discovery request, or advised any witness not to answer any particular question or line of questions at any deposition or advised any witness to withhold any information under a claim of privilege. Objections to discovery should not be argued or disclosed to the jury for the reason that such objections are matters for the Court, and it is well established that counsel may not argue or infer that facts could have been proved but for the objections of the opposing party. FED. R. EVID. 104.

AMS would show the Court that each of the matters discussed in the numbered paragraphs set forth above is generally inadmissible, irrelevant and/or prejudicial to its right to a fair and impartial trial. If any such matter becomes material, relevant, or admissible, Plaintiff and/or AMS can bring such matter to the Court's attention, receive a favorable ruling thereon, and thus preserve its or her rights. Failure of the Court to grant this Motion in Limine will grant Plaintiff's attorney a free hand to inject inadmissible, irrelevant and/or prejudicial matters before the jury, which would cause harm to AMS even if an objection was made and sustained and the Court instructed the jury to disregard the matter. AMS, therefore, requests that the Motion in Limine be granted in its entirety.

WHEREFORE, PREMISES CONSIDERED, AMS respectfully requests that the Court enter an Order prior to the *voir dire* examination of the jury panel granting this Motion in Limine and instructing Plaintiff, Plaintiff's attorney, and Plaintiff's witnesses not to bring such matters to the attention of the jury.

Respectfully submitted:

Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
Robert M. Smith
Texas State Bar No. 18677400
rsmith@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, a true and correct copy of the foregoing document was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

Bryan P. Marshall