IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK

    PLAINTIFF

V.                                        C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.

    DEFENDANT

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS
AND SPECIAL VERDICT FORM**

**PRELIMINARY INSTRUCTIONS**

*PROPOSED INSTRUCTION NO. 1:*

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

1

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note-taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.[1]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[1] 2006 Fifth Circuit Pattern Instruction 1.1.

## INSTRUCTIONS DURING PROCEEDINGS

### *PROPOSED INSTRUCTION NO. 2:*

**FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.[2]

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

---

[2] 2006 Fifth Circuit Pattern Instruction 2.1.

*PROPOSED INSTRUCTION NO. 3:*

**STIPULATIONS OF FACT**

The parties have agreed, or stipulated, the following facts. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.[3]

1.  Austin Montessori School ("AMS") is a Montessori School known for its strict adherence to the American Montessori Institute ("AMI") standards.

2.  At a Montessori, the students' work is at individual's own pace, and relies on a one-to-one relationship with the teachers.

3.  The teachers, known as "guides" in the Montessori system, must be AMI-trained and must be able to commit to providing normalization, stability and continuity for the classroom.

4.  Caroline Clark ("Ms. Clark") learned that she was pregnant in February 2010.

5.  Ms. Clark expressed her intent to take maternity leave from October 2010 until January 2011.

6.  No one at AMS was available to take over and substitute as a guide for Ms. Clark during the time that she wanted to take leave.

7.  When Ms. Clark's pregnancy was announced, the parents became worried about the continuity of her class.

8.  No one at Austin Montessori treated Ms. Clark differently after she told them about her pregnancy and intention to leave.

9.  AMS offered Ms. Clark the job as campus coordinator.

10. At the time that Ms. Clark announced that she was moving, AMS had a pending offer to Ms. Clark for the following school year as a campus coordinator.

11. The position of campus coordinator would provide Ms. Clark with exposure and experience in the system.

---

[3] 2006 Fifth Circuit Pattern Instruction 2.3.

12. The position of campus coordinator would allow Ms. Clark the leave she requested and the flexibility to care for her newborn upon return.

13. The May 14, 2010 offer made to Ms. Clark did not involve any reduction in salary or benefits.

14. The May 14, 2010 offer to Ms. Clark included free tuition for her son at AMS.

15. If she had accepted the campus coordinator position, Ms. Clark would have been allowed to bring her newborn baby to campus while she worked.

16. The reassignment to work as campus coordinator was not considered permanent.

17. Ms. Clark was told if there was a position available that she could return as a guide the following year.

18. Ms. Clark rejected the May 14 offer and moved to Dallas when her contract ended at the end of June 2010.

19. In early 2010, Ms. Clark and her husband were trying to get out from under their house note for the house located at 1807 Tartar Way, Austin, Texas.

20. Prior to May 14, 2010, Ms. Clark and her husband discussed moving back to Dallas because of financial reasons.

21. Ms. Clark never read the May 14, 2010 written job offer for the campus coordinator position prior to filing her lawsuit.

22. Ms. Clark and her husband, Adam, listed their house located at 1807 Tartar Way, Austin, Texas 78733 for sale on December 22, 2009.

23. Plaintiff was an employee of Austin Montessori School, Inc. from 2003 to 2005 and from 2008 to 2010.

24. Defendant served as Plaintiff's employer with respect to her claim under the Texas Labor Code, as the term employer is defined by Chapter 21 of the Texas Labor Code.

25. Plaintiff exhausted administrative remedies with respect to her claim in this lawsuit under the Texas Labor Code.

26. Plaintiff filed a charge of discrimination with the Texas Workforce Commission within 180 days of the discriminatory conduct alleged in her lawsuit.

27. Plaintiff filed this lawsuit within 60 days of receiving her right-to-sue letter from the Texas Workforce Commission with respect to her charge of discrimination.

28. At the time Defendant became aware of Plaintiff's pregnancy in 2010, Plaintiff had been employed by Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.

29. Plaintiff resumed work in a full-time teaching position as a guide at East Dallas Community School for the 2011-2012 school year.

30. In Plaintiff's position as a guide with East Dallas Community School, Plaintiff began receiving health benefits and earning more than she had earned in her position with Defendant.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

7

*PROPOSED INSTRUCTION NO. 4:*

**PUBLICITY DURING TRIAL**

If there is publicity about this trial, you must ignore it. You must decide this case only from the evidence presented in the trial. Do not read anything or listen to any TV or radio programs about the case.[4]

GIVEN:                    _____

REFUSED:                _____

MODIFIED:             _____

WITHDRAWN:         _____

---

[4] 2006 Fifth Circuit Pattern Instruction 2.6.

8

*PROPOSED INSTRUCTION NO. 5:*

**BENCH CONFERENCES AND RECESSES**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.[5]

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:        _____

---

[5] 2006 Fifth Circuit Pattern Instruction 2.7.

*PROPOSED INSTRUCTION NO. 6: (if needed based on evidence at trial)*

**DEMONSTRATIVE EVIDENCE**

Exhibit ___ is an illustration. It is a party's model to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.[6]

GIVEN:              _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:     _____

---

[6] 2006 Fifth Circuit Pattern Instruction 2.8.

*PROPOSED INSTRUCTION NO. 7: (if needed based on evidence at trial)*

**DEPOSITION TESTIMONY**

Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, the witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read (shown) to you today.  This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.[7]

GIVEN:             _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

---

[7] 2006 Fifth Circuit Pattern Instruction 2.23.

**POST-TRIAL INSTRUCTIONS**
**INTRODUCTORY INSTRUCTIONS**

*PROPOSED INSTRUCTION NO. 8:*

**GENERAL INSTRUCTIONS FOR CHARGE**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. You may render your verdict upon the vote of five or more members of the jury.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[8]

GIVEN:                 _____

REFUSED:               _____

MODIFIED:              _____

WITHDRAWN:             _____

---

[8] 2006 Fifth Circuit Pattern Instruction 3.1.

*PROPOSED INSTRUCTION NO. 9:*

**INSTRUCTION ON LAWYER QUESTIONS AND STATEMENTS**

Questions, statements, arguments, and objections by lawyers are not evidence. If a lawyer asks a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  As to objections, lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.[9]

GIVEN:                _____

REFUSED:             _____

MODIFIED:           _____

WITHDRAWN:       _____

---

[9] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, 103.30 (Evidence in the Case), 103.34 (Questions Not Evidence), 102.71 (Objections and Rulings) (5th ed. 2001).

*PROPOSED INSTRUCTION NO. 10:*

**INSTRUCTION ON EVIDENCE (DISCREPANCIES IN EVIDENCE)**

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the _credibility_ or believability of the witnesses and the weight their testimony deserves.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.[10]

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

---

[10] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* 105.01 (Discrepancies in Testimony) (5th ed. 2001).

*PROPOSED INSTRUCTION NO. 11:*

**INSTRUCTION ON EVIDENCE (LIMITING INSTRUCTIONS) (IF NEEDED)**

You will recall that during the course of the trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose. You may consider such evidence only for the specific limited purpose for which it was admitted.

Testimony that has been excluded or stricken, or that I have instructed you to disregard, is not evidence and must not be considered. And, anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at trial. Again, evidence admitted before you for a limited purpose may not be considered for any purpose other than the limited purpose for which it was admitted.[11]

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

---

[11] Fifth Circuit, *Pattern Jury Instructions* 2.15 (2005 and 2006).

15

*PROPOSED INSTRUCTION NO. 12:*

**ALL AVAILABLE WITNESSES NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.[12]

GIVEN:                _____

REFUSED:              _____

MODIFIED:             _____

WITHDRAWN:            _____

---

[12] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* 105.11 (All Available Witnesses Need Not Be Produced) (5th ed. 2001).

*PROPOSED INSTRUCTION NO. 13:*

**INSTRUCTION ON BURDEN OF PROOF**

In this case, the plaintiff must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.[13]

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:        _____

---

[13] 2006 Fifth Circuit Pattern Instruction 2.20.

*PROPOSED INSTRUCTION NO. 14:*

**MULTIPLE CLAIMS OR DEFENSES / DEFINITIONS**

In this case, more than one claim and defense is involved. You must consider each claim and defense, and the evidence pertaining to it, separately, as you would have if each claim and defense had been tried before you separately.

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:      _____

*PROPOSED INSTRUCTION NO. 15:*

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.[14]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[14] 2006 Fifth Circuit Pattern Instruction 2.16.

*PROPOSED INSTRUCTION NO. 16:*

**BIAS—CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[15]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[15] 2006 Fifth Circuit Pattern Instruction 2.13.

*PROPOSED INSTRUCTION NO. 17:*

**PLAINTIFF'S SUBJECTIVE PERCEPTION NOT ENOUGH**

The plaintiff's own opinion that she was demoted is not enough to constitute an adverse employment decision.[16]

GIVEN:                  _____

REFUSED:                _____

MODIFIED:               _____

WITHDRAWN:              _____

---

[16] *Breaux v. City of Garland*, 205 F.3d 150, 160 (5th Cir. 2000); *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 221 (5th Cir. 1999); *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996).

*PROPOSED INSTRUCTION NO. 18:*

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.[17]

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

---

[17] 2006 Fifth Circuit Pattern Instruction 3.1.

*PROPOSED INSTRUCTION NO. 19:*

**FMLA DISCRIMINATION**

Ms. Clark claims she was entitled to be restored to her same position of employment, upon her return from FMLA leave, but that AMS failed to restore her to such a position.

AMS denies the plaintiff's claims and contends the plaintiff was not demoted, but was offered an equivalent position upon return from FMLA leave. AMS also contends that Ms. Clark elected not to continue her employment with AMS for reasons other than the change in position offered.

AMS also contends that it was not an "employer," as defined by the FMLA; therefore, the plaintiff was not entitled to the protections afforded by the FMLA.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, having the employer maintain certain employment benefits during leave and, once leave is completed, being restored by the employer to the position of employment the employee held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

The plaintiff was entitled to the protections afforded by the FMLA if she can prove AMS was an "employer," as defined by the FMLA. Under the FMLA, AMS was an "employer," if it employed 50 or more employees within 75 miles of its school for each working day during each of 20 or more calendar workweeks in 2009 or 2010.

If eligible, the plaintiff was entitled to take up to 12 weeks of leave in any 12-month period because of the birth of the plaintiff's child and to care for that child.

Upon return from FMLA leave, the plaintiff was entitled to be restored to the position of employment she held when the leave commenced, or to an equivalent position. An "equivalent position" is one that is virtually identical to the position the plaintiff held at the time leave commenced, with equivalent employment benefits, pay, and other terms and conditions of employment.

To prevail in this case, the plaintiff must prove by a preponderance of the evidence that:

    a.    She sought temporary leave from AMS because of the birth of her child and to care for her child;

b.      She sought to return to employment with AMS following FMLA leave; and

c.      AMS failed to restore her to the same position she held at the time FMLA leave commenced, or to an equivalent position.

In this case, it does not matter whether AMS intended to violate the FMLA. If AMS denied the plaintiff a right to which she was entitled under the FMLA, then AMS is liable, and Ms. Clark should prevail.

If Ms. Clark proves before commencing her leave of absence that she intended to return to work for AMS after delivery of her child and that AMS failed to restore her to the same or an equivalent employment position, AMS may nevertheless succeed by proving by a preponderance of the evidence that the plaintiff's same job, or an equivalent one, would no longer have been available to her at the time job restoration was sought because of reasons unrelated to the leave.[18]

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

---

[18] 2009 Fifth Circuit Pattern Instruction 11.10.2; TEX. LAB. CODE § 21.002(8).

*PROPOSED INSTRUCTION NO. 20:*

**TEXAS EMPLOYMENT DISCRIMINATION LAW – PREGNANCY DISCRIMINATION**

Plaintiff claims she was demoted because of her pregnancy.

AMS denies the plaintiff's claims and contends the plaintiff did not suffer a discriminatory adverse employment action.[19]

To succeed in this case, the plaintiff must prove the following items by a preponderance of the evidence:

a. Plaintiff was a member of a protected class (pregnant women);

b. Plaintiff at all times prior to moving or taking a leave of absence for the birth of her child intended after the leave of absence to return to employment with AMS;

c. Plaintiff suffered an adverse employment action;

d. That Plaintiff's sex/pregnancy was a determinative factor in AMS's failing to offer to reinstate Plaintiff as a guide upon return from her maternity leave;

e. Non-protected class employees were not treated similarly; and

f. The position of campus coordinator did not have similar compensation, terms, conditions and privilege as a position of guide.[20]

If Plaintiff does not prove each of these elements by a preponderance of the evidence, you must find for AMS.

Stray remarks made in the workplace by non-decision makers, without more, are not evidence of the employer's intent to discriminate.[21]

---

[19] *City of Austin Police Dept. v. Brown*, 96 S.W.3d 588, 602 (Tex. App.—Austin 2002, pet. dism'd).

[20] *Baehler v. Fritz Indus., Inc.*, 993 S.W.2d 181, 183 (Tex. App.—Texarkana 1999, pet. denied).

[21] *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 140 (Tex. App.—Fort Worth 2000, pet. denied); *Guerra v. North East Indep. School Dist.*, 496 F.3d 415, 418 (5th Cir. 2007); TEX. LAB. CODE § 21.051.

Statements and remarks may serve as evidence of employment discrimination only if they are related to the employee's protected class, close in time to the employment decision, made by an individual with authority over the employment decision, and related to the employment decision at issue.[22]

GIVEN:                _____

REFUSED:              _____

MODIFIED:             _____

WITHDRAWN:            _____

---

[22] *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008).

*PROPOSED INSTRUCTION NO. 21:*

**SEX DISCRIMINATION**

In determining whether sex was a motivating factor, "sex" includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.[23]

GIVEN:                _____

REFUSED:            _____

MODIFIED:          _____

WITHDRAWN:      _____

---

[23] Texas Pattern Jury Charges 107.15

## *PROPOSED INSTRUCTION NO. 22:*

## BUSINESS JUDGMENT

Ms. Clarke cannot prove her sex discrimination claim or her FMLA retaliation claim by showing that AMS made an incorrect or unfair decision. These statutes were not intended to allow a Plaintiff to have a jury review a business decision made by an employer regarding its operations. You are not to substitute your judgment for AMS so long as the decision was not discriminatory. You are instructed that a business judgment mistake does not in any way establish discriminatory conduct. If the only evidence that supports Ms. Clark's claims is that AMS made a mistake concerning Ms. Clark, than you must find in favor of AMS.[24]

GIVEN:             _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:         _____

---

[24] *Taylor v. Brinker International Payroll Company, L.P.,* 3:04-CV-0746-P, Doc. 125 (Court's Charge to the Jury) (N.D. Tex. Filed Mar. 10, 2006) (Solis, J.); *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 325 (5th Cir. 2002) (management mistake is not evidence of discrimination); *Montgomery Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex. 1998) (at common law an employer may discharge an employee for _good cause, bad cause, or no cause at all_); *Julian v. City of Houston,* 314 F.3d 721, 727 (5th Cir. 2002) (approving similar business judgment instruction); *Bienkowski v American Airlines, Inc.,* 851 F.2d 1503, 1507-08 (5th Cir. 1988) (same); *see also Scamardo v. Scott Co.,* 189 F.3d 707 (8th Cir. 1999) (finding refusal to give business judgment instruction reversible error).

*PROPOSED INSTRUCTION NO. 23:*

**NO PREFERENCE**

The FMLA prohibits discrimination on the basis of taking an FMLA leave. The purpose of this statute is to insure that employers do not make employment decisions concerning employees based on their having taken leave protected by the FMLA. The FMLA does not, however, require employers to give employees who have taken an FMLA leave more favorable or special treatment, as compared to others who have not taken an FMLA leave, because they have taken an FMLA leave. The fact that an employee took an FMLA leave is accorded neutral status under this statute, neither facilitating nor hindering her employment or her exposure to unfavorable employment decisions or discharge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

*PROPOSED INSTRUCTION NO. 24:*

**SUBJECTIVE BELIEF**

Ms. Clark's or another person's subjective belief that Ms. Clark was demoted because of her sex or because she exercised her right to leave under the FMLA is not enough to prove that Ms. Clarke was discriminated or retaliated against.[25]

GIVEN:               _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:           _____

---

[25] *Roberson v. Alltel Info. Servs.,* 373 F.3d 647, 654 (5th Cir. 2004) (_Roberson's _subjective belief that [he] was not selected for the [] position based upon race or age is [] insufficient to create an inference of the defendants' discriminatory intent._ _); *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) (same regarding co-workers).

30

*PROPOSED INSTRUCTION NO. 25:*

**SAME DECISION ISSUE**

If you find that AMS demoted Ms. Clark because of her sex or because of her exercise of her FMLA rights, you must then decide whether AMS would have demoted Ms. Clarke even if her sex and/or her exercise of her FMLA rights had not been a motivating factor in AMS's decision.[26]

GIVEN:                  _____

REFUSED:                _____

MODIFIED:               _____

WITHDRAWN:              _____

---

[26] 42 U.S.C. § 2000e-2(m); Tex. Labor Code § 21.125(b); TEX. PATTERN JURY CHARGES: EMPLOYMENT 107.18, p. 172 (2003) (_PJC 107.18 should be used if an employer claims that its employment decision would have been made in the absence of an impermissible motive. Tex. Lab. Code Ann. § 21.125(b)_); *Richardson v. Monitronics Intern., Inc., 434 F.3d 327 (5th Cir. 2005)* (noting the availability of a same decision defense in a mixed motive FMLA retaliation case); *Price Waterhouse v. Hopkins, 490 U.S. 228, 242 (1989)* ( _an employer shall not be liable if it can prove that, even if it had not taken [an impermissible factor] into account, it would have come to the same decision regarding a particular person._) (plurality opinion); *id.* at 244-45 (upon an initial finding of discrimination, _the defendant may avoid a finding of liability ... by proving that it would have made the same decision even if it had not allowed [an impermissible criteria] to play such a role._) (plurality opinion); *id.* at 259 (an employer may avoid liability by proving _ _by a preponderance of_ the evidence that it would have reached the same decision ... in the absence of the unlawful motive_) (White, J., concurring in the judgment); *id.* at 277-78 (also adopting this _same decision_ affirmative defense) (O'Connor, J., concurring in the judgment).

31

*PROPOSED INSTRUCTION NO. 26:*

**CONSIDER DAMAGES ONLY IF NECESSARY**

If Ms. Clark has proven her claim against AMS by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that AMS is liable and that the plaintiff is entitled to recover money from AMS.[27]

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

---

[27] 2009 Fifth Circuit Pattern Instruction 15.1.

32

*PROPOSED INSTRUCTION NO. 27:*

**DAMAGES (GENERAL)**

If you find that Ms. Clark has proved any of her claims, then you must determine the amount of damages - in other words, money - if any, to which Ms. Clark may be entitled.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Ms. Clark should, or should not, win this case. It is your first task to decide whether AMS is liable. I am instructing you on damages only so that you will have guidance in the event you decide that AMS is liable and that Ms. Clark is entitled to recover money from AMS.

I will give you instructions about economic damages. The purpose of awarding economic damages is to restore a victim of discrimination to the position she would have been in _but for_ the intervening discrimination of her employer. You may consider only those losses caused by the discriminatory conduct of the employer.[28]

GIVEN:                    _____

REFUSED:                _____

MODIFIED:              _____

WITHDRAWN:          _____

---

[28] Fifth Circuit, *Pattern Jury Instructions* 2.22 (Cautionary Instruction on Damages) & 15.2 (Compensatory Damages) (2005); *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 560 & n.13 (5th Cir. 1998) (noting the _make whole_ remedial purpose of employment discrimination statutes); *Tyler v. Union Oil Co. of California,* 304 F.3d 379, 401 (5th Cir. 2002) (_The purpose of ADEA back pay compensation is to restore the plaintiff to the position he would have been in absent the discrimination._); *see also Nero v. Indus. Molding Corp.,* 167 F.3d 921, 930 (5th Cir. 1999) (generally discussing damages available under the FMLA and noting that the FMLA allows for the recovery of lost compensation but not out-of-pocket expenses that cannot be characterized as lost compensation).

*PROPOSED INSTRUCTION NO. 28:*

**ECONOMIC DAMAGES (DEFINITIONS)**

If you find that Ms. Clark has proved any of her claims, you must decide whether she is entitled to recover economic damages. The purpose of economic damages is to reasonably compensate Ms. Clark for any lost wages or benefits that she proves she would have received, had she not been discriminated against, from the date of her discharge to the date of trial. This is called _back pay._ You must not award back pay damages more than once for the same time period. A plaintiff is only entitled to be made whole once, and may not recover more than he or she has lost. An award of back pay may not be based on speculation or sympathy or be awarded to punish a party.

Lost wages should be calculated based upon Ms. Clark's salary at the time of her discharge, rather than upon projections of possible salary increases, unless you can determine with reasonable certainty what her salary increases would have been.

Back pay may include losses she suffered because she no longer had fringe benefits that AMS offered. However, as to any insurance and other similar benefit that she no longer had after her discharge, Ms. Clark can only recover the expenses she actually incurred either from buying replacement coverage or from having to pay for losses that an AMS benefit would have paid.

If you find that Ms. Clark has not proven by a preponderance of the evidence any of the elements of her alleged economic damages claim, you should not speculate or guess at her damages.[29]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[29] Fifth Circuit, *Pattern Jury Instructions* 15.14 (2005); *Thorson v. Gemini, Inc., 205 F.3d 370, 384 (8th Cir. 2000)* (affirming denial of overtime pay when such an award _would be little more than guesswork_); *Merriweather v. Hercules, Inc., 631 F.2d 1161, 1168 (5th Cir. 1980)* (recognizing discretion of district court to deduct from equitable back pay award unemployment compensation benefits received by plaintiff and affirming court's deduction of same); *Pearce v. Carrier Corp., 966 F.2d 958, 959 (5th Cir. 1992)* (holding that an _ADEA claimant is limited to recovery of those expenses actually incurred by either replacement of the lost insurance or occurrence of the insured risk_).

*PROPOSED INSTRUCTION NO. 29:*

**ECONOMIC DAMAGES (INSTRUCTIONS)**

If you determine that Ms. Clark is entitled to lost economic damages, you must reduce the loss by the amount of Ms. Clark's interim earnings - i.e., earnings from any employment or self-employment or any unemployment compensation benefits - that Ms. Clark received from the date of her resignation from AMS until today.[30]

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

---

[30] *Brunnemann v. Terra Intern., Inc.*, 975 F.2d 175, 179 n.7 (5th Cir. 1992) (_Courts uniformly offset interim earnings from back pay awards to make the plaintiff whole, yet avoid windfall awards._).

*PROPOSED INSTRUCTION NO. 30:*

**DAMAGES**

If you find that AMS is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore her to the position she would have been in if the incident made the basis of this lawsuit had not happened.[31]

GIVEN:               _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:           _____

---

[31] 2006 Fifth Circuit Pattern Instruction 4.8.

*PROPOSED INSTRUCTION NO. 31:*

**FMLA DAMAGES**

If you found that AMS violated the FMLA, then you must determine whether AMS has caused the plaintiff damages and, if so, you must determine the amount, if any, of those damages.

The plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, the plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: any wages, salary, employment benefits, or other compensation denied or lost because of AMS' violation of the FMLA.

Wages, salary, and benefits include the amounts the evidence shows the plaintiff would have earned had she remained a guide, and includes fringe benefits such as life and health insurance, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, AMS proves by a preponderance of the evidence, the plaintiff received in the interim.[32]

Finally, the FMLA does not allow the plaintiff to recover for any punitive damages, mental or emotional distress, or pain and suffering that may have been caused by a violation of the Act. So I instruct you that you are not to award the plaintiff any damages for emotional distress or pain and suffering if you find for the plaintiff only on her FMLA claim.[33]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[32] 2009 Fifth Circuit Pattern Instruction 11.10.3.
[33] 29 U.S.C. § 2617(a)(1).

*PROPOSED INSTRUCTION NO. 32:*

**TEXAS EMPLOYMENT DISCRIMINATION LAW DAMAGES**

If you found that AMS violated the Texas Employment Discrimination Law (TEDL), then you must determine whether AMS has caused the plaintiff damages and, if so, you must determine the amount, if any, of those damages. Damages awarded under the TEDL may be of different type than under the FMLA. However, at no time should you duplicate damages if you find for the plaintiff on both of her claims.

The plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits,[34] and (2) compensatory damages, which include emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.[35]

Back pay includes the amounts the evidence shows the plaintiff would have earned had she remained an employee of AMS minus the amounts of earnings, workers' compensation benefits, and unemployment benefits, if any, AMS proves by a preponderance of the evidence, the plaintiff received in the interim. Back pay includes amounts she expended to replace fringe benefits such as life and health insurance, contributions to retirement, or any amounts she expended that she would not have expended had she remained employed.[36]

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate the plaintiff for any injury she has allegedly sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.[37]

To support an award of mental anguish damages, a plaintiff must present either direct evidence of the nature, duration, and severity of her mental anguish, establishing a substantial interruption in her daily routine, or evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger.[38]

---

[34] *Borg-Warner Protective Services Corp. v. Flores*, 955 S.W.2d 861, 867 (Tex. App.—Corpus Christi 1997, no pet.).

[35] *Autozone, Inc. v. Reyes*, 272 S.W.3d 644, 655 (Tex. App.—Corpus Christi 2006), *rev'd on other grounds*, 272 S.W.3d 588 (Tex. 2008).

[36] TEX. LAB. CODE § 21.258(c), 21.2585(a)(2).

[37] TEX. LAB. CODE § 21.2585(c).

[38] *Haggar Apparel Co. v. Leal*, 100 S.W.3d 303, 313–14 (Tex. App.—Corpus Christi 2002), *rev'd on other grounds*, 154 S.W.3d 98 (Tex. 2004).

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

*PROPOSED INSTRUCTION NO. 36:*

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.[39]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[39] 2006 Fifth Circuit Pattern Instruction 2.11.

*PROPOSED INSTRUCTION NO. 37:*

**INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. You may render your verdict upon the vote of ten or more members of the jury. After you have reached a verdict, your foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.[40]

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

---

[40] 2006 Fifth Circuit Pattern Instruction 2.12.

*PROPOSED INSTRUCTION NO. 38:*

**POST-ARGUMENT INSTRUCTIONS ON JURY DELIBERATIONS**

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in this case. You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You will now retire to the jury room. In a few minutes I will send you this charge and the exhibits the Court has admitted into evidence. Upon receiving the exhibits and charge, you should select a Foreperson and commence deliberations. During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case. After you have reached your unanimous verdict, your Foreperson is to fill in your answers to the questions and sign and date the verdict form.

If you want to communicate with me at any time, please give a written message signed by the Foreperson to the bailiff, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at any time unless I specifically instruct you.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions. Do not reveal your answers to anyone

42

besides other members of the jury until such time as you are discharged, unless otherwise directed by me.[41]

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

---

[41] Fifth Circuit, *Pattern Jury Instructions* 2.11 (Duty to Deliberate), 3.1 (General Instructions) (2005).

## SPECIAL VERDICT FORM

Five or more members of the jury must agree on all the answers to all the questions.

## FMLA DISCRIMINATION

### *PROPOSED QUESTION NO. 1:*

Did Plaintiff seek temporary leave from AMS because of the birth of her child and to care for her child?

Answer "Yes" or "No."

Answer:_____

*PROPOSED QUESTION NO. 2:*

Did Plaintiff seek to return to her employment with AMS following FMLA leave?

Answer "Yes" or "No."

Answer:_____

*PROPOSED QUESTION NO. 3:*

Did Austin Montessori School fail or refuse to restore Plaintiff to her same or an equivalent job position upon Plaintiff's return from FMLA leave?[42]

Answer "Yes" or "No."

Answer:_____

---

[42] 2009 Fifth Circuit Pattern Instruction 11.10.2.

If you answered "Yes" to Question Nos. 1, 2 and 3, then proceed to Question No. 4. Otherwise, do not answer Question No. 4.

### *PROPOSED QUESTION NO. 4:*

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Austin Montessori School caused Plaintiff?[43]

Answer in dollars and cents for the following items and none other:

Wages, salary, employment benefits, or other compensation denied or lost:

Answer:_____

Proceed to answer Question No. 5.

---

[43] 2009 Fifth Circuit Pattern Instruction 11.10.3.

## TEXAS EMPLOYMENT DISCRIMINATION

### *PROPOSED QUESTION NO. 5:*

Did Caroline Clark suffer an adverse employment action when AMS offered her the campus coordinator position instead of a guide position?[44]

> An adverse employment action means an ultimate employment decision, such as hiring, granting leave, discharging, promoting, and compensating.[45]
> Answer "Yes" or "No."
>
> Answer:_____

---

[44] In order to show a prima facie case of employment discrimination, the plaintiff must show (1) that she was a member of a protected class, (2) that she suffered an adverse employment action, and (3) that nonprotected class employees were not treated similarly. *Baehler v. Fritz Indus., Inc.*, 993 S.W.2d 181, 183 (Tex. App.—Texarkana 1999, pet. denied).

[45] *Ptomey v. Texas Tech Univ.*, 277 S.W.3d 487, 492 (Tex. App.—Amarillo 2009, pet. denied).

If you answered "Yes" to Question No. 5, then answer Question 6. Otherwise, do not answer Question 6.

### PROPOSED QUESTION NO. 6:

Was sex (pregnancy) a motivating factor in AMS's decision to offer Caroline Clark the campus coordinator position instead of a guide position?[46]

> A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.
>
> In determining whether sex was a motivating factor, "sex" includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition."[47]

Answer "Yes" or "No."

Answer:_____

---

[46] Texas Pattern Jury Charge 107.6; *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 375 (Tex. App.— Fort Worth 2006, no pet.) ("A plaintiff pursuing a claim under the TCHRA must also show that discrimination was a motivating factor in an adverse employment decision.").
[47] Texas Pattern Jury Charge107.15.

*PROPOSED QUESTION NO. 7*:

If your answer to Question No. 6 is "Yes," then answer the following question. Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Caroline Clark for her damages, if any, that resulted from such conduct?[48]

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer in dollars and cents for damages, if any.

    a.    Back pay.

"Back pay" is that amount of wages and employment benefits that Caroline Clark would have earned if she had not been subjected to her employer's unlawful conduct less any wages, unemployment compensation benefits or worker's compensation benefits she received in the interim.

"Employment benefits" include sick-leave pay, vacation pay, profit-sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

    Answer: _____

    b.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    Answer: _____

    c.    Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    Answer: _____

---

[48] Texas Pattern Jury Charge 115.30.

Respectfully submitted:


Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
Robert M. Smith
Texas State Bar No. 18677400
rsmith@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2013, a true and correct copy of the foregoing was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

Bryan P. Marshall

53