IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CLARK

    PLAINTIFF

V.                                                                C.A. NO. A-12-CV-007-SS

AUSTIN MONTESSORI SCHOOL, INC.

    DEFENDANT

## DEFENDANT'S PROPOSED STIPULATIONS OF FACT

1. Austin Montessori School ("AMS") is a Montessori School known for its strict adherence to the American Montessori Institute ("AMI") standards.

2. At a Montessori, the students' work is at individual's own pace, and relies on a one-to-one relationship with the teachers.

3. The teachers, known as "guides" in the Montessori system, must be AMI-trained and must be able to commit to providing normalization, stability and continuity for the classroom.

4. Caroline Clark ("Ms. Clark") learned that she was pregnant in February 2010.

5. Ms. Clark expressed her intent to take maternity leave from October 2010 until January 2011.

6. No one at AMS was available to take over and substitute as a guide for Ms. Clark during the time that she wanted to take leave.

7. When Ms. Clark's pregnancy was announced, the parents became worried about the continuity of her class.

8. No one at Austin Montessori treated Ms. Clark differently after she told them about her pregnancy and intention to leave.

9. AMS offered Ms. Clark the job as campus coordinator.

10. At the time that Ms. Clark announced that she was moving, AMS had a pending offer to Ms. Clark for the following school year as a campus coordinator.

11. The position of campus coordinator would provide Ms. Clark with exposure and experience in the system.

12. The position of campus coordinator would allow Ms. Clark the leave she requested and the flexibility to care for her newborn upon return.

13. The May 14, 2010 offer made to Ms. Clark did not involve any reduction in salary or benefits.

14. The May 14, 2010 offer to Ms. Clark included free tuition for her son at AMS.

15. If she had accepted the campus coordinator position, Ms. Clark would have been allowed to bring her newborn baby to campus while she worked.

16. The reassignment to work as campus coordinator was not considered permanent.

17. Ms. Clark was told if there was a position available that she could return as a guide the following year.

18. Ms. Clark rejected the May 14 offer and moved to Dallas when her contract ended at the end of June 2010.

19. In early 2010, Ms. Clark and her husband were trying to get out from under their house note for the house located at 1807 Tartar Way, Austin, Texas.

20. Prior to May 14, 2010, Ms. Clark and her husband discussed moving back to Dallas because of financial reasons.

21. Ms. Clark never read the May 14, 2010 written job offer for the campus coordinator position prior to filing her lawsuit.

22. Ms. Clark and her husband, Adam, listed their house located at 1807 Tartar Way, Austin, Texas 78733 for sale on December 22, 2009.

Respectfully submitted:

_____
Stephanie O'Rourke
Texas State Bar No. 15310800
sorourke@cbylaw.com
Bryan P. Marshall
Texas State Bar No. 24034552
bmarshall@cbylaw.com
Robert M. Smith
Texas State Bar No. 18677400
rsmith@cbylaw.com
COKINOS, BOSIEN & YOUNG
10999 West IH-10, Suite 800
San Antonio, Texas  78230
T (210) 293-8700
F (210) 293-8733

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, a true and correct copy of the foregoing was filed with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Russell Scott Cook
Melissa A. Jacobs
THE COOK LAW FIRM
919 Congress Avenue, Suite 1145
Austin, Texas 78701
ATTORNEYS FOR PLAINTIFF

Bryan P. Marshall