IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-12-CA-007-SS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Caroline Clark ("Plaintiff"), moves in limine, prior to the voir dire examination and out of the presence and hearing of the jury panel, that this Court order all parties, attorneys, and witnesses not to mention, refer, or in any manner whatsoever inform the jury of, directly or indirectly, during voir dire, trial, or at any time in the presence of the jury or the jury panel, any of the matters in the paragraphs set forth below, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury or jury panel, and a favorable ruling is received as to the admissibility and relevance of such matters.

That further, counsel for the Defendant be specifically instructed to inform and counsel with all witnesses called by the Defendant and in the control of the Defendant, not to volunteer, inject, disclose, state or mention to the jury any of the below enumerated matters, unless specifically questioned thereon after prior ruling by the Court.

1

1. Any mention, reference, or testimony to the defense of bona fide occupational qualification ("BFOQ") as justification for Defendant's employment decisions with respect to Plaintiff, including but not limited to: customer preference, the effect of pregnancy and leave on Defendant's operations, reputation, or finances, and promises to parents as they relate to Defendant's actions with respect to Plaintiff. BFOQ is an affirmative defense that Defendant has failed to plead.[1] Also, such a defense is not relevant to Plaintiff's FMLA claims. FED. R. EVID. 401; 402; 403.

    GRANTED_____        DENIED_____

2. Any mention, reference, or testimony to business necessity or business need as justification for Defendant's employment decisions with respect to Plaintiff. Business necessity is an affirmative defense that Defendant has failed to plead, and is statutorily unavailable to Defendant.[2] Also, such a defense is not relevant to Plaintiff's FMLA claims.[3] FED. R. EVID. 401; 402; 403.

    GRANTED_____        DENIED_____

---

[1] *See* TEX. LABOR CODE § 21.119. *See also* Docket Entry No. 24, Plaintiff's Response to Defendant's Objections and Surreply to Defendant's Motion for Summary Judgment, p.5; Docket Entry No. 49, Plaintiff's Supplementary Briefing (discussing BFOQ defense).

[2] *See* TEX. LABOR CODE § 21.123 ("A demonstration that an employment practice is consistent with business necessity may not be used as a defense under this chapter against a complaint of intentional discrimination."). The corresponding federal statute is 42 U.S.C.A. § 2000e-2(k)(2). In *Gordon v. JKP Enterprises Inc.*, 35 Fed.Appx. 386, at *3 (5th Cir. 2002), the Fifth Circuit explained that "[b]usiness necessity is a defense to disparate impact analysis, and not to cases of overt discrimination or disparate treatment." *Id*. (citing 42 U.S.C.A. § 2000e-2(k)(2); other citations omitted). *See also* Docket Entry No. 24, Plaintiff's Response to Defendant's Objections and Surreply to Defendant's Motion for Summary Judgment, p.4-5.

[3] *See also* Docket Entry No. 24, Plaintiff's Response to Defendant's Objections and Surreply to Defendant's Motion for Summary Judgment, p.5-6.

3. Any mention, reference, or testimony to undue hardship as justification for Defendant's employment decisions with respect to Plaintiff, as there is no statutory basis or precedent for applying an undue hardship defense in the context of the pregnancy discrimination and FMLA retaliation claims at issue in this lawsuit.[4]  FED. R. EVID. 401; 402; 403.

    GRANTED_____    DENIED_____

4. Any mention that no one was available to replace Plaintiff in the classroom, or that her classroom would have been empty if she had taken maternity leave.  These topics are not relevant to Plaintiff's FMLA claims, or to her pregnancy discrimination claim, in light of Defendant's failure to plead the defenses of business necessity and BFOQ.  FED. R. EVID. 401; 402; 403.

    GRANTED_____    DENIED_____

5. Any mention, reference, or testimony regarding Defendant's opinions with respect to the effect of a teacher's leave on children, the effect of leave on continuity and/or consistency in the classroom and students, and what is in the best interest of the children, and that Defendant is in the best position to determine such issues.  These topics are not relevant to Plaintiff's FMLA claims, or to her pregnancy discrimination claim, in light of Defendant's failure to plead the defenses of business necessity and BFOQ.  FED. R. EVID. 401; 402; 403.  Also, Defendant has not designated an expert on these topics.  FED. R. EVID. 701; This Court's Scheduling Order, ¶ 5.

---

[4] *See id*. at p.6-7.

    GRANTED_____    DENIED_____

6. Any mention, reference, or testimony regarding Adam Clark's opinions with respect to the effect of leave on children, the effect of leave on continuity and/or consistency in the classroom and students, and what is in the best interest of the children, and that Defendant is in the best position to determine such issues.  These topics are not relevant to Plaintiff's FMLA claims, or to her pregnancy discrimination claim, in light of Defendant's failure to plead the defenses of business necessity and BFOQ. FED. R. EVID. 401; 402; 403.  Also, Defendant has not designated Adam Clark as an expert on these topics.  Fed. R. Evid. 701; This Court's Scheduling Order, ¶ 5.

    GRANTED_____    DENIED_____

7. Any mention, reference, or testimony to the effect that Plaintiff has failed to mitigate her damages, as that is an affirmative defense that Defendant has failed to plead.[5]

    GRANTED_____    DENIED_____

---

[5] *E.E.O.C. v. Service Temps, Inc.*, 679 F.3d 323, 334, n.30 (5th Cir. 2012):
> This Court has repeatedly referred to failure to mitigate as an affirmative defense, *see, e.g.*, *Jackson v. Host Int'l, Inc.*, 426 Fed.Appx. 215, 224 (5th Cir. 2011) (unpublished) (per curiam); *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 537 (5th Cir. 2009), and therefore the district court did not abuse its discretion by granting the EEOC's motion in limine to exclude evidence of failure to mitigate at trial, *see Vanhoy v. United States*, 514 F.3d 447, 450 (5th Cir. 2008) (requiring that affirmative defenses must generally be "set forth in a defendant's responsive pleading" or else the defendant waives them); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (reviewing the grant of a motion in limine for abuse of discretion).

8. Any explanation for discrepancies between Defendant's Internal Revenue Service Form 941s and Texas Workforce Commission Quarterly Reports.[6]

    GRANTED_____          DENIED_____

9. Any explanation for inaccuracies in Defendant's Internal Revenue Service Form 941s and Texas Workforce Commission Quarterly Reports.[7]

    GRANTED_____          DENIED_____

10. Any testimony of Donna Romine. FED. R. EVID. 401; 402; 403. Defendant had previously indicated that this witness lived out-of-state, and had not provided her contact information, despite acknowledging that Defendant could have obtained such

---

[6] Defendant's corporate representative could not explain discrepancies in the IRS forms and the TWC reports, despite being designated to testify on that topic. *See* Exhibit 1, Deposition of Defendant's Corporate Representative, p.28:10-30:22; Exhibit 2, Plaintiff's Notice of Intention to Take Oral Deposition of the Corporate Representative of Austin Montessori School, Inc., Items Nos. 13-14. Any presentation of testimony on this topic therefore should be prohibited. *See, e.g.*, *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D.D.C. 1998) ("Rule 30(b)(6) 'aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case.'"); *United States v. J.M. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial."); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991) (quoting *Fed. Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 201 (E.D. Tenn. 1986)).

[7] Defendant was designated to testify as to the numbers listed in Defendant's IRS Form 941s and TWC quarterly reports, and to provide the employee names included in that number. *See* Exhibit 2, Plaintiff's Notice of Intention to Take Oral Deposition of the Corporate Representative of Austin Montessori School, Inc., Items Nos. 9-12. Defendant's corporate representative had not reviewed Defendant's IRS Form 941s or TWC reports, and could not testify as to those topics. *See* Exhibit 1, Corp. Rep. Depo., p.28:10-30:22; p.11:23-12:3; 29:15-31:2; 191:3-11.

information.[8]  Then, for the first time on May 17, 2013, Defendant disclosed contact information for this witness with an Austin, Texas address.  FED. R. CIV. P. 26(c)(1).

        GRANTED_____        DENIED_____

11. Any mention of Defendant's loan to Plaintiff.  FED. R. EVID. 401; 402; 403.

        GRANTED_____        DENIED_____

12. Any mention of the mortgage on the Austin home of Plaintiff and her spouse, or the foreclosure on that home.  FED. R. EVID. 401; 402; 403.

        GRANTED_____        DENIED_____

13. Any mention of Adam Clark's financial difficulties.  FED. R. EVID. 401; 402; 403.

        GRANTED_____        DENIED_____

14. Any evidence or mention that the Plaintiff has been involved in any other civil lawsuit or judicial proceeding or has settled any claim.  FED. R. EVID. 401; 402; 403.

        GRANTED_____        DENIED_____

15. Any evidence or mention that Adam Clark has been involved in any other civil lawsuit or judicial proceeding or has settled any claim.  FED. R. EVID. 401; 402; 403.

        GRANTED_____        DENIED_____

---

[8] *See* Exhibit 3, Deposition of Dawn Glasgow, p.34:22-35:6.

16. Any mention, reference, or testimony regarding Adam Clark's opinions with respect to whether Defendant had a legitimate basis for not renewing Plaintiff's teaching contract, as Defendant has not designated Adam Clark as an expert on this topic. FED. R. EVID. 701; This Court's Scheduling Order, ¶ 5.

    GRANTED_____        DENIED_____

17. Any mention, reference, or testimony regarding Adam Clark's opinions with respect to whether Defendant's offer of the campus coordinator position was reasonable, as Defendant has not designated Adam Clark as an expert on this topic. FED. R. EVID. 701; This Court's Scheduling Order, ¶ 5.

    GRANTED_____        DENIED_____

18. Any mention or reference to the EEOC's Dismissal and Notice of Rights letter issued in this case. FED. R. EVID. 403; *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-02 (5th Cir. 1992).

    GRANTED_____        DENIED_____

Wherefore, premises considered, Plaintiff respectfully prays that this motion be granted and an appropriate order of this Court entered pursuant hereon.

                Respectfully Submitted,

                THE COOK LAW FIRM

                /s/ Melissa A. Jacobs
                _____
                Russell Scott Cook
                State Bar No. 24040724
                scook@rcooklaw.com
                Melissa A. Jacobs
                State Bar No. 24046144
                mjacobs@rcooklaw.com
                919 Congress Avenue, Suite 1145
                Austin, TX 78701
                Telephone: (512) 482-9556
                Telecopier: (512) 597-3172

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st of May 2013, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie O'Rourke
Bryan P. Marshall
J. Michael Ezzell
Cokinos Bosien & Young
l0999 West IH-10, Ste. 800
San Antonio, TX 78230

                /s/ Melissa A. Jacobs
                _____
                Melissa A. Jacobs